| | | |
|---|---|---|
| STATE OF LOUISIANA | | CRIMINAL DISTRICT COURT |
| VERSUS | FILE COPY 9-15-16 MKG | PARISH OF ORLEANS |
| MATTHEW TOTARO | | NUMBER: 523930 DIV: J |

## MOTION TO QUASH DISTRICT ATTORNEY SUBPOENA

NOW INTO COURT, through undersigned counsel, come Nicholette Gilbert and ▮ a minor child, who respectfully represent as follows:

1.

On September 14, 2016, the State of Louisiana moved this court pursuant to La. Code Crim. Proc. Art. 66 to issue witness subpoenas to the above-named parties. Those motions contained pre-prepared orders requiring the parties to appear at the office of the Orleans Parish District Attorney at 9:00AM on September 15, 2016.

2.

The above-captioned case is set for trial on September 26, 2016, and is currently stayed pending appellate review of a pretrial ruling. The state made no showing of exigent circumstances which would make necessary the appearance of these witnesses within fewer than 24 hours.

3.

The State of Louisiana was notified that Ms. Gilbert and ▮ were represented by counsel.

4.

Rather than attempt service through counsel of record, the state directly contacted ▮ by appearing at her high school and having her removed from class to attempt personal service. ▮'s parents or guardians were not notified.

5.

Regarding subpoenas requested by the district attorney pursuant to La. Code Crim. Proc. Art. 66, the Supreme Court of Louisiana has held that "a person subpoenaed or ordered to appear may at any time seek protection by the court from hardship or abuse of process by moving to modify or quash the subpoena or order," and that "the court shall vacate or modify the subpoena if it is unreasonable or oppressive." *State v. Lee*, 976 So.2d 109, 124 fn9, La. 2008.

6.

The subpoenas at issue cause undo hardship because the witnesses are required to appear without sufficient notice, and are therefore unable to arrange for transportation, childcare, counsel, and


EXHIBIT 5

are likewise unable to mitigate the disruption caused by failing to appear to work and school, respectively.

7.

The state's behavior evidences an abuse of process because it failed to employ less disruptive means in attempting to effect service on ▮ before forcibly removing her from her classroom and initiating an interview outside the presence of her guardian and her lawyer.

WHEREFORE, Nicholette Gilbert and ▮ move this court to quash the subpoenas issued on September 14, 2016 because they are unreasonable and oppressive. They further move this court to order the State of Louisiana not to contact these witnesses directly in connection with the above-captioned case, but to direct all communications in this matter to their attorney of record.

Respectfully Submitted,

David Anderson, #34423
402 N. Jefferson Ave.
Covington, LA 70433
(985) 892-5002
danderson@northshoredefenders.org



STATE OF LOUISIANA                    CRIMINAL DISTRICT COURT

VERSUS                                PARISH OF ORLEANS

MATTHEW TOTARO                        NUMBER: 523930   DIV: J

### ORDER

Considering the foregoing motion,

**It is hereby ordered** that the Article 66 subpoenas issued on September 14, 2016 for Nicholette Gilbert and the minor ▮ are hereby quashed.

**It is further ordered** that the State of Louisiana contact these witnesses only through their counsel of record in this matter.

New Orleans, Louisiana this ____ day of _____, 2016

_____
JUDGE

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing motion to the District Attorney for the Parish of Orleans by hand delivery, this 15 day of SePT_____, 2016.

_____

