UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON,<br>MARC MITCHELL,<br>LAZONIA BAHAM,<br>JANE DOE,<br>TIFFANY LACROIX,<br>FAYONA BAILEY,<br>JOHN ROE, and<br>SILENCE IS VIOLENCE,<br><br>       *Plaintiffs*,<br><br>              v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity;<br><br>DAVID PIPES,<br>IAIN DOVER,<br>JASON NAPOLI,<br>ARTHUR MITCHELL,<br>TIFFANY TUCKER,<br>MICHAEL TRUMMEL,<br>MATTHEW HAMILTON,<br>INGA PETROVICH,<br>LAURA RODRIGUE,<br>SARAH DAWKINS, and<br>JOHN DOE,<br>in their individual capacities;<br><br>       *Defendants*. | CIVIL ACTION NO. 2:17-cv-10721<br><br>JUDGE: JANE TRICHE MILAZZO<br><br>MAGISTRATE: JANIS VAN MEERVELD |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit as supplemental authority in support of their Consolidated Opposition to Defendants' Motion to Dismiss (Doc. 67) the attached opinion in the case of *Burns v. Martuscello, Jr., et al.,* Docket No. 15-1631, issued by the United States Court of Appeals for the Second Circuit on May 9, 2018, the day this Court heard oral argument on the Defendant's

1

Joint Motion to Dismiss. The Second Circuit's opinion in *Burns* provides helpful authority for Plaintiffs' First Amendment Claims.

In that case, plaintiff Mark Burns, a New York state prisoner, sued various prison officials under 42 U.S. Code § 1983 for violations of his First Amendment rights, specifically his right to refuse to provide false information to the government and his right not to serve as a prison informant. Prison guards had asked Burns to act as a "snitch" against his fellow prisoners and to provide false information concerning a work-related injury he experienced at the prison. The guards told Burns that they would send him to protective custody if he refused to comply with their demands. When Burns refused, they delivered on the threat. *Burns v. Martuscello*, No. 15-1631, 2018 WL 2122377, at *1-*2 (2d Cir. May 9, 2018). The Court held that the prison officials' conduct violated the plaintiff's First Amendment rights in both scenarios. *Id.* at *1.

Relying on long-established First Amendment principles, the Second Circuit found that the plaintiff's First Amendment right not to serve as a prison informant was "akin to the right, enjoyed by members of the public at large, to decline to participate in police questioning." *Id.* at *9. In addition, the court explained, "the First Amendment right not to speak protects the right to refuse to make false statements to the government." *Id.* at *5. The court also noted that "the protections of the First Amendment are hardly confined to political speech." *Burns*, at *5.

In reaching its conclusion, the court emphasized that "compelled speech presents a unique affront to personal dignity." *Id.* at *4. The court explained, "[T]he right *not* to speak may be abrogated only under carefully policed circumstances. As the Supreme Court has explained, between compelled silence and compelled speech, compelled speech is the more serious incursion on the First Amendment." *Id.* (emphasis in original).

The court rejected the defendants' argument that the First Amendment is not implicated when a person provides information to government officials. The court explained, "First Amendment rights are clearly at stake when a person gives evidence." *Burns*, at *10. It also noted that, even when a witness is validly subpoenaed, there are constraints on the government's power to compel testimony. For example, "[a] subpoena can be contested, and a court may quash or limit the scope of the subpoena if it is overbroad, or otherwise abusive of an individual's rights and privileges." *Id.* at *11.

While the general First Amendment principles in *Burns* are not controversial, *Burns* involved the application of these principles inside the prison walls, where "an inmate's constitutional liberties are necessarily limited." *Id* at *5. Thus, the court found that the prison officials, sued in their individual capacities, were entitled to qualified immunity because it had not previously been clear that *prisoners* retained the First Amendment rights available to the public at large. *See Burns* at *12 (reasoning that "neither the Supreme Court nor any other circuit court has yet to decide whether a prisoner holds a right not to serve as an informant"); *see also id.* at *5 (explaining that, although prisoners "clearly retain protections afforded by the First Amendment, the Constitution sometimes permits greater restriction of such rights in a prison than it would allow elsewhere.") (citations omitted).

Respectfully submitted this 31st day of May, 2018,

| | |
|---|---|
| /s/ Anna Arceneaux | Katherine Chamblee-Ryan* |
| Anna Arceneaux | Alec Karakatsanis |
| Admitted *pro hac vice* | Admitted *pro hac vice* |
| American Civil Liberties Union Foundation | Civil Rights Corps |
| 201 West Main Street, Suite 402 | 910 17th Street NW |
| Tel. (919) 682-5159 | Washington, D.C. 20006 |
| aarceneaux@aclu.org | Tel. (202) 656-5198 |
| | katie@civilrightscorps.org |
| | alec@civilrightscorps.org |

Somil Trivedi  
Admitted *pro hac vice*  
American Civil Liberties Union Foundation  
915 15th St., NW  
Washington, DC 20005  
Tel. (202) 715-0802  
strivedi@aclu.org  

Bruce Hamilton  
La. Bar No. 33170  
ACLU Foundation of Louisiana  
P.O. Box 56157  
New Orleans, LA 70156  
Tel. (504) 522-0628  
bhamilton@laaclu.org  

COUNSEL FOR PLAINTIFFS

*Not licensed in the District of Columbia, practice subject to D.C. App. R. 49(c)(8), with supervision by Alec Karakatsanis, a member of the D.C. Bar.

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 31st day of May, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and that service will be provided through the CM/ECF system.

/s/Anna Arceneaux