UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>    *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

The Defendants respectfully submit as supplemental authority in support of their Joint Motion to Dismiss (Doc. No. 63) the attached opinion of *Moon v. City of El Paso*, 906 F.3d 352 (5th Cir. 2018), issued by the U.S. Court of Appeals for the Fifth Circuit on October 15, 2018. This authority is relevant to the defense of absolute prosecutorial immunity asserted in the Defendant's Motion.

The Defendants contend that all of the claims against the Individual Defendants "are barred by absolute prosecutorial immunity because they concern activities that are intimately associated with the judicial phase of the criminal process." Doc. No. 63-1 at 10. The Plaintiffs have argued, however, that "absolute immunity does not shield conduct that is investigative or administrative

1

in nature, which is the conduct at issue in this case." Doc. No. 67 at 8. Accordingly, the Plaintiffs argue that much of the alleged misconduct in this case—such as sending allegedly "fraudulent" subpoenas to witnesses, threatening witnesses who would not comply, and obtaining material-witness warrants—falls outside the scope of absolute prosecutorial immunity because it was done for "investigative" purposes. *See* Doc. No. 67 at 16–22. They further argue that other alleged misconduct—such as "facilitating" the prolonged detention of a witness—does not give rise to absolute immunity because it was "administrative." *See id.* at 22–23.

The Fifth Circuit's recent decision in *Moon* provides further support for the Defendants' argument that absolute immunity applies to all of the conduct alleged in this case, even if it might be described as "investigative" or "administrative" in some sense. Specifically, the Fifth Circuit held that "the broad scope of absolute prosecutorial immunity may even reach an *apparently* administrative or investigative function if that function 'require[s] legal knowledge and the exercise of related discretion.'" *Moon*, 906 F.3d at 359 (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009)).

The plaintiff in that case sued a Texas prosecutor who allegedly made a false statement about evidence in briefing responding to the plaintiff's habeas corpus petition and failed to inform the plaintiff about the results of DNA testing after his habeas petition had been denied. *Moon*, 906 F.3d at 359–60. The Fifth Circuit explained that when the prosecutor opposed the habeas petition, "he did so as a legal advocate for the State of Texas," a role that "continued . . . during post-conviction proceedings." *Id.* at 360. The Fifth Circuit further explained that, even **after** the conclusion of the habeas proceedings, when the DNA results returned, the prosecutor "determined, based on his legal knowledge and experience, that the results were 'non-exculpatory'" and "exercised his discretion by deciding not to pursue the matter any further." *Id.* The Fifth Circuit

2

noted that the prosecutor's "decision-making process—whether to turn over non-exonerative post-conviction evidence—was precisely the type of prosecutorial function the Supreme Court envisioned in *Van de Kamp*." *Id.* Accordingly, the Fifth Circuit held that all claims against the prosecutor were barred by absolute immunity. *Id.*

The claims against the Individual Defendants here all involve alleged actions that were taken for the purpose of interviewing witnesses in pending criminal prosecutions and securing the testimony of such witnesses at trial. All of these alleged actions were taken in the role of legal advocate for the State and required the exercise of legal knowledge and discretion. Any suggestion that the alleged actions were taken for some purpose other than prosecuting pending cases in criminal court is unfounded and rebutted by the Plaintiffs' own pleadings. *See* Doc. No. 88 at 7 & n.6 (discussing further). Accordingly, *Moon* confirms that "the broad scope of absolute immunity," 906 F.3d at 359, operates here to bar the claims against the Individual Defendants.

Respectfully submitted,

 /s/ Robert L. Freeman, Jr.
Robert L. Freeman, Jr., 21596
OFFICE OF THE DISTRICT ATTORNEY,
PARISH OF ORLEANS
619 South White Street
New Orleans, Louisiana 70119
Telephone:  (504) 822-2414, ext. 2877
Facsimile:   (504) 827-6393

Thomas J. Barbera, 18719
LAW OFFICE OF THOMAS J. BARBERA
1010 Common Street, Suite 3000
New Orleans, Louisiana 70119
Telephone:  (504) 931-0662
Facsimile:   (504) 581-7083

*Counsel for Leon Cannizzaro (in his official capacity as Orleans Parish District Attorney)*

 /s/ Matthew J. Paul
Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
   & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069

*Counsel for Leon Cannizzaro (in his individual capacity); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and that service will be provided through the CM/ECF system, as well as by U.S. Mail for any non-CM/ECF participant.

          */s/ Matthew J. Paul*