## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON,<br>MARC MITCHELL,<br>LAZONIA BAHAM,<br>JANE DOE,<br>TIFFANY LACROIX,<br>FAYONA BAILEY,<br>JOHN ROE, and<br>SILENCE IS VIOLENCE,<br><br>    *Plaintiffs*,<br><br>      v.<br><br>LEON CANNIZZARO, in his official<br>capacity as District Attorney of Orleans<br>Parish and in his individual capacity;<br><br>DAVID PIPES,<br>IAIN DOVER,<br>JASON NAPOLI,<br>ARTHUR MITCHELL,<br>TIFFANY TUCKER,<br>MICHAEL TRUMMEL,<br>MATTHEW HAMILTON,<br>INGA PETROVICH,<br>LAURA RODRIGUE,<br>SARAH DAWKINS, and<br>JOHN DOE,<br>in their individual capacities;<br><br>    *Defendants*. | CIVIL ACTION NO. 2:17-cv-10721<br><br><br>JUDGE: JANE TRICHE MILAZZO<br><br><br>MAGISTRATE: JANIS VAN MEERVELD |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully provide this response to the Defendants' Notice of Supplemental

Authority, Doc. No. 111, discussing the Fifth Circuit's October 15, 2018, opinion in *Moon v.*

*City of El Paso*, 906 F.3d 352 (5th Cir. 2018).

*Moon* does not provide any new authority to supplement the Defendants' position. As it made clear in its decision, the Fifth Circuit believed that its decision in *Moon* was a straightforward application of long-standing Supreme Court precedent. Nothing in *Moon* extended, interpreted, or even analyzed that precedent. Indeed, there was no occasion to do so; at bottom, *Moon* presented a recurring fact pattern about which the Supreme Court has already opined. The decision therefore changes nothing; the arguments that the Plaintiffs and the amici presented in their earlier briefing stand as firmly as they did the day they were made.

Defendants argue that *Moon* supports their argument "that absolute immunity applies to all of the conduct alleged in this case, even if it might be described as 'investigative' or 'administrative' in some sense." Defs' Notice, Doc. 111, at 2. Indeed, Defendants seem to imply that Plaintiffs' contention that absolute immunity does not protect investigative or administrative acts is a novel legal theory. It is not. *See, e.g.*, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993) (explaining that a prosecutor is not entitled to absolute immunity where she "'functions as an administrator rather than as an officer of the court'" or where he "performs the investigative functions normally performed by a detective or police officer") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976)).

The court in *Moon* reaffirmed that "[g]enerally, a prosecutor does not enjoy absolute immunity when performing administrative or investigation functions." *Moon,* 906 F.3d at 359. Quoting the U.S. Supreme Court's decision in *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009), the *Moon* court noted that an exception to this general principle applies where an "*apparently* administrative or investigative function … 'require[s] legal knowledge and the exercise of related discretion.'" *Id.* (emphasis in original) (quoting *Van de Kamp*, 555 U.S. at 344).

Applying these principles, the court found that the prosecutor's alleged misconduct involved legal reasoning and discretion, and it was therefore shielded by absolute immunity. The *Moon* prosecutor's first alleged act of misconduct—making a false argument in a court filing—stemmed "from a legal argument the State made in opposition [to a] habeas petition." *Id.* at 360. The prosecutor's second alleged act of misconduct—deciding not to disclose evidence because he concluded that it was not exculpatory—was "based on his legal knowledge and experience," and constituted an "exercise[]" of his "discretion." *Id.*[1]

By this same reasoning, *Moon* underscores why the wrongful conduct in the instant case should not be afforded immunity. The conduct at issue here—pursuing or questioning witnesses and attesting to investigatory narratives in sworn declarations—did not "require[] legal knowledge [or] the exercise of related discretion." *Id.* at 359 (quoting *Van de Kamp*, 555 U.S. at 344). It could have been performed by other actors who are not immune, like police officers or investigators. As the U.S. Supreme Court has repeatedly explained, and as *Moon* affirms, where the "prosecutor performs the investigative functions normally performed by a detective or police officer" or "functions as an administrator rather than an officer of the court," she "is in no different position than other executive officials . . . qualified immunity is the norm for them." *Buckley v. Fitzsimmons*, 509 U.S. at 273, 278.

---

[1] The allegations against the prosecutor in *Moon* are very similar to the factual allegations at the heart of the U.S. Supreme Court's decisions in *Imbler* and *Van de Kamp*. In those cases, the Supreme Court afforded absolute immunity, respectively, to prosecutors accused of presenting false testimony at trial and to those whose procedures were alleged to be insufficient to ensure that criminal defendants received exculpatory evidence. That is exactly how the Fifth Circuit viewed the allegations in *Moon*. *See Moon*, 906 F.3d at 360 ("[the decision-making process—whether to turn over non-exonerative post-conviction evidence—was precisely the type of prosecutorial function the Supreme Court envisioned in *Van de Kamp*.").

The Fifth Circuit in *Moon* thus did not move the line between conduct that is afforded absolute prosecutorial immunity and conduct that is not. The Fifth Circuit did not even analyze the line. Nor did it need to; the allegations in *Moon* fell squarely on one side of that line. However, as the Plaintiffs have explained in their earlier briefing, the misconduct alleged in this case falls squarely on the other side of that line. We will thus end as we began; there is nothing new in *Moon*.

Respectfully submitted this 21st day of November, 2018,

/s/ Anna Arceneaux
Anna Arceneaux
Admitted *pro hac vice*
American Civil Liberties Union Foundation
201 West Main Street, Suite 402
Tel. (919) 682-5159
aarceneaux@aclu.org

Mariana Kovel
Admitted *pro hac vice*
American Civil Liberties Union Foundation
125 Broad Street
New York, NY
Tel. (646) 905-8870
mkovel@aclu.org

Somil Trivedi
Admitted *pro hac vice*
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
Tel. (202) 715-0802
strivedi@aclu.org

COUNSEL FOR PLAINTIFFS

*Not licensed in the District of Columbia,
practice subject to D.C. App. R. 49(c)(8),
with supervision by Alec Karakatsanis, a
member of the D.C. Bar.

Katherine Chamblee-Ryan*
Alec Karakatsanis
Admitted *pro hac vice*
Civil Rights Corps
910 17th Street NW
Washington, D.C. 20006
Tel. (202) 656-5198
katie@civilrightscorps.org
alec@civilrightscorps.org

Bruce Hamilton
La. Bar No. 33170
ACLU Foundation of Louisiana
P.O. Box 56157
New Orleans, LA 70156
Tel. (504) 522-0628
bhamilton@laaclu.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and that service will be provided through the CM/ECF system.

/s/ Mariana Kovel