UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>  *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>  *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO CONFIRM STAY OF PROCEEDINGS**

  Defendants Leon Cannizzaro (in his individual capacity and in his official capacity as District Attorney of Orleans Parish); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins (the "Defendants"), through undersigned counsel, respectfully submit this memorandum in support of their motion seeking to confirm that the proceedings in this case have been automatically stayed until the U.S. Court of Appeals for the Fifth Circuit dismisses the Defendants' appeal, or remands the case, in whole or in part.

1

On February 28, 2019, this Court entered its Order and Reasons denying in part the Defendants' Joint Motion to Dismiss, which appears to deny absolute and qualified immunity as to some of the claims against the Individual Defendants. *See* Doc. No. 118 at 51–52. On March 12, 2019, the Defendants filed a Notice of Appeal of the Court's Order and Reasons. Doc. No. 118.

"Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself." *Carty v. Rodriguez*, 211 F. App'x 292, 293 (5th Cir. 2006) (quotation omitted). "A district court's denial of a defense of qualified immunity is immediately appealable, and once an appeal is filed, the district court is divested of its jurisdiction to proceed against that defendant." *Id.* Additionally, although Mr. Cannizzaro did not assert absolute or qualified immunity with respect to the claims against him in his official capacity, he is entitled to join in the appeal because some of the issues decided adversely to him in his official capacity (such as whether the Plaintiffs have stated causes of action against him) are inextricably intertwined with the issues presented in the Individual Defendants' appeal of the denial of immunity. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) ("The Supreme Court has held that appeals courts, in reviewing the denial of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis of qualified immunity, have jurisdiction to pass on the sufficiency of [the] pleadings, which is an issue of law that is both inextricably intertwined with, and directly implicated by, the qualified immunity defense.") (quotation omitted); *Pollard v. City of Columbus*, 780 F.3d 395, 401 (6th Cir. 2015) ("Because a municipality is not entitled to qualified immunity, . . the collateral order doctrine does not extend to summary-judgment orders on municipal-liability claims. Nevertheless, to the extent the issues raised in the City of Columbus's appeal are 'inextricably intertwined' with the officers' claims of

2

qualified immunity, we may exercise pendent jurisdiction over the appeal."); *Roberts v. City of Omaha*, 723 F.3d 966, 975–76 (8th Cir. 2013) (because "[t]he issue of the city's liability . . . is 'inextricably intertwined' with the qualified immunity issues in this appeal," the appellate court had "jurisdiction over this pendent appellate claim" by the city).

Accordingly, the Defendants believe that the case, in effect, has been automatically stayed by the filing of the Notice of Appeal. However, counsel for the Defendants has conferred with the counsel for the Plaintiffs, who has stated that the Plaintiffs disagree with this position and oppose the relief requested herein. Thus, in an abundance of caution, the Defendants respectfully request that the Court enter an order confirming that, because the Court is without jurisdiction to proceed against the Defendants until the appeal is dismissed or the case is remanded in whole or in part by the Fifth Circuit, the proceedings against the Defendants are stayed until such time.

Respectfully submitted,

| | |
|---|---|
| /s/ Thomas J. Barbera | /s/ Matthew J. Paul |
| Robert L. Freeman, Jr., 21596 | Richard C. Stanley, 8487 |
| OFFICE OF THE DISTRICT ATTORNEY, | W. Raley Alford, III, 27354 |
| PARISH OF ORLEANS | Matthew J. Paul, 37004 |
| 619 South White Street | STANLEY, REUTER, ROSS, THORNTON |
| New Orleans, Louisiana 70119 |  & ALFORD, LLC |
| Telephone:  (504) 822-2414, ext. 2877 | 909 Poydras Street, Suite 2500 |
| Facsimile:  (504) 827-6393 | New Orleans, Louisiana 70112 |
| | Telephone: (504) 523-1580 |
| Thomas J. Barbera, 18719 | Facsimile:  (504) 524-0069 |
| LAW OFFICE OF THOMAS J. BARBERA | |
| 1010 Common Street, Suite 3000 | *Counsel for Leon Cannizzaro (in his individual capacity); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins* |
| New Orleans, Louisiana 70119 | |
| Telephone:  (504) 931-0662 | |
| Facsimile:  (504) 581-7083 | |
| | |
| *Counsel for Leon Cannizzaro (in his official capacity as Orleans Parish District Attorney)* | |