UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>    *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**REPLY MEMORANDUM IN SUPPORT OF
<u>MOTION TO CONFIRM STAY OF PROCEEDINGS</u>**

Defendants Leon Cannizzaro (in his individual capacity and in his official capacity as District Attorney of Orleans Parish); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins (the "Defendants"), through undersigned counsel, respectfully submit this reply to the opposition memorandum filed by the Plaintiffs, Doc. No. 127, and in further support of their motion seeking to confirm that the proceedings in this case have been automatically stayed until the U.S. Court of Appeals for the Fifth Circuit dismisses the Defendants' appeal, or remands the case, in whole or in part, Doc. No. 121.

1

I. **The question of pendent appellate jurisdiction is properly decided by the Fifth Circuit.**

The Defendants' appeal challenges the "den[ial] of absolute and qualified immunity as to some of the claims against the Individual Defendants" along with certain rulings on the Plaintiffs' official-capacity claims that are "inextricably intertwined with the issues presented in the Individual Defendants' appeal of the denial of immunity." Doc. No. 121-1 at 2. Because each of the Defendants is appealing at least some portion of the Court's order, the Defendants respectfully submit that this Court is divested of jurisdiction over all Defendants until the Fifth Circuit dismisses the appeal or remands the case, in whole or in part. *See Carty v. Rodriguez*, 211 F. App'x 292, 293 (5th Cir. 2006) ("A district court's denial of a defense of qualified immunity is immediately appealable, and once an appeal is filed, the district court is divested of its jurisdiction to proceed against that defendant.").

As explained in the Defendants' Motion, the Fifth Circuit has pendent appellate jurisdiction over issues that are inextricably intertwined with the issues presented by the Defendants' appeal of the denial of immunity. The Plaintiffs speculate that "[i]t is unlikely" that the Fifth Circuit will exercise pendent appellate jurisdiction, *see* Doc. No. 127 at 5, but the Defendants respectfully submit that that is a decision for the Fifth Circuit to make. In fact, the Plaintiffs, apparently recognizing that the Fifth Circuit now has jurisdiction over this case as a result of the Defendants' appeal, have filed a motion in the Fifth Circuit seeking partial dismissal of the appeal.[1] That motion presents essentially the same arguments on appellate jurisdiction made in the Plaintiffs' Opposition in this Court, Doc. No. 127. The Fifth Circuit should be allowed to determine the scope of its own

---

[1] The Plaintiffs' motion is attached as Exhibit 1.

jurisdiction, and the proceedings in this Court should be stayed pending such a determination.[2] Even assuming for the sake of argument that this Court retains the authority to determine the scope of the appeal, there is no good reason for it to duplicate effort and risk inconsistent results by deciding an issue that has been presented for decision to the Fifth Circuit.

**II. Assuming the Court considers it proper to decide the issue, the Defendants' immunity appeal is inextricably intertwined with the question of whether the Plaintiffs have adequately stated causes of action against all the Defendants.**

The Plaintiffs' argument against pendent appellate jurisdiction rests largely on the mistaken premise that qualified immunity is not at issue in the appeal. They contend that "[t]his Court did not deny Defendants qualified immunity on any of the claims for which they asserted it," Doc. No. 127 at 4, but this is incorrect. The Defendants argued (in the alternative) that the claims against *all* the Individual Defendants "are barred by qualified immunity because the alleged conduct would not violate clearly established law." Doc. No. 63; *see also* Doc. No. 63-1 at 22 ("[A] plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.") (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)); *id.* at 45 ("The claims based on supervisor liability and failure to intervene fail because the Plaintiffs have not adequately alleged any underlying actionable violation of their rights.").

Yet this Court's ruling on the Defendants' motion to dismiss states that "claims seeking monetary damages . . . from Defendants Cannizzaro, Martin, and Pipes in their individual capacities . . . regarding the alleged creation and use of 'subpoenas'" (based on alleged failure to

---

[2] *See, e.g.*, *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 908–09 (5th Cir. 2011) ("The Court was concerned with the simultaneous exercise of jurisdiction by a district court and a court of appeals, because that could lead to both courts' deciding the same issue . . . . Appeals deprive the district court of jurisdiction, solving this problem.").

