No. 19-30197

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; TIFFANY LACROIX; FAYONA BAILEY; SILENCE IS VIOLENCE; JANE DOE; JOHN ROE,

*Plaintiffs-Appellees*

*v.*

LEON CANNIZZARO, JR., in his official capacity as District Attorney of Orleans Parish and in his individual capacity; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; INGA PETROVICH; LAURA RODRIGUE; MATTHEW HAMILTON; GRAYMOND MARTIN; SARAH DAWKINS,

*Defendants-Appellants*

On Appeal from the United States District Court for the Eastern District of Louisiana,

Case No. 2:17-cv-10721-JTM-JVM

### APPELLEES' PARTIAL MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

BRUCE HAMILTON
ACLU FOUNDATION OF LOUISIANA
P.O. Box 56157
New Orleans, LA 70156
(504) 522-0628
bhamilton@laaclu.org

RYAN DOWNER
   *Counsel of Record*
CIVIL RIGHTS CORPS
910 17th Street N.W., Second Floor
Washington, D.C. 20006
(202) 681-2721
ryan@civilrightscorps.org

EXHIBIT 1

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Plaintiffs-Appellees** | **Counsel** |
|---|---|
| Fayona Bailey<br>John Roe<br>Lazonia Baham<br>Marc Mitchell<br>Renata Singleton<br>Silence Is Violence (Organization) Tiffany LaCroix | Ryan Downer<br>Katherine Chamblee-Ryan<br>Alec Karakatsanis<br>Olevia Boykin<br>CIVIL RIGHTS CORPS<br><br>Bruce W. Hamilton<br>ACLU FOUNDATION OF LOUISIANA<br><br>Anna Marie Arceneaux<br>Mariana Louise Kovel<br>ACLU FOUNDATION<br><br>Somil Bharat Trivedi<br>ACLU TRONE CENTER FOR JUSTICE & EQUALITY<br><br>Michael Steven Blume<br>VENABLE, LLC |

| **Defendants-Appellants** | **Counsel** |
|---|---|
| Arthur Mitchell<br>David Pipes<br>Graymond Martin<br>Iain Dover<br>Inga Petrovich<br>Jason Napoli | Robert L. Freeman, Jr.<br>OFFICE OF THE DISTRICT ATTORNEY, PARISH OF ORLEANS<br><br>Thomas J. Barbera<br>LAW OFFICE OF THOMAS J. BARBERA |

| | |
|---|---|
| John Doe<br>Laura Rodrigue<br>Leon A Cannizzaro, Jr<br>Matthew Hamilton<br>Michael Trummel<br>Sarah Dawkins<br>Tiffany Tucker | Richard C. Stanley<br>W. Raley Alford, III<br>Matthew J. Paul<br>STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC |

| **Amici Curiae** | **Counsel** |
|---|---|
| DV LEAP<br><br>Louisiana Foundation Against Sexual Assault<br><br>National Alliance to End Sexual Violence | Albert Quoc Giang<br>Kelly L. Perigoe<br>Trevor Porter Stutz<br>BOIES, SCHILLER, FLEXNER, LLP<br><br>Catherine Elena Lasky<br>Kerry Ann Murphy<br>LASKY MURPHY, LLC<br><br>John Nelson Adcock<br>LAW OFFICE OF JOHN N. ADOCK<br><br>Jonathan Bloom<br>R. Bruce Rich<br>Victor S. Leung<br>WEIL, GOTSHAL & MANGES, LLP |

/s/ Ryan Downer
RYAN DOWNER

## INTRODUCTION

In this lawsuit, Plaintiffs—crime victims, witnesses, and a non-profit victim advocacy organization—challenge the Orleans Parish District Attorney's Office's use of unlawful means to coerce, arrest, and imprison crime victims and witnesses, including through the creation and use of fraudulent subpoenas. The case involves multiple counts under federal and state law brought by eight plaintiffs against the Orleans Parish District Attorney, in his official capacity as well as in his individual capacity, and twelve individual prosecutors in his office.

In an order issued on February 28, 2019, the District Court for the Eastern District of Louisiana denied a substantial portion of Defendants' motion to dismiss. The court allowed eight of nine official capacity counts to proceed. It denied procedural arguments raised by Defendants about certain Plaintiffs, and it denied Defendants' motion to dismiss certain claims brought against individual prosecutors (the "Individual Defendants") for injunctive relief. In addition, although the district court found that the Individual Defendants were entitled to absolute immunity for many of their actions, it denied absolute immunity on one category of misconduct: the creation and use of fraudulent subpoenas.

