## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON,<br>MARC MITCHELL,<br>LAZONIA BAHAM,<br>JANE DOE,<br>TIFFANY LACROIX,<br>FAYONA BAILEY,<br>JOHN ROE, and<br>SILENCE IS VIOLENCE,<br><br>     *Plaintiffs*,<br><br>       v.<br><br>LEON CANNIZZARO, in his official<br>capacity as District Attorney of Orleans<br>Parish and in his individual capacity;<br><br>DAVID PIPES,<br>IAIN DOVER,<br>JASON NAPOLI,<br>ARTHUR MITCHELL,<br>TIFFANY TUCKER,<br>MICHAEL TRUMMEL,<br>MATTHEW HAMILTON,<br>INGA PETROVICH,<br>LAURA RODRIGUE,<br>SARAH DAWKINS, and<br>JOHN DOE,<br>in their individual capacities;<br><br>     *Defendants*. | CIVIL ACTION NO. 2:17-cv-10721<br><br><br>JUDGE: JANE TRICHE MILAZZO<br><br><br>MAGISTRATE: JANIS VAN MEERVELD |

## PLAINTIFFS' SUR-REPLY IN OPPOSITION
## TO DEFENDANTS' MOTION TO STAY

Defendants attempt to delay justice in this case by seeking to stay all discovery pending

appeal. Despite having filed two briefs in support of their Motion to Confirm a Stay, Defendants

have *still* not specified what, precisely, they intend to appeal. But to the extent Defendants have

been clear—most notably by arguing that this Court's "implicit" qualified immunity rulings on

1

certain claims are on appeal (even though Defendants did not raise qualified immunity on those claims)—their arguments merely confirm that there is no justification for such a far-reaching stay.[1] Plaintiffs are not—as Defendants suggest—asking this Court to determine the scope of the appeal in the Fifth Circuit. However, the fact that Defendants raise extremely tenuous arguments for expanding the appeal is relevant to this Court's decision about a stay. This Court should not stay all discovery—potentially for a year or more—based on Defendants' frivolous arguments that the appeal should be expanded.[2]

As an initial matter, Defendants' reply brief does not even attempt to respond to Plaintiffs' argument that the absolute immunity and merits questions are not "inextricably intertwined," effectively conceding the point. *See generally* Doc. 63-1; *see also* Doc. 127 at 5-8.

Instead, Defendants now explain that the basis for their expansive appeal—and accordingly, their expansive stay request—is this Court's "implicit[]" denial of *qualified* immunity on certain claims. Doc. 130-2 at 4.[3] This argument, however, is not grounded in reality: on the four claims for which Individual Defendants remain liable for damages, Defendants *never raised or argued a qualified immunity defense*.[4]

---

[1] There is no merit to Defendants' argument that the mere fact that they have filed a notice of appeal deprives this Court of jurisdiction. Longstanding case law holds that an appeal divests the district court of jurisdiction *only* over the issues subject to appeal. For all other matters, jurisdiction remains in this Court. *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011) ("Although appeals transfer jurisdiction from the district court to the appellate court concerning those aspects of the case involved in the appeal, the district court is nonetheless free to adjudicate matters that are not involved in that appeal.") (citation and quotation omitted). Accordingly, this Court has the power to order discovery on what matters remain before it. Here, this means that discovery can proceed as to most of the remaining claims in this case.

[2] As Plaintiffs stated in their motion in opposition to a stay, Defendants are entitled to appeal just one aspect of this Court's order on the motion to dismiss—the finding that absolute immunity does not shield Individual Defendants concerning their creation and use of fraudulent subpoenas. *See* Doc. 127 at 4.

[3] Defendants also argue in the Fifth Circuit that this Court's "implicit" denial of qualified immunity is the basis for an expensive interlocutory appeal. *See* Defs.' Opp'n to Pls.' Partial Mot. to Dismiss, *Singleton v. Cannizzaro*, No. 19-30197 at 5-8 (5th Cir. Apr. 17, 2019).

[4] Defendants contend that "th[is] Court's order does not specify precisely which damages claims against [certain] individuals survive." Doc. 132 at 4. But this Court was highly specific about which claims proceed against which Individual Defendants for damages, even providing a summary at the end of its Order. *See* Doc. 116 at 51-52.

As Defendants' memorandum in support of their motion to dismiss makes clear, Defendants made the calculated decision to argue qualified immunity on some claims, *but not on the claims now at issue*. For instance, Defendants raised qualified immunity on Plaintiffs' Fourth, First, and Fourteenth Amendment claims (Counts I, II, III, IV and V). For each of those claims, Defendants asserted a qualified immunity defense in the title of the section addressing that claim, and they included a subsection titled "Qualified Immunity" in which they argued why that defense should apply. *See* Doc. 63-1 at 19, 21-27, 27, 28-31, 31, 32-33, 33, 35-36, 39, 40-41. But for Plaintiffs' claims for supervisory liability and failure to intervene (Counts VI and VII), as well as Plaintiffs' state law claims for abuse of process and fraud (Counts VIII and IX), they omitted any such section headings or argument. *See* Doc. 63-1 at 36-39, 41-42. Because Defendants did not raise qualified immunity on Counts VI, VII, VIII, and IX, this Court correctly did not rule on this issue. *See* Doc. 116 at 18-26 (addressing qualified immunity on the claims for which Defendants raised it, but not on the claims for which Defendants omitted to do so). Defendants cannot raise it for the first time in the circuit court. *See, e.g.*, *Zapata v. Melson*, 750 F.3d 481, 486 n.3 (5th Cir. 2014) ("We decline the defendants' invitation to rule on their entitlement to qualified immunity for the first time on appeal."); *LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."). Nevertheless, Defendants argue that this case must be stayed because the merits are intertwined with qualified immunity issues that they never presented to this Court, that this Court has not ruled on, and that the Fifth Circuit thereby cannot consider.[5]

---

[5] Defendants did contend in a footnote that Defendant Tiffany Tucker was entitled to qualified immunity on Plaintiffs' failure-to-intervene claim. Doc. 63-1 at 42 n. 44. However, according to this Court's order, that claim for damages against Defendant Tucker is not moving forward; this Court allowed individual capacity failure-to-intervene claims to proceed against only Defendants Cannizzaro, Martin, and Pipes. *See* Doc. 116 at 51-52.

Defendants contend otherwise, arguing that they did raise qualified immunity on all claims. *See* Doc. 132 at 3. In support of this argument, Defendants cite only (1) a general assertion in their motion to dismiss—as opposed to the memorandum in support of the motion, in which they made their substantive arguments—that the Individual Defendants are protected by qualified immunity; and (2) language from an introductory section of their brief in which Defendants defined qualified immunity, but did not specifically argue that it applied to all of the claims in this case. *See* Doc. 132 at 3 (quoting Doc. 63 and Doc. 63-1 at 22).  These general statements about qualified immunity do not constitute actual arguments as to why it applies to particular claims, and they were insufficient to raise qualified immunity before this Court. *See, e.g.*, *Kelly v. Foti*, 77 F.3d 819, 823 (5th Cir. 1996) (finding defendant had not raised a qualified immunity defense in the district court where "the conclusion to" his opposition brief only "requested qualified immunity generally" and "the body of that brief made only tangential references to qualified immunity in the context of only some . . . claims"); *Lipsey v. E. Batson Rouge Par. Sch. Bd.*, No. CV 14-680-RLB, 2015 WL 6453154, at *6 (M.D. La. Oct. 23, 2015) (explaining that defendants must "sufficiently develop" an argument in order to raise it); *Sayed v. Lt. Page Virginia*, No. 16-CV-2712-WJM-MJW, 2017 WL 5248048, at *3-4 (D. Colo. Nov. 13, 2017) (refusing to consider qualified immunity argument that defendants failed to develop by failing to engage with the argument's two-part inquiry, cite legal authority, or provide reasoning).

As for claims against the Individual Defendants for injunctive relief, Defendants' only remaining argument is that this Court has no jurisdiction over an injunctive claim against a particular defendant if *any* claim against that defendant is pending in the circuit court. *See* Doc. 132 at 5-7. However, Defendants cite no law that supports this argument. Indeed, their only argument is that Plaintiffs have not cited a case in which discovery proceeded on an injunctive

claim against an individual while an appeal was pending on a claim against that same individual for damages. But Plaintiffs have no such burden. The law in this circuit is that the district court loses jurisdiction *only* over those aspects of the case that are subject to an appeal. *See Alice L. v. Dusek*, 492 F. 3d 563, 564-65 (5th Cir. 2007). Defendants' attempt to circumvent that well-established law is baseless.

Finally, although Defendants ask this Court to stay the entire case, Defendants have still not made clear what, precisely, they are appealing and on what basis they believe this is permissible. For example, eight official capacity claims remain in this case; Defendants have never made clear precisely which of those claims they intend to appeal. Nor have Defendants even attempted to explain why *each* of the eight claims is "inextricably intertwined" with this Court's denial of absolute immunity or with what Defendants contend is its "implicit" denial of qualified immunity on four of the eight claims. Instead, Defendants seek to capitalize on their own lack of clarity about what they plan to appeal and use it to request a stay of this entire case instead. This Court should not allow them to do so.

Accordingly, Plaintiffs ask this Court to deny Defendants' motion for a stay except as to the claims against the Individual Defendants for damages.

Respectfully submitted this 19th day of April, 2019,


Anna Arceneaux
Admitted *pro hac vice*
American Civil Liberties Union Foundation
201 West Main Street, Suite 402
Durham, NC 27701
Tel. (919) 682-5159
aarceneaux@aclu.org

Somil Trivedi

/s/Katherine Chamblee-Ryan
Katherine Chamblee-Ryan
Ryan C. Downer
Olevia Boykin*
Admitted *pro hac vice*
Civil Rights Corps
910 17th Street NW
Washington, D.C. 20006
Tel. (202) 656-5198
ryan@civilrightscorps.org

Admitted *pro hac vice*
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Tel: (202) 715-0802
strivedi@aclu.org

Mariana Kovel
Admitted *pro hac vice*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (646) 905-8870

katie@civilrightscorps.org
olevia@civilrightscorps.org

Bruce Hamilton
La. Bar No. 33170
ACLU Foundation of Louisiana
New Orleans, LA 70156
Tel. (504) 522-0628
bhamilton@laaclu.org

Michael S. Blume
Venable LLP
1270 Avenue of the Americas
24th Floor
New York, NY 10020
Tel: (212) 370-5500

\* Admitted to practice solely in Texas. Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c), with supervision by Alec Karakatsanis, a member of the D.C. Bar.

COUNSEL FOR PLAINTIFFS