# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE, | Civil Action No. 17-10721 |
| *Plaintiffs*, | Section H<br>Judge Jane Triche Milazzo |
| v. | Division 1<br>Magistrate Judge Janis van Meerveld |
| LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities, | |
| *Defendants*. | |

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONFIRM STAY

The Defendants, through their undersigned counsel, respectfully submit this supplemental brief in response to the Court's April 29, 2019 order directing the Defendants to "specify[ ] exactly which aspects of this Court's February 28, 2019 Order and Reasons [they] are appealing to the Fifth Circuit." Doc. No. 137. This case is particularly complex because a large number of parties, claims, and theories have been combined into a single complaint. Accordingly, this Court's 52-page Order and Reasons includes many rulings on a variety of issues. Because many of these issues are intertwined with the immediately appealable question of immunity, the Defendants contend that most of the claims in this case are encompassed within the Defendants' appeal.

1

Specifically, on May 1, 2019, the Defendants filed an appellate brief in the Fifth Circuit appealing the following issues in this Court's Order and Reasons:

1.      The Defendants are appealing this Court's denial of absolute immunity in part, which allowed damages claims under federal and state law to proceed against various Individual Defendants.

2.      The Defendants are appealing this Court's denial of qualified immunity in part, which allowed federal damages claims to proceed against Leon Cannizzaro (individually), Graymond Martin, and David Pipes. Specifically, the Court allowed claims under Count VI (failure to supervise) and Count VII (failure to intervene) to go forward to the extent that they were based on "the alleged creation and use of 'subpoenas.'" Doc. No. 116 at 51. Because this Court specifically connected the Plaintiffs' First Amendment compelled-speech claim and Fourteenth Amendment substantive-due-process claims to the creation and use of "subpoenas,"[1] the Defendants interpret the Court's ruling to mean that the surviving failure-to-supervise and failure-to-intervene claims against Mr. Cannizzaro (individually), Mr. Martin, and Mr. Pipes are premised on alleged underlying violations of the First and Fourteenth Amendments. The Defendants do not believe that these surviving claims are premised on the alleged Fourth Amendment violations of Count I because that count is not based on the use of "subpoenas." Additionally, the Defendants do not believe that these surviving claims are premised on the alleged Fourth Amendment violations of Count II or the alleged Fourteenth Amendment violations of Count IV because the

---

[1] *See* Doc. No. 116 at 22 ("At issue here is whether prosecutors' use of 'subpoenas' to compel witnesses into meeting privately with prosecutors outside of court violates the First Amendment's compelled speech doctrine."); *id.* at 25 (stating that the surviving substantive-due-process claims are based on "Plaintiffs' allegations that prosecutors manufactured 'subpoenas,' deliberately side-stepping judicial oversight of the subpoena process").

Court dismissed all damages claims under those counts for failure to state a claim. *See* Doc. No. 116 at 21 & n.89; *id.* at 39.

3.      The Defendants are appealing this Court's ruling allowing Silence Is Violence to maintain claims challenging allegedly unlawful policies and practices without showing any specific underlying constitutional violation. *See* Doc. No. 116 at 43–44. Because it appears that the surviving damages claims Mr. Cannizzaro (individually), Mr. Martin, and Mr. Pipes under Count VI and Count VII include claims by Silence Is Violence, this ruling is encompassed by the Defendants' appeal of the partial denial of qualified immunity.

4.      The Defendants are appealing this Court's rulings holding that some Plaintiffs adequately stated a claim for relief under Count III (First Amendment compelled speech) and Count V (Fourteenth Amendment substantive due process), which allowed claims for injunctive relief and damages claims against Mr. Cannizzaro in his official capacity to go forward. Although these rulings are not immediately appealable in their own right, the Fifth Circuit has jurisdiction to address and grant relief on these rulings because they are inextricably intertwined with the denial of qualified immunity. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) ("The Supreme Court has held that appeals courts, in reviewing the denial of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis of qualified immunity, have 'jurisdiction to pass on the sufficiency of the pleadings,' which is an 'issue of law' that 'is both inextricably intertwined with, and directly implicated by, the qualified immunity defense.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 672–73 (2009)); *see also Pollard v. City of Columbus*, 780 F.3d 395, 401 (6th Cir. 2015); *Roberts v. City of Omaha*, 723 F.3d 966, 975–76 (8th Cir. 2013); *Chandler v. Sec'y of Fla. Dept. of Transp.*, 695 F.3d 1194, 1198 n.1 (11th Cir. 2012); *Smook v. Minnehaha County*, 457 F.3d 806, 815 (8th Cir. 2006).

5.     The Defendants are appealing this Court's rulings holding that some Plaintiffs adequately stated a claim for relief under Count VIII (abuse of process) and Count IX (fraud). Although these rulings are not immediately appealable in their own right, the Fifth Circuit has jurisdiction to address and grant relief on these rulings because the state-law claims are "closely related" to the issues in the immunity appeal, *Morin v. Caire*, 77 F.3d 116, 119–20 (5th Cir. 1996); because "state law claims are neither novel nor complex" and "revolve around an identical set of facts and have nearly identical elements to the federal claims and are thus sufficiently intertwined," *Batiste v. Theriot*, 458 F. App'x 351, 359–60 (5th Cir. 2012); and because "addressing the[se] pendent claim[s] will further the purpose of officer-immunities by helping the officer avoid trial." *Escobar v. Montee*, 895 F.3d 387, 392–93 (5th Cir. 2018); *see also Waller v. Hanlon*, – F.3d –, 2019 WL 1783558, at *4 (5th Cir. Apr. 24, 2019) ("It would undermine the purpose of qualified immunity if the defendants here were subject to trial on the [state-law] declaratory-judgment claims despite immunity from the § 1983 claims.").

Assuming the Fifth Circuit rules in the Defendants' favor on all issues raised in the Defendants' appellate brief, the only claims remaining in the case will be: (1) the Fourth Amendment claims by Mr. Mitchell, Ms. Baham, and Mr. Roe under Count I; (2) the Fourth Amendment claims by Ms. Doe and Silence Is Violence under Count II; and (3) the First Amendment retaliation claims by all Plaintiffs except Mr. Roe under Count III.[2]

---

[2] However, if the Fifth Circuit accepts the Defendants' argument that the First Amendment creates no right for witnesses to refuse to speak with prosecutors about crimes they witnessed, this would necessarily undermine the Plaintiffs' First Amendment retaliation claims because they could not show that they "engaged in constitutionally protected activity." *See* Doc. No. 116 at 23 (citing *Brooks v. City of West Point*, 639 F. App'x 986, 989 (5th Cir. 2016)). Additionally, if the Fifth Circuit accepts the Defendants' argument that Silence Is Violence cannot maintain claims challenging policies and practices without adequately alleging an underlying constitutional violation, this would necessarily undermine Silence Is Violence's claims in Count II and Count III.

Finally, the Fifth Circuit recently rejected the Plaintiffs' request for a pre-merits ruling narrowing the issues on appeal due to alleged lack of appellate jurisdiction. The Plaintiffs previously filed a motion for partial dismissal in the Fifth Circuit, requesting that the Defendants' appeal be dismissed for lack of jurisdiction "except as it applies to the district court's denial of absolute immunity to individual defendants." *See* Doc. No. 132-1 at 16. The Plaintiffs also requested that the Fifth Circuit suspend the briefing schedule pending a ruling on their motion for partial dismissal, so that the merits briefing would be focused on the single issue they believe is properly appealable (absolute immunity). The Plaintiffs argued that the Defendants' invocation of pendent appellate jurisdiction was "frivolous" and "so devoid of merit that [the Fifth Circuit] can quickly review and dispose of" it before allowing the appeal to go forward.[3] On April 30, 2019, the Fifth Circuit denied the Plaintiffs' motion to suspend the briefing schedule. On the same date, the Fifth Circuit ruled that the motion for partial dismissal would be carried with the case and considered along with the merits of the appeal.

---

[3] *See* Reply in Support of Plaintiffs-Appellees' Motion to Suspend Briefing Schedule, filed on April 24, 2019, in the Fifth Circuit, Case No. 19-30197.

Respectfully submitted,

 /s/ Robert L. Freeman, Jr.
Robert L. Freeman, Jr., 21596
OFFICE OF THE DISTRICT ATTORNEY,
PARISH OF ORLEANS
619 South White Street
New Orleans, Louisiana 70119
Telephone:  (504) 822-2414, ext. 2877
Facsimile:  (504) 827-6393

Thomas J. Barbera, 18719
LAW OFFICE OF THOMAS J. BARBERA
1010 Common Street, Suite 3000
New Orleans, Louisiana 70119
Telephone:  (504) 931-0662
Facsimile:  (504) 581-7083

*Counsel for Leon Cannizzaro (in his official capacity as Orleans Parish District Attorney)*

 /s/ Matthew J. Paul
Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
 & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069

*Counsel for Leon Cannizzaro (in his individual capacity); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins*