## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON,<br>MARC MITCHELL,<br>LAZONIA BAHAM,<br>JANE DOE,<br>TIFFANY LACROIX,<br>FAYONA BAILEY,<br>JOHN ROE, and<br>SILENCE IS VIOLENCE,<br><br>     *Plaintiffs*,<br><br>        v.<br><br>LEON CANNIZZARO, in his official<br>capacity as District Attorney of Orleans<br>Parish and in his individual capacity;<br><br>DAVID PIPES,<br>IAIN DOVER,<br>JASON NAPOLI,<br>ARTHUR MITCHELL,<br>TIFFANY TUCKER,<br>MICHAEL TRUMMEL,<br>MATTHEW HAMILTON,<br>INGA PETROVICH,<br>LAURA RODRIGUE,<br>SARAH DAWKINS, and<br>JOHN DOE,<br>in their individual capacities;<br><br>     *Defendants*. | CIVIL ACTION NO. 2:17-cv-10721<br><br><br>JUDGE: JANE TRICHE MILAZZO<br><br><br>MAGISTRATE: JANIS VAN MEERVELD |

### PLAINTIFFS' RULE 62.1 MOTION FOR AN INDICATIVE RULING

Pursuant to Federal Rule of Civil Procedure 62.1,[1] Plaintiffs move this Court for an

indicative ruling that it would amend its February 28, 2019 order to dismiss the individual

---

[1] Rule 62.1 provides that if a party makes a motion the district court "lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The Rule is not limited to motions pursuant to Rule 60(b) or to motions made after final judgment. *See Ret. Bd. of Policemen's Annuity & Ben. Fund of City*

damages claims against supervisors for failure to train and failure to supervise.  In the alternative, Plaintiffs move this Court for an indicative ruling that it would allow Plaintiffs to amend their Second Amended Complaint in order to withdraw the individual damages claims against Defendants Cannizzaro, Martin, and Pipes ("Supervisory Defendants") based on failure to supervise and failure to intervene ("FTS and FTI claims") if the Fifth Circuit remanded for that purpose.

The Defendants did not raise the affirmative defense of qualified immunity with respect to these claims in their motion to dismiss, and thus that issue was not addressed in this Court's order (neither is it properly before the Fifth Circuit on appeal). However, for the sake of efficiency and judicial economy, Plaintiffs would withdraw the FTS and FTI claims because caselaw indicates that individual supervisory defendants receive qualified immunity if their supervisees are immune for the underlying constitutional violations.

## BACKGROUND

Plaintiffs filed the Second Amended Complaint in this action in January 2018, bringing claims against Defendant Leon Cannizzaro, in his official and individual capacity, and several individual prosecutors for the creation and use of fraudulent subpoenas and the abuse of material witness warrants. On March 1, 2018, Defendants filed a motion to dismiss. After this Court ruled on Defendants' motion on February 28, 2019, three broad categories of claims survived: (1) claims

*of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013). Courts have entertained motions to clarify a judgment and to amend complaints under the rule. *See United States ex rel. Julie Williams v. Renal Care Grp.*, No. 3:09-738, 2010 WL 2595134, at *3 (M.D. Tenn. June 22, 2010*), rev'd and remanded sub nom. on other grounds*, 696 F.3d 518 (6th Cir. 2012); *Sterrett v. Cowan*, No. 2:14-CV-11619, 2015 WL 13719720, at *1 (E.D. Mich. Sept. 30, 2015); *Karsjens v. Jesson*, No. CIV. 11-3659 DWF/JJK, 2015 WL 1893191, at *3 (D. Minn. Apr. 24, 2015).

against Individual Defendants for damages; (2) claims against Individual Defendants for injunctive relief; and (3) official capacity claims for both damages and injunctive relief.[2]

Defendants filed a notice of interlocutory appeal of the February 28 order. Although Defendants have submitted a brief that places nearly the entirety of the Court's order on appeal, Plaintiffs have asserted that only absolute immunity issues are legitimately before the Circuit Court. *See, e.g.*, Defs.' Fifth Cir. Br. on Appeal, Doc. 00514939374, at 1-5.

Even so, because at least some claims from the Second Amended Complaint are before the Fifth Circuit on appeal, this Court likely cannot revise its February 28 order or entertain a Rule 15 motion to amend the pleadings during the appeal's pendency. *See, e.g.*, <u>Karsjens v. Jesson</u>, No. CIV. 11-3659 DWF/JJK, 2015 WL 1893191 (D. Minn. Apr. 24, 2015) (on Rule 62.1 motion, indicating that District Court would grant plaintiff's motion to dismiss certain claims upon the Circuit Court's remand). Plaintiffs therefore seek an indicative order pursuant to Rule 62.1 to narrow and clarify the issues on appeal and to avoid a time-consuming remand for further litigation on the issue of qualified immunity. Regardless of the Court's response to this motion, Plaintiffs maintain that discovery can and should expeditiously move forward on the issues in this case that are not subject to interlocutory appeal.

## ARGUMENT

Defendants have only recently explained to this Court and to Plaintiffs the basis for their contention that qualified immunity issues are before the Fifth Circuit on appeal. They argue that, even though they never explicitly raised a qualified immunity defense as to the FTS and FTI

---

[2] As this Court outlined in its Order, official capacity claims remain on Counts I, II, III, V, VI, VII, VIII, and IX. *See* Doc. 116 at 51-52. Claims for injunctive relief against certain individual defendants remain on Counts I, III, VI, VII, VIII, and IX. Claims against certain individual defendants for damages remain on Counts VI, VII, and IX. By listing the Court's rulings on Plaintiffs' claims in this footnote, Plaintiffs do not waive their rights to later appeal, contest, or clarify those rulings.

claims, they did so with respect to the underlying compelled speech and substantive due process claims. Therefore, Defendants contend, they implicitly raised qualified immunity defenses as to the FTS and FTI claims, and this Court implicitly denied them. *See* Defs.' Supp. Br., Doc. 138, at 2; Defs' Fifth Cir. Sur-Reply in Support of Mot. to Dismiss Opp., Doc. 00514931879, at 3.

Plaintiffs reject Defendants' argument. Although related to the compelled speech and substantive due process claims, the FTS and FTI claims are independent causes of action. *See, e.g.*, *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (holding officer could be liable for failure to intervene). To raise immunity defenses as to those independent (albeit related) claims, Defendants were required to state them and to do so plainly. *See Ramirez v. Escajeda*, 921 F.3d 497 (5th Cir. 2019) (dismissing defendant police officers' appeal of the denial of a Rule 12(b)(6) motion because they did not raise qualified immunity below). Because these arguments were not included in their motion to dismiss briefing, Defendants did not present this Court with an opportunity to consider or rule on this question.

However, if Defendants were to properly raise qualified immunity on the FTS and FTI claims in the future, Plaintiffs acknowledge that, based on what this Court has already found, it would be appropriate to grant the supervisor defendants qualified immunity. Thus, in order to anticipate and expedite a remand from the Fifth Circuit, Plaintiffs respectfully request that this Court indicate it would either 1) grant qualified immunity to the supervisor defendants, dismissing the FTS and FTI damages claims, or 2) allow Plaintiffs to amend the Second Amended Complaint to withdraw those claims.[3]  This will obviate the need for Defendants to file

---

[3] This revision or amendment would not affect individual claims for injunctive relief against these Defendants, damages claims against Defendant Cannizzaro in his official capacity, the state law claims, or any other claims in the case. Plaintiffs seek to make no other revisions to their complaint.

a successive, time-consuming Rule 12(b) motion to dismiss the FTS and FTI claims on the basis of qualified immunity.

Moreover, because Defendants' motion for a stay of discovery depends almost entirely on the notion that this Court denied qualified immunity as to these claims and that this issue is now on appeal, *see* Defs.' Reply in Support of Motion to Stay, Doc. 132, at 3-6, granting Plaintiffs this relief will make it even clearer that Defendants have no basis for the wide-reaching stay they seek.

Plaintiffs seek this relief so that this case can move forward in a more efficient manner and allow Plaintiffs to obtain the important relief they require. Courts can use their discretion to clarify or amend an order under Rule 62.1. *United States ex rel Julie Williams v. Renal Care Grp.*, No. 3:09-738, 2010 WL 2595134, at *3-*4 (M.D. Tenn. June 22, 2010). And, alternatively, leave to amend should be given "freely when justice so requires." Fed. R. Civ. P. 15. Justice requires it here. Plaintiffs have alleged that the egregious and unlawful practices identified in the Second Amended Complaint are widespread and ongoing. The sooner Plaintiffs reach the discovery phase, the sooner these practices can be fully brought to light and permanently enjoined.

Defendants would not be prejudiced by this relief. Indeed, they have invited it. *See* Defs.' Fifth Cir. Sur-Reply in Support of Mot. to Dismiss Opp., Doc. 00514931879, at 2 ("But if the Plaintiffs truly believe that these claims do not survive, as suggested by their Reply, the Defendants do not object to entry of an order confirming that they have been dismissed."). Further, Plaintiffs are seeking to reduce the number of issues in contention, not to expand them. Defendants have no basis for opposing this relief.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court indicate, pursuant to Rule 62.1, that it would either grant qualified immunity to the supervisor defendants on the FTS and FTI damages claims or, in the alternative, grant plaintiffs the right under Rule 15 to amend the complaint to withdraw those claims.

Respectfully submitted this 11th day of May, 2019,

Anna Arceneaux
Admitted *pro hac vice*
American Civil Liberties Union Foundation
201 West Main Street, Suite 402
Durham, NC 27701
Tel. (919) 682-5159
aarceneaux@aclu.org

Somil Trivedi
Admitted *pro hac vice*
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Tel: (202) 715-0802
strivedi@aclu.org

Mariana Kovel
Admitted *pro hac vice*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (646) 905-8870

/s/Katherine Chamblee-Ryan
Katherine Chamblee-Ryan
Ryan C. Downer
Olevia Boykin*
Admitted *pro hac vice* Civil
Rights Corps
910 17th Street NW
Washington, D.C. 20006
Tel. (202) 656-5198
ryan@civilrightscorps.org
katie@civilrightscorps.org
olevia@civilrightscorps.org

Bruce Hamilton
La. Bar No. 33170
ACLU Foundation of
Louisiana New Orleans, LA
70156
Tel. (504) 522-0628
bhamilton@laaclu.org

Michael Blume
Venable LLP
1270 Avenue of the Americas
24th Floor
New York, NY 10020
Tel: (212) 370-5500

* Admitted to practice solely in Texas. Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c), with supervision by Alec Karakatsanis, a member of the D.C. Bar.

COUNSEL FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of May, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and that service will be provided through the CM/ECF system.

<u>/s/Katherine Chamblee-Ryan</u>