UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON,<br>MARC MITCHELL,<br>LAZONIA BAHAM,<br>JANE DOE,<br>TIFFANY LACROIX,<br>FAYONA BAILEY,<br>JOHN ROE, and<br>SILENCE IS VIOLENCE,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity;<br><br>DAVID PIPES,<br>IAIN DOVER,<br>JASON NAPOLI,<br>ARTHUR MITCHELL,<br>TIFFANY TUCKER,<br>MICHAEL TRUMMEL,<br>MATTHEW HAMILTON,<br>INGA PETROVICH,<br>LAURA RODRIGUE,<br>SARAH DAWKINS, and<br>JOHN DOE,<br>in their individual capacities;<br><br>    *Defendants*. | CIVIL ACTION NO. 2:17-cv-10721<br><br>JUDGE: JANE TRICHE MILAZZO<br><br>MAGISTRATE: JANIS VAN MEERVELD |

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO RULE 62.1 FOR INDICATIVE RULING

As they state plainly in their opposition brief (Doc. 143), Defendants do not oppose the ultimate relief Plaintiffs are seeking in their Rule 62.1 motion—that is, the dismissal or deletion of the claims for damages against Defendants Cannizzaro, Pipes, and Martin in their individual

1

capacities for failure to supervise and failure to intervene ("FTS and FTI claims"). *See* Doc. 143 at 2. Rather, Defendants' sole argument against Plaintiffs' motion is that it is procedurally improper. It is not. Plaintiffs are invoking Rule 62.1 just as was intended.

Defendants suggest that prior to seeking relief under Rule 62.1, Plaintiffs should have filed a "timely motion" to amend the Court's order or under Rule 15, even as they maintain that this Court does not have jurisdiction to entertain such a motion. Doc. 143 at 3. Nothing in the text of the rule or any binding case law interpreting it mandates such a formalistic procedure. Indeed, courts regularly consider and act upon Rule 62.1 motions without requiring a predicate motion. *See, e.g.*, *Metalcraft of Mayville, Inc. v. Toro Co.*, No. 16-CV-544, 2016 WL 8737777, at *1 (E.D. Wis. Nov. 18, 2016) ("It is clear to me (and seems to be clear to the parties) what underlying relief defendants are requesting."); *Sterrett v. Cowan*, No. 2:14-CV-11619, Order Granting Motion for Indicative Ruling, Doc. 88, at 2 (E.D. Mich. Sept. 14, 2015) (granting Rule 62.1 relief without a predicate motion); *see also id.*, Doc. 87.

Similarly, Defendants' statement that Plaintiffs seek an indication "that *if* such a motion were to be filed, and *if* the Court had jurisdiction to rule on it, the motion would be granted," Doc. 143 at 2, is not an actual critique; rather, it is essentially a description of how Rule 62.1 works. *See Dobyns v. United States*, 915 F.3d 733, 737 (Fed. Cir. 2019) (describing a remand after party's request "that the Claims Court make an indicative ruling pursuant to Rule 62.1 of its intention to alter, amend or void the judgment *if* vested with jurisdiction") (internal brackets and quotation marks omitted); *Kinford v. Pincock*, No. 15CV00512, 2017 WL 2684321, at *2 (D. Nev. Apr. 21, 2017), *report and recommendation adopted*, No. 15CV00512, 2017 WL 2684090 (D. Nev. June 21, 2017) ("District Judge … stated pursuant to Rule 62.1, *if* the appellate court were to remand

2

for the limited purpose of addressing Plaintiffs motion, the court would rule that it made an oversight.").

In any event, Plaintiffs have been clear about what relief they are seeking. Although styled as a Rule 62.1 motion and accordingly framed using conditional language, Plaintiffs' motion ultimately seeks the termination of the FTS and FTI claims, either through a clarification of the Court's order of dismissal or an amendment of the Second Amended Complaint under Rule 15. Because Plaintiffs cannot obtain that relief outright due to the pending appeal, they request an indicative ruling and, upon a limited remand, an actual one.[1] To the extent a predicate motion is required, however, Plaintiffs ask that the Court construe their Rule 62.1 motion—which fully sets forth the substantive relief sought—as a motion requesting such relief and consider it under the Rule. Of course, if this Court would prefer a different procedural vehicle for this request, Plaintiffs will re-style this motion and resubmit it.

Further, despite Defendants' insistence otherwise, Plaintiffs do not "ask the district court to issue an indicative ruling considering the same question being reviewed by the court of appeals." Doc. 143 at 3 (citing *Ret. Bd. of Policeman's Annuity & Benefit Fund v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013)). Far from it. Unlike the plaintiffs in *Policeman's Annuity & Benefit Fund*, which Defendants cite, Plaintiffs here do not seek to bolster their allegations to reinstate claims they lost. *See id.* at 221-22 (rejecting Rule 62.1 motion where the plaintiffs sought to *add* certain claims so as to cure defects in class standing in an attempt to

---

[1] Should this Court enter an indicative ruling, Plaintiffs will notify the Court of Appeals pursuant to Federal Rule of Appellate Procedure 12.1 in anticipation of a limited remand to this Court for the purpose of actually granting the relief sought. In addition, Plaintiffs reiterate that while this Court may lack jurisdiction to allow amendment of a complaint subject to appeal, it retains jurisdiction over elements of the case not on appeal and discovery can proceed on them. *See* Doc. 127.

3

resurrect a dismissed complaint while it was on appeal). Instead, Plaintiffs ask this Court to *delete* the FTS and FTI claims from the case because—although they did not raise qualified immunity in their motion to dismiss and it is thus *not* properly before the Circuit Court on appeal—under this Court's analysis, those claims should be dismissed based on the defense (and presumably will be once Defendants actually raise it).

Plaintiffs' abandonment of certain claims here is not an "improper and disruptive attempt to influence a pending appeal," as Defendants contend. Doc. 143 at 2. That doing so may have jurisdictional implications is not significant. *See, e.g.*, *Enochs v. Lampasas Cty.*, 641 F.3d 155, 160 (5th Cir. 2011) ("Enochs's motion to amend his complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all."); *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 340 (5th Cir.1999) (finding that an amendment to a complaint deleting the remaining federal claims was not improper forum manipulation); *accord Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1093–94 (9th Cir. 2011) ("[A] plaintiff may voluntarily abandon a claim even though his decision may affect the jurisdiction of a federal court; after all, the claim he abandons—once dismissed with prejudice—is the price he pays.").[2]

Moreover, it is Defendants who have attempted to improperly manufacture a basis for a stay in this Court and for expanded pendent jurisdiction on appeal by falsely claiming that this Court silently denied qualified immunity on these claims, even though Defendants never raised it. In every claim for which Defendants sought it in their motion to dismiss, this Court granted

---

[2] The cited cases each concerned the much more drastic act of deleting federal claims for the purpose of depriving a federal court of jurisdiction *entirely*. And even so, these cases held that such deletions were proper. Here, Plaintiffs' deletion would only have the effect of narrowing the questions on appeal at the interlocutory stage, not permanently stripping any court of jurisdiction or removing issues to state court.

qualified immunity to the Individual Defendants. Defendants now argue that this Court "implicitly denied" qualified immunity on the FTS and FTI claims despite their failure to properly present it. Defendants then use this alleged "implicit denial" to attempt to bootstrap nearly all of the merits questions remaining in this case into the interlocutory appeal. *See, e.g.*, Doc. 132 at 4; Defs.' Fifth Cir. Br. on Appeal, Doc. 00514939374, at 1-5. Plaintiffs' aim in filing their Rule 62.1 motion is to undo any confusion sowed by Defendants' tactics—that is, to clarify for both this Court and the Court of Appeals which issues are live and ripe for decision and which are clearly not.

For the foregoing reasons and those articulated in the opening memorandum, this Court should grant Plaintiffs' Motion.

Respectfully submitted this 31st day of May, 2019,

Anna Arceneaux
Admitted *pro hac vice*
American Civil Liberties Union Foundation
201 West Main Street, Suite 402
Durham, NC 27701
Tel. (919) 682-5159
aarceneaux@aclu.org

Somil Trivedi
Admitted *pro hac vice*
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Tel: (202) 715-0802
strivedi@aclu.org

Mariana Kovel
Admitted *pro hac vice*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor

/s/Ryan C. Downer
Katherine Chamblee-Ryan
Ryan C. Downer
Olevia Boykin*
Admitted *pro hac vice*
Civil Rights Corps
910 17th Street NW
Washington, D.C. 20006
Tel. (202) 656-5198
ryan@civilrightscorps.org
katie@civilrightscorps.org
olevia@civilrightscorps.org

Bruce Hamilton
La. Bar No. 33170
ACLU Foundation of Louisiana
New Orleans, LA 70156
Tel. (504) 522-0628
bhamilton@laaclu.org

Michael Blume

| | |
|---|---|
| New York, NY 10004 | Venable LLP |
| Tel: (646) 905-8870 | 1270 Avenue of the Americas |
| | 24th Floor |
| | New York, NY 10020 |
| | Tel: (212) 370-5500 |

\* Admitted to practice solely in Texas. Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c), with supervision by Alec Karakatsanis, a member of the D.C. Bar.

COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of May, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and that service will be provided through the CM/ECF system.

/s/Ryan Downer