# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RENATA SINGLETON ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-10721** |
| **LEON CANNIZZARO ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Defendants' Motion to Confirm a Stay of Proceedings (Doc. 121) and Plaintiffs' Rule 62.1 Motion for an Indicative Ruling (Doc. 141). For the following reasons, the Motions are **DENIED**.

## BACKGROUND

This is a civil rights lawsuit brought by victims and witnesses of crimes against Orleans Parish District Attorney Leon Cannizzaro and a handful of his assistant district attorneys.[1] Plaintiffs allege that Defendants violated the U.S. Constitution and Louisiana law by fraudulently compelling them to cooperate in criminal prosecutions. Plaintiffs seek monetary damages and injunctive relief from Defendants.

On March 1, 2018, Defendants filed a Joint Motion to Dismiss Plaintiffs' claims.[2] Defendants argued that they enjoyed both absolute and qualified immunity from many of Plaintiffs' claims seeking monetary damages from the

---

[1] This Court has previously detailed the background of this lawsuit, and it need not do so again here. *See* Doc. 116 at 1–6.

[2] *See* Doc. 63.

Defendants in their individual capacities. Defendants also argued that, with respect to many of Plaintiffs' claims, Plaintiffs had failed to state claims on which relief could be granted and that many of the same claims were prescribed. For one reason or another, Defendants argued that all of Plaintiffs' claims should be dismissed.

On February 28, 2019, the Court dismissed some, but not all, of Plaintiffs' claims.[3] Shortly thereafter, on March 12, 2019, Defendants filed a Notice of Appeal of this Court's February 28, 2019 Order and Reasons.[4] Two days after that, Defendants filed the instant Motion to Confirm a Stay of these proceedings pending the Fifth Circuit's ruling on Defendants' appeal.[5]

In their Motion, Defendants argued that they are entitled to a stay of the proceedings before this Court while the Fifth Circuit considers their appeal. Because this Court's decision depends in part on the issues being appealed, the Court on April 29, 2019 ordered Defendants to specify the issues they were appealing.[6] In response, Defendants argued that  "most of the claims in this case are encompassed within the Defendants' appeal."[7] Plaintiffs disagree. It is their position that the appealable issues are much narrower than Defendants suggest, and that the Fifth Circuit actually lacks jurisdiction to hear some of the issues Defendants are trying to appeal.

The briefing on Defendants' Motion to Confirm a Stay eventually led Plaintiffs to file a Rule 62.1 Motion for an Indicative Ruling. In that Motion, Plaintiffs ultimately seek a ruling from this Court that it would allow Plaintiffs to voluntarily dismiss their § 1983 failure to supervise and failure to intervene

---

[3] *See* Doc. 116.
[4] Doc. 118. The appeal bears Case No. 19-30197 at the Fifth Circuit.
[5] Doc. 121.
[6] *See* Doc. 137.
[7] Doc. 138 at 1.

claims.[8] Defendants oppose the Motion as procedurally improper even though they do not oppose the ultimate dismissal of the claims Plaintiffs seek to voluntarily dismiss.[9]

The Court will address Defendants' Motion to Confirm a Stay of these proceedings before turning to Plaintiffs' Rule 62.1 Motion for an Indicative Ruling.

## LAW AND ANALYSIS

### I.   Motion to Confirm a Stay of Proceedings

"Although appeals transfer jurisdiction from the district court to the appellate court concerning 'those aspects of the case involved in the appeal,' the district court is nonetheless free to adjudicate matters that are not involved in that appeal."[10] This is true even when a party appeals a district court's finding that absolute immunity does not apply to certain conduct or that qualified immunity does not apply to certain claims.[11]

At this point, several aspects of this Court's February 28, 2019 Order and Reasons bear repeating. First, the Court held that the Defendants enjoyed absolute immunity from some—but not all—of Plaintiffs' claims.[12] Specifically, the Court held that "[t]he Individual Defendants are not absolutely immune for claims seeking damages based on allegations of: (1) creating or issuing 'subpoenas' to Plaintiffs and (2) failures to supervise or intervene in the

---

[8]  *See* Doc. 146 at 3.

[9]  *See* Doc. 143 at 2.

[10] Weingarten Realty Inv'rs v. Miller, 661 F.3d 904, 908 (5th Cir. 2011) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 59 (1982)) (citations omitted).

[11] Cutler v. Stephen F. Austin State Univ., 767 F.3d 462, 468 (5th Cir. 2014) ("[W]e have 'jurisdiction only to decide whether the district court erred in concluding as a matter of law that officials are not entitled to qualified immunity on a given set of facts.'") (quoting Kinney v. Weaver, 367 F.3d 337, 347 (5th Cir. 2004) (en banc)).

[12] Doc. 116 at 17.

aforementioned conduct."[13] This holding embodies the core of Defendants' pending appeal.

This Court recognizes that Defendants are entitled to an interlocutory appeal of an order denying them absolute immunity in some respects.[14] What this Court fails to recognize, however, is how such an appeal divests the Court of jurisdiction to proceed regarding Plaintiffs' remaining claims.

In contending that "most" of Plaintiffs' claims in this case are encompassed within their appeal, Defendants rely heavily on this Court's alleged "denial of qualified immunity in part."[15] More specifically, Defendants argue that this Court denied Defendants Cannizzaro, Martin, and Pipes qualified immunity from claims based on their alleged failure to supervise and failure to intervene in the alleged creation and use of "subpoenas."

This Court did no such thing. In a 45-page memorandum in support of their Joint Motion to Dismiss, which appeared to challenge all of Plaintiffs' numerous claims on one ground or another, Defendants devoted two paragraphs to Plaintiffs' § 1983 failure to supervise and failure to intervene claims.[16] The section reads, in its entirety:

> The Plaintiffs allege that Mr. Cannizzaro, Mr. Martin, and Mr. Pipes are liable for the specific alleged violations of the First, Fourth, and Fourteenth Amendments described above because they failed to adequately train, supervise, and discipline the attorneys and agents under his supervision. Complaint at ¶ 434. The Plaintiffs further allege that Mr. Martin "directly instructed" the other Individual Defendants to engage in the conduct that allegedly violated the Plaintiffs' rights. However, because the

---

[13] *Id.*

[14] *See* Keko v. Hingle, 318 F.3d 639, 642 n. 3 (5th Cir. 2003) ("The denial of an immunity defense may be subject to interlocutory appeal.").

[15] Doc. 138 at 2.

[16] *See* Doc. 63-1 at 45–46.

> Plaintiffs have not adequately alleged any actionable violation of their rights, these supervisory-liability claims necessarily fail.
>
> The Plaintiffs further allege that each of the Individual Defendants is liable for the wrongdoing of each of the others because they "knew or should have known that they and others within the District Attorney's Office were violating Plaintiffs' constitutional rights" yet acted with deliberate indifference in failing to intervene. *Id.* at ¶¶ 437–438. Again, in the absence of any underlying actionable constitutional violations, such secondary claims necessarily fail. Further, such conclusory allegations lack the factual specificity necessary to plausibly allege that any of the Individual Defendants acted with deliberate indifference with respect to alleged wrongdoing by others within the DA's office.[17]

To the extent Defendants raised a qualified immunity defense in these two paragraphs, this Court failed to recognize it as such. Defendants' Memorandum in support of their Motion to Dismiss specifically outlined qualified immunity challenges to the vast majority of Plaintiffs' claims.[18] No such challenge appeared in the paragraphs challenging Plaintiffs' failure to supervise and failure to intervene claims.[19]

In its February 28, 2019 Order and Reasons, this Court granted Defendants qualified immunity from every claim seeking monetary damages from an individual to the extent that such an argument was raised.[20] Defendants cannot appeal rulings that this Court did not issue.[21] Accordingly,

---

[17] Doc. 63-1 at 45–46.
[18] *See id.* at 2–4.
[19] *See id.* at 4, 45–46.
[20] *See* Doc. 116.
[21] *See* 28 U.S.C. §§ 1291–92.

this Court does not believe that any issue involving qualified immunity is currently pending before the Fifth Circuit.

Under 28 U.S.C. § 1291, federal appellate courts possess jurisdiction over "all final decision of the district courts of the United States." An order denying a motion to dismiss is not ordinarily a "final decision" that falls within the appellate court's jurisdiction.[22] As stated by the Supreme Court and recently noted by the Fifth Circuit, "interlocutory appeals—appeals before the end of district court proceedings—are the exception, not the rule."[23]

Here, Defendants are attempting to turn the collateral order doctrine into the rule rather than the exception. This Court is unpersuaded that Defendants' appeal is as far-reaching as they suggest. Although Defendants could have sought certification from this Court that its February 28, 2019 Order and Reasons was a final appealable order pursuant to 28 U.S.C. § 1292(b), they did not do so.

This Court believes that even if Defendants receive a favorable ruling from the Fifth Circuit, most of Plaintiffs' claims will remain. That is, even if the Fifth Circuit finds that Defendants are entitled to absolute immunity for the creation and use of "subpoenas," Plaintiffs numerous claims seeking injunctive relief and seeking damages from Cannizzaro in his official capacity will remain. This Court sees no reason to stay litigation that will proceed similarly regardless of how the Fifth Circuit rules on Defendants' appeal. Accordingly, Defendants' request for a stay is denied.

---

[22] *See* Armstrong v. Ashley, 918 F.3d 419, 421–22 (5th Cir. 2019).
[23] *Id.* (quoting Johnson v. Jones, 515 U.S. 304, 309, (1995)).

## II.   Rule 62.1 Motion for an Indicative Ruling

Federal Rule of Civil Procedure 62.1(a) provides, in relevant part:

> If a timely motion is made for relief that the court lacks
> authority to grant because of an appeal that has been
> docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the
> court of appeals remands for that purpose or that the
> motion raises a substantial issue.[24]

Under the Rule's plain text, "a timely motion" that the Court lacks the
jurisdiction to entertain must be made before the Court can indicate how it
would rule on such a motion.[25] This makes sense: courts cannot indicate how
they would rule on motions that have not been made.

In this case, however, Plaintiffs are seeking an indicative ruling on a
motion that has not been made. Plaintiffs' memorandum in support of their
Rule 62.1 Motion states:

> Plaintiffs ask the Court to indicate that, with a limited
> remand from the Fifth Circuit for this purpose, it
> would either amend its February 28, 2019 order to
> dismiss the individual damages claims against
> supervisors for failure to train and failure to
> supervise, or, in the alternative, allow Plaintiffs to
> amend their Second Amended Complaint in order to
> withdraw the individual damages claims against
> Defendants Cannizzaro, Martin, and Pipes based on
> failure to supervise and failure to intervene.[26]

---

[24] FED. R. CIV. P. 62.1(a).

[25] *See id.*

[26] Doc. 141 at 1–2.

Plaintiffs, however, have not moved either for an amendment of this Court's February 28, 2019 Order and Reasons or for leave to amend their Second Amended Complaint.

Plaintiffs argue that neither the text of Rule 62.1 nor any case law requires that a predicate motion be filed before a court can issue an indicative ruling.[27] Again, as this Court has already explained, the text of the Rule clearly requires a predicate motion to have been filed—the Rule would not otherwise make sense. Although Plaintiffs cite two cases for the proposition that "courts regularly consider and act upon Rule 62.1 motions without requiring a predicate motion,"[28] these two cases do not clearly support this proposition.

In the first, *Metalcraft of Mayville, Inc. v. Toro Company*, the issue was whether Rule 62.1 required a party to file a predicate motion for an indicative ruling before *an appeal* was made, not whether the Rule required a party to file a predicate motion before filing a motion for an indicative ruling.[29] The party seeking the indicative ruling in *Metalcraft* argued that it had actually moved for the relief on which it sought an indicative ruling in "a combined motion for [the relief it sought] . . . and for an indicative ruling."[30]

Similarly, in *Sterrett v. Cowan*, it is unclear from the records available to this Court whether the party seeking an indicative ruling had filed a predicate motion on which it sought the indicative ruling.[31] In any event, in *Sterrett*, the motion for an indicative ruling was ultimately granted "to Effect Terms of Settlement."[32] The relief Plaintiffs seek here—effectively a voluntary

---

[27] Doc. 146 at 2.
[28] *Id.*
[29] Metalcraft of Mayville, Inc. v. Toro Co., No. 16-CV-544, 2016 WL 8737777, at *1–2 (E.D. Wis. Nov. 18, 2016).
[30] *Id.* at *1.
[31] *See* Sterrett v. Cowan, No. 2:14-CV-11619, 2015 WL 13719720, at *1 (E.D. Mich. Sept. 30, 2015).
[32] *Id.* at *1.

dismissal of a very narrow set of claims in the context of a suit with many other claims—is sufficiently different that this Court does not find the court's decision in *Sterrett* persuasive.

At least two courts outside the Fifth Circuit have interpreted Rule 62.1 the same way that this Court does, *i.e.*, that a party must file a predicate motion for relief before a court can indicate how it would rule on such a motion.[33] Because Plaintiffs have not filed a predicate motion seeking any type of relief, this Court cannot indicate—at least not pursuant to Rule 62.1—how it would rule on such a motion.

Nevertheless, to promote judicial economy, the Court will make one note in the event that it may aid the Fifth Circuit in ruling on Defendants' appeal. Plaintiffs indicated in a reply brief in support of their Rule 62.1 Motion that they "ultimately seek[] the termination of the [§ 1983 failure to supervise and failure to intervene] claims, either through a clarification of the Court's order of dismissal or an amendment of the Second Amended Complaint under Rule 15."[34] Defendants, in opposing Plaintiffs' Motion, made the following statement:

> To be clear: the Defendants do not oppose the dismissal of the claims against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes at the earliest opportunity, for all the reasons (including qualified immunity) urged in the Defendants' motion to dismiss. However, the Plaintiffs' request appears to be procedurally defective

---

[33] Medgraph, Inc. v. Medtronic, Inc., 310 F.R.D. 208, 210 (W.D.N.Y. 2015) ("Absent an underlying, predicate motion, there is no basis for relief under Rule 62.1."). *See* Fischer S.A. Comercio, Industria & Agricultura v. United States, 36 C.I.T. 371, 371 (2012) (denying motion for indicative ruling under the analogous Rule 62.1 of the Rules of the United States Court of International Trade where the plaintiff failed to file a predicate motion on which the court could have indicated how it would rule).

[34] Doc. 146.

and an improper and disruptive attempt to influence a
pending appeal.[35]

This Court sees no reason why Plaintiffs will not ultimately be allowed to
voluntarily dismiss certain claims against Defendants. Based on Defendants'
representation in their briefing, it does not appear that they would oppose such
a request—nor would it make sense to do so.

As it stands, this Court recognizes that it lacks jurisdiction to alter
claims that are pending on appeal. The Court's denial of absolute immunity in
one respect left pending—in a narrowed form—Plaintiffs' claims seeking
monetary damages from Cannizzaro, Pipes, and Martin in their individual
capacities to the extent they failed to supervise their subordinates and failed
to intervene in the alleged creation and use of "subpoenas."

It is unclear both to the parties and to this Court exactly which aspects
of the Court's February 28, 2019 Order and Reasons are before the Fifth
Circuit. There is no doubt, however, that the Court's denial of absolute
immunity in some respects is on appeal. Accordingly, this Court currently lacks
the power to alter the claims that Plaintiffs ultimately want to dismiss.

## CONCLUSION

For the foregoing reasons, the Motions are **DENIED**.


New Orleans, Louisiana this 2nd day of July, 2019.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[35] Doc. 143 at 2.