3

supervise and intervene) remain in the case. *See* Doc. No. 116 at 51. By allowing claims for damages to proceed against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes, the Court implicitly denied their asserted defenses of absolute *and* qualified immunity. Although the Court's order does not specify precisely which damages claims against these individuals survive, the reference to claims "regarding the alleged creation and use of 'subpoenas'" presumably includes, at a minimum, the First Amendment compelled-speech claims[3] and the Fourteenth Amendment substantive-due-process claims.[4]

As the Plaintiffs recognize, "[a] qualified immunity analysis . . . invites consideration of the underlying merits." Doc. No. 127 at 7; *see also* Doc. No. 121-1 at 2–3 (collecting cases). Accordingly, the Defendants' appeal of the denial of qualified immunity to Mr. Cannizzaro, Mr. Martin, and Mr. Pipes as to the above-referenced claims will necessarily raise the issues of whether the Plaintiffs—including SIV—have adequately stated a cause of action in those claims. The Fifth Circuit has recognized that an appellate court reviewing the denial of qualified immunity on a Rule 12(b)(6) motion to dismiss has "'jurisdiction to pass on the sufficiency of [the] pleadings,' which is an 'issue of law' that 'is both inextricably intertwined with, and directly implicated by, the qualified immunity defense.'" *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 672–73 (2009)). And because the official-capacity claims against Mr. Cannizzaro are based on the same alleged wrongdoing by the Individual Defendants, these official-capacity claims are likewise inextricably intertwined with the issues on

---

[3] *See* Doc. No. 116 at 22 ("At issue here is whether prosecutors' use of 'subpoenas' to compel witnesses into meeting privately with prosecutors outside of court violates the First Amendment's compelled speech doctrine.").

[4] *See* Doc. No. 116 at 25 (suggesting that the surviving substantive-due-process claims are based on "Plaintiffs' allegations that prosecutors manufactured 'subpoenas,' deliberately side-stepping judicial oversight of the subpoena process").

appeal. *See Pollard v. City of Columbus*, 780 F.3d 395, 401 (6th Cir. 2015); *Roberts v. City of Omaha*, 723 F.3d 966, 975–76 (8th Cir. 2013); *see also* Doc. No. 127 at 6 (recognizing that the Plaintiffs' official-capacity claims require proof of "a violation of constitutional rights").

The Plaintiffs cite three cases holding that denial of qualified immunity is not "inextricably intertwined" with the question of whether defendants were "final decisionmakers whose conduct is covered by § 1983," *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 467 (5th Cir. 2014),[5] of whether a sheriff was a "policymaker" for the county, *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995), or of whether a city was entitled to sovereign immunity, *Hill v. City of Seven Points*, 31 F. App'x 835, 2002 WL 243261, at *7 (5th Cir. 2002). But the Defendants do not seek to raise any of these issues in their appeal. Rather, the Defendants intend to challenge the sufficiency of the Plaintiffs' pleadings as a matter of law—an issue that, according to the Fifth Circuit, *is* "inextricably intertwined with, and directly implicated by, the qualified immunity defense." *Bosarge*, 796 F.3d at 439 (quotation omitted).

### III. Claims for injunctive relief against the Defendants cannot proceed while those same Defendants are litigating an appeal raising some of the same issues.

The Plaintiffs argue that claims against the Defendants seeking injunctive relief may proceed in this Court while those same Defendants are litigating their appeal as to immunity and related issues in the Fifth Circuit. However, they have cited no authority that would allow such a thing.

---

[5] The Plaintiffs mischaracterize *Cutler* as an example of the Fifth Circuit, in a qualified-immunity appeal, "declin[ing] to assert pendant jurisdiction over related official capacity claims." Doc. No. 127 at 5. In fact, the Fifth Circuit in *Cutler* declined to consider an asserted defense by two *individual*-capacity defendants because the defense (that they "were not final decisionmakers whose conduct is covered by § 1983") was based on "a different set of facts" than the qualified-immunity defense. *See Cutler*, 767 F.3d at 467–68.

The Plaintiffs cite *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007), in which claims under 20 U.S.C. § 1681 were allowed to proceed in district court against a school district while a school official appealed the denial of qualified immunity as to the § 1983 claims against her. But the claims against the school district were "legally distinct" from the claims against the official, and the school district was not a party to the appeal. *See id.* at 565; *see also Stumpf v. City of Dallas*, No. 15-cv-1944, 2016 WL 10749149 (N.D. Tex. May 25, 2016) (allowing "legally distinct" Americans with Disabilities Act claims against the city to proceed while an individual defendant appealed the denial of qualified immunity as to the § 1983 claims against him); *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 732–33 (N.D. Tex. 2014) (allowing "legally distinct" claims "not related to those" on appeal to proceed against the city while an individual defendant appealed the denial of qualified immunity as to the claims against him); *Saenz v. City of El Paso*, No. 14-cv-244, 2015 WL 4590309, at *1, 4–6 (W.D. Tex. Jan. 26, 2015) (denying request to "stay all proceedings and all discovery" against "all defendants" until one defendants' assertion of qualified immunity was decided).[6]

None of the jurisprudence cited by the Plaintiffs suggests that claims for injunctive relief may proceed against a defendant who is a party to a pending appeal—particularly when the claims for injunctive relief implicate factual and legal issues that are raised by the appeal. As the Plaintiffs recognize, interlocutory appeals leave the district court with jurisdiction only as to "matters that are not involved in that appeal." *See* Doc. No. 127 at 8 (quoting *Weingarten*, 661 F.3d at 908).

---

[6] Contrary to the Plaintiffs' characterization, *Saenz* did not involve a "defendant's appeal of qualified immunity denial," *see* Doc. No. 127 at 9.

Here, at least some of the claims for which the Plaintiffs seek injunctive relief will be considered on the merits in the Defendants' immunity appeal.[7]

## CONCLUSION

For the reasons explained above and in the Defendants' motion, Doc. No. 121, the Defendants respectfully request that the Court enter an order confirming that proceedings in this Court are stayed until the appeal is dismissed or the case is remanded in whole or in part by the Fifth Circuit.

Respectfully submitted,

| | |
|---|---|
| /s/ Robert L. Freeman, Jr. | /s/ Matthew J. Paul |
| Robert L. Freeman, Jr., 21596 | Richard C. Stanley, 8487 |
| OFFICE OF THE DISTRICT ATTORNEY, | W. Raley Alford, III, 27354 |
| PARISH OF ORLEANS | Matthew J. Paul, 37004 |
| 619 South White Street | STANLEY, REUTER, ROSS, THORNTON |
| New Orleans, Louisiana 70119 | & ALFORD, LLC |
| Telephone:  (504) 822-2414, ext. 2877 | 909 Poydras Street, Suite 2500 |
| Facsimile:  (504) 827-6393 | New Orleans, Louisiana 70112 |
| | Telephone: (504) 523-1580 |
| Thomas J. Barbera, 18719 | Facsimile:  (504) 524-0069 |
| LAW OFFICE OF THOMAS J. BARBERA | |
| 1010 Common Street, Suite 3000 | *Counsel for Leon Cannizzaro (in his individual capacity); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins* |
| New Orleans, Louisiana 70119 | |
| Telephone:  (504) 931-0662 | |
| Facsimile:  (504) 581-7083 | |
| | |
| *Counsel for Leon Cannizzaro (in his official capacity as Orleans Parish District Attorney)* | |

---

[7] As explained above, the appeal of the denial of qualified immunity as to the Plaintiffs' claims under the First Amendment and the Fourteenth Amendment necessarily raises the question of whether they have stated a cognizable cause of action under those amendments.