Defendants-Appellants are entitled to interlocutory appeal of one discrete aspect of the district court's order on their motion to dismiss: the denial of absolute immunity. However, they now ask this Court to exercise jurisdiction over the official

1

capacity claims as well, and they suggest that they will also seek interlocutory review of the claims against Individual Defendants for injunctive relief and procedural matters. Defendants' request would drastically expand the briefing required for this interlocutory appeal, and it would require this Court to delve into a multitude of complex issues that could instead be addressed after a final order from the district court.

Defendants' effort to expand this appeal from a single issue—denial of absolute immunity with respect to one category of misconduct—into a full review of the many issues involved in the district court's order below has no basis in law. This Court has repeatedly rejected similar efforts to "'parlay … collateral orders into multi-issue interlocutory appeal tickets.'" *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 468 (5th Cir. 2014) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 49-50 (1995)). As it has done before, this Court should deny this effort to transform this appeal from a straightforward review of a discrete issue into an expansive and premature exploration of unrelated matters. Therefore, Plaintiffs-Appellees move this Court to dismiss Defendants' appeal, except as it applies to the district court's denial of absolute immunity to Individual Defendants.

## BACKGROUND

Plaintiffs brought this lawsuit to challenge systemic misconduct in the Orleans Parish District Attorney's Office involving the treatment of crime victims and

witnesses, as well as the conduct of particular prosecutors whose actions harmed them. In their Second Amended Complaint, filed in January 2018, Plaintiffs asserted nine counts under the federal constitution and state law against District Attorney Leon Cannizzaro, in his official capacity, for the policies, practices, and customs that caused their injuries. Second Am. Compl., *Singleton v. Cannizzaro*, No. 2:17-cv-10721-JTM-JVM (E.D. La. Jan. 25, 2018), ECF No. 52 at 68-76.[1] In addition, Plaintiffs brought claims for monetary damages and injunctive relief against thirteen prosecutors in their individual capacities, including Defendant Cannizzaro. *Id.*

On March 1, 2018, Defendants filed a motion to dismiss. Defs.' Mot. to Dismiss, ECF No. 63. In their memorandum in support of that motion, Defendants argued that each of the claims against the Individual Defendants for damages must be dismissed on the basis of absolute immunity. Defs.' Mem. in Supp. of Mot. to Dismiss, ECF No. 63-1 at 20, 28, 32, 35, 37, 38, 39. Defendants also argued that some of those claims should be dismissed based on qualified immunity. *Id.* at 21-27, 28-31, 32-33, 35-36, 40-41.[2] As to Plaintiffs' official capacity claims and the claims against Individual Defendants for injunctive relief, Defendants argued only that

---

[1] Unless otherwise noted, all ECF-based citations refer to *Singleton v. Cannizzaro*, No. 2:17-cv-10721-JTM-JVM (E.D. La.), and the record below.

[2] The Individual Defendants did not argue that they were entitled to qualified immunity on Count VIII (state law abuse-of-process) or Count IX (state law fraud). Defs.' Mem. in Supp. of Mot. to Dismiss, ECF No. 63-1 at 36-39. With the exception of Defendant Tiffany Tucker, Defendants also did not contend that they were entitled to qualified immunity on Count VI (failure to supervise, train, or discipline) or Count VII (failure to intervene). *Id.* at 41-42.

Plaintiffs had failed to state claims on the merits under Fed. R. Civ. P. 12(b)(6). *Id.* at 27, 31, 33, 36, 37-38, 38-39, 41, 41-44.

Defendants also made procedural arguments for dismissal with regard to some Plaintiffs. Defendants argued that the court should dismiss claims brought by Plaintiff Silence is Violence, a non-profit organization that assists crime victims, because it had not "adequately alleged facts showing that its own rights were violated." *Id.* at 46. Defendants also argued that four of the eight Plaintiffs' claims were time-barred. *Id.* at 19-20, 27-28, 31, 34, 36, 38, 39.

The district court ruled on Defendants' motion on February 28, 2019. Order and Reasons, ECF No. 116. In its order, the court allowed eight of the nine official capacity counts to proceed: Count I (Fourth Amendment violations for reliance on false statements, material omissions, and plainly insufficient facts in material witness warrant applications); Count II (Fourth Amendment violations for the creation and use of fraudulent subpoenas); Count III (First Amendment violations for compelled speech and retaliation for constitutionally protected speech); Count V (Fourteenth Amendment substantive due process violations); Count VI (failure to supervise, train, or discipline); Count VII (failure to intervene); Count VIII (abuse of process under Louisiana law); and Count IX (fraud under Louisiana law). *Id.* at 51-52. The court also allowed claims against Individual Defendants for injunctive relief to proceed on six counts: I, III, VI, VII, VIII, and IX. *Id.* at 51-52.

The claims against the Individual Defendants for damages largely turned on whether the court should extend absolute and qualified immunity. The court found that the Individual Defendants were entitled to qualified immunity on every claim for which they asserted it. *Id.* at 18-26. And it extended absolute immunity to much of Defendants' challenged conduct, including making false statements and material omissions in applications for material witness warrants and threatening crime victims and witnesses with prosecution and imprisonment. *Id.* at 14-17. However, the court concluded that the Individual Defendants were not entitled to absolute immunity for claims based on their creation and use of fraudulent subpoenas.[3] *Id.* at 10-14.

Finally, the court rejected the procedural arguments Defendants raised against certain Plaintiffs. It found that Silence is Violence had pled sufficient allegations to establish organizational standing. *Id.* at 43-44. And it rejected Defendants' argument that four of the Plaintiffs' claims were time-barred. *Id.* at 46-50.

On March 12, 2019, Defendants filed a notice of appeal. Defs.' Notice of Appeal, ECF No. 118. In that notice, Defendants made clear that they intend to appeal both the official capacity claims and the claims against the Individual Defendants. *See id.* at 1 (stating that each of the Individual Defendants and

---

[3] As a result of this denial of absolute immunity, Plaintiffs' claims against certain Individual Defendants for monetary damages were allowed to proceed on Counts VI, VII, VIII, and IX. *See* Order and Reasons, ECF No. 116 at 51-52.

"Defendant Leon Cannizzaro … in his official capacity as District Attorney of Orleans Parish" appeal the district court's order). Moreover, Defendants suggest that they intend to broadly appeal the district court's order beyond that, but they do not specifically explain whether this includes claims against the Individual Defendants for injunctive relief and Defendants' procedural arguments for dismissal. *See id.*

## ARGUMENT

As the Supreme Court has recognized, denials of absolute immunity are subject to immediate interlocutory appeal. *See Mitchell v. Forsyth*, 472 U.S. 511, 525-28 (1985). "[M]ere defense[s] to liability," however, are not. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995). Therefore, this Court has jurisdiction over only one discrete aspect of the district court's multifaceted ruling: the court's determination that Individual Defendants are not absolutely immune from damages related to the creation and use of fraudulent subpoenas. *See* Order and Reasons, ECF No. 116 at 10-14.[4]

Defendants, however, seek a broad and all-encompassing review of the district court's order now. They ask this Court to exercise pendent jurisdiction over the official capacity claims in this case. Defs.' Notice of Appeal, ECF No. 118 at 1.

---

[4] Denials of qualified immunity are also subject to interlocutory appeal. *See Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). However, this Court did not deny Defendants qualified immunity on any of the claims for which they asserted it. Order and Reasons, ECF No. 116 at 18-26; *see supra* at 4-5. Therefore, there are no denials of qualified immunity for Defendants to appeal.

And they suggest (without explicitly stating) that they intend to ask this Court to exercise jurisdiction over the claims against Individual Defendants for injunctive relief and the procedural bars addressed in the district court's order as well. *See id.*[5] As described in the Sections that follow, Defendants' effort to broaden the scope of this interlocutory appeal has no support in the law. An appeal of the aspects of the district court's order that are not about immunity are premature; they do not meet this Court's stringent standard for expanding its jurisdiction beyond what the collateral order doctrine allows.

## I. This Court Should Not Assert Pendent Jurisdiction Over Plaintiffs' Official Capacity Claims

Defendants contend that they are "entitled" to appeal the district court's denial of their motion to dismiss eight of Plaintiffs' official capacity claims. Defs.' Mem. in Supp. of Mot. to Stay, ECF No. 121-1 at 2-3. To do so, Defendants invoke pendent jurisdiction. *Id.* But pendent jurisdiction is exceedingly narrow. It is exercised only in "rare and unique circumstances where a final appealable order is 'inextricably

---

[5] Defendants filed a motion to stay discovery in the district court pending appeal in this Court. In their memorandum in support of that motion, Defendants make clear that they intend to seek interlocutory appeal on the official capacity claims. *See* Defs.' Mem. in Supp. of Mot. to Stay Discovery, ECF No. 121-1 at 2 ("[A]lthough Mr. Cannizzaro did not assert absolute or qualified immunity with respect to claims against him in his official capacity, he is entitled to join in the appeal …."). As in their Notice of Appeal, Defendants did not specify in their motion to stay or supporting memorandum whether they intend to appeal the district court's order as to the claims against the Individual Defendants for injunctive relief or on procedural grounds for dismissal. However, Defendants did contend that the entire case must be "automatically stayed" in the district court, which suggests that they seek to broadly appeal the court's order. *Id.* at 1.

7

intertwined' with an unappealable order." *Anderson v. Valdez*, 845 F.3d 580, 589 (5th Cir. 2016) (quotations omitted);[6] *see also McKee v. City of Rockwall, Tex.*, 877 F.2d 409, 413 (5th Cir. 1989) ("[P]endent interlocutory appellate jurisdiction over additional issues is looked upon with disfavor, and must not be invoked merely out of 'convenience to the litigants, or even to th[e] court.'") (quotations omitted).

To determine whether claims are "inextricably intertwined," this Court must look to whether each claim has "unique elements and relevant facts" and "was considered separately by the district court." *Gros v. City of Grand Prairie, Tex.*, 209 F.3d 431, 437 (5th Cir. 2000). This limited exception simply does not apply here, where the underlying factual and legal issues for the official capacity and individual capacity damages claims are distinct.

Absolute immunity and official capacity claims involve separate elements and numerous unique facts. Absolute immunity asks a single narrow question: whether the individual's challenged conduct was prosecutorial in nature. *See Loupe v. O'Bannon*, 824 F.3d 534, 538-39 (5th Cir. 2016) (describing "functional approach"). By contrast, Plaintiffs' official capacity claims "require proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose

---

[6] Pendent jurisdiction may also be exercised where "review of the unappealable order is necessary to ensure meaningful review of the appealable order." *Anderson*, 845 F.3d at 589. However, Defendants have made no suggestion that this exception applies here. Nor could they; as demonstrated by the district court's order, the absolute immunity issue can be decided separately from any other issue in this case. *See* Order and Reasons, ECF 116 at 7-17.

'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)).[7] These inquiries are distinct, as evidenced by the fact that the Court's Order addressed each separately and at length. *See* Order and Reasons, ECF No. 116 at 7-17 (absolute immunity); *id*. at 26-45 (the merits of Plaintiffs' claims).

Where—as here—Defendants have sought to expand an interlocutory appeal beyond the denial of immunity to encompass unrelated official capacity claims, this Court has declined to assert jurisdiction over them. For example, in *Cutler v. Stephen F. Austin State University*, this Court held that the claims were not "inextricably intertwined" because the defendants there had to "prove a different set of facts to show that they are not liable as final decisionmakers" for *Monell* purposes "than they must prove to show they enjoy qualified immunity from suit." 767 F.3d 462, 468 (5th Cir. 2014). This Court further held that asserting "jurisdiction would not serve the interests of judicial economy, because common factual and legal issues w[ould] not necessarily be resolved by the qualified-immunity appeal" and warned that courts "should be especially wary of granting jurisdiction here for fear of allowing

---

[7] The only *Monell* element Defendants challenged in their motion to dismiss was whether there was an underlying constitutional violation. Accordingly, this Court did not address the other *Monell* elements in its Order. *See* Order and Reasons, ECF 116 at 26-45 (addressing the official capacity claims).

parties to 'parlay . . . collateral orders into multi-issue interlocutory appeal tickets.'" *Id.* (quoting *Swint*, 514 U.S. at 49-50).

Similarly, in *Hill v. City of Seven Points*, 31 F. App'x 835 (5th Cir. 2002), an interlocutory appeal on a denial of qualified immunity, this Court declined pendent jurisdiction over a district court's denial of sovereign immunity. In doing so, this Court explained that qualified immunity and sovereign immunity claims were not "inextricably intertwined" because "qualified immunity . . . turns on whether [the plaintiff] has alleged the violation of a clearly established constitutional right and whether Defendants' conduct was objectively unreasonable in light of clearly established law," whereas "[s]overeign immunity . . . turns on whether [the plaintiff] has established a constitutional deprivation resulting from an official policy or custom of the City." *Id.* at *7; *accord Swint*, 514 U.S. at 50-51 (reversing circuit court's assertion of pendent jurisdiction over an official capacity claim because it was not "inextricably intertwined" with the appealable issue of whether individual defendants had qualified immunity); *Gros*, 209 F.3d at 437 (declining pendent jurisdiction over claims based on failure to train and supervise and a police department's hiring policy in an interlocutory appeal on a qualified immunity denial because, "despite the fact that the claims d[id] overlap, they were treated separately by the district court [and] each has unique elements and relevant facts").

Indeed, because this case involves absolute immunity, the application of the "inextricably intertwined" exception is even less appropriate here than in cases like *Cutler*, which involve qualified immunity. Absolute immunity is purely about the *function* served by the prosecutor; the legality of the conduct is not at issue. A qualified immunity analysis, however, inherently invites consideration of the underlying merits, as it turns on whether a defendant's conduct was objectively unreasonable in light of clearly established law at the time of that conduct. *See Kinney v. Weaver*, 367 F.3d 337, 367 (5th Cir. 2004). Thus, there is far less basis to conclude that absolute immunity is intertwined with the merits than there is when qualified immunity is at issue.

## II. This Court Should Not Assert Pendent Jurisdiction Over Plaintiffs' Claims Against Individual Defendants for Injunctive Relief or Over the District Court's Order on Procedural Matters

Defendants suggest in vague terms that they intend to broadly appeal the district court's order, even beyond the official capacity claims. *See* Defs.' Notice of Appeal, ECF No. 118 at 1. This Court should decline pendent jurisdiction over both the claims against Individual Defendants for injunctive relief and over the procedural grounds for dismissal asserted against certain Plaintiffs.

Absolute immunity defenses and claims against individuals for injunctive relief have "unique elements and relevant facts." *Gros*, 209 F.3d at 437. As noted above, absolute immunity turns solely on the factual question of whether a

11

defendant's past conduct was prosecutorial in nature. *See Loupe*, 824 F.3d at 539; Doc. 116 at 8-9. Whether it applies has nothing to do with the merits of the underlying claim. Claims against individuals for injunctive relief, however, turn on the merits. Doc. 116 at 26-45. These separate inquiries require distinct analysis based on separate facts; they are not "inextricably intertwined." *Gros*, 209 F.3d at 437.

Nor are Defendants' procedural grounds for dismissal "inextricably intertwined" with the denial of absolute immunity. Defendants' argument that four Plaintiffs' claims are time-barred turns on both federal accrual rules and Louisiana tolling principles. *See* Order and Reasons, ECF No. 116 at 46-50 (applying these principles to this issue). The accrual question turns on a factual assessment of when the plaintiff "kn[ew] or ha[d] reason to know of the injury which is the basis of the action." *Martinez v. Hildalgo Cty.*, 727 F. App'x 77, 78 (5th Cir. 2018) (quotations omitted). The relevant Louisiana tolling law requires analysis of when "the injured party discover[ed] or should have discovered the facts upon which his cause of action is based," *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994), and whether the defendants fraudulently concealed facts necessary to stating the cause of action, *see Prevo v. State*, 187 So. 3d 395, 398-99 (La. 2015). Neither doctrine is related to the absolute immunity question.

Defendants' procedural argument that Silence is Violence's claims must be dismissed was that Silence is Violence had not "adequately alleged facts showing

that its own rights were violated." Defs.' Mem. in Supp. of Mot. to Dismiss, Doc. 63-1 at 16. The district court explained that it need not do so, because under the doctrine of organizational standing, "an entity may bring claims 'where it devotes resources to counteract a defendant's allegedly unlawful practices.'" Order and Reasons, ECF No. 116 at 43 (quoting *Scott v. Schedler*, 771 F.3d 831, 837 (5th Cir. 2014)). Once again, this issue has nothing to do with absolute immunity, and there is no colorable argument that it is "inextricably intertwined" with it.

## CONCLUSION

For the reasons set forth above, Plaintiffs-Appellees ask this Court to dismiss Defendants' appeal, except as it applies to the district court's denial of absolute immunity to individual defendants. Plaintiffs-Appellees have contacted Defendants-Appellants; they oppose this motion and stated that they will likely file an opposition.

Respectfully submitted this 9th day of April, 2019,

/s/Ryan C. Downer

Ryan C. Downer
*Counsel of Record*
CIVIL RIGHTS CORPS
910 17th Street N.W.
Second Floor
Washington, D.C. 20006
(202) 681-2721
ryan@civilrightscorps.org

Bruce Hamilton
ACLU FOUNDATION OF
LOUISIANA

13

P.O. Box 56157
New Orleans, LA 70156
(504) 522-0628
bhamilton@laaclu.org

14

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because—according to the word-count feature of the word-processing program with which it was prepared (Microsoft Word)—the brief contains 3201 words, excluding the portions exempted by Rule 32(f).  This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ Ryan Downer
RYAN DOWNER

## CERTIFICATE OF SERVICE

I electronically filed the foregoing on April 9, 2019, by using the Court's appellate CM/ECF system, which effected service on all counsel of record.

/s/ Ryan Downer
RYAN DOWNER