## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE, | Civil Action No. 17-10721 |
| *Plaintiffs*, | Section H<br>Judge Jane Triche Milazzo |
| v. | Division 1<br>Magistrate Judge Janis van Meerveld |
| LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities, | |
| *Defendants*. | |

### DEFENDANTS' JOINT ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Leon Cannizzaro (in his individual capacity and in his official capacity as District Attorney of Orleans Parish); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins (the "Defendants"), through their undersigned counsel, hereby jointly plead their answer and affirmative defenses to the Plaintiffs' Second Amended Complaint, Doc. No. 52.

### ANSWER

Preliminary Statement: To the extent that a response to the Plaintiffs' "Preliminary Statement" is required, the allegations are denied.

1

1.      The allegations of Paragraph 1 are denied for lack of knowledge or information sufficient to form a belief about their truth.

2.      The allegations of Paragraph 2 are admitted.

3.      It is admitted that venue is proper in this Court. The allegations of Paragraph 3 are otherwise denied.

4.      Paragraph 4 contains no allegation requiring a response.

5.      It is admitted that Renata Singleton is a victim in a domestic violence case. The remaining allegations in the first sentence of Paragraph 5 are denied for lack of knowledge or information sufficient to form a belief about their truth. It is further admitted that the defendant in Ms. Singleton's case pleaded guilty to two misdemeanors. The allegations of Paragraph 5 are otherwise denied.

6.      It is admitted that Marc Mitchell is a victim of a shooting. It is further admitted that Mr. Mitchell told prosecutors that he did not intend to meet with them any further, that he did not want to move forward with his case, and that the only way he would testify is if he were arrested. The allegations of Paragraph 6 are otherwise denied.

7.      The allegations of Paragraph 7 are denied.

8.      It is admitted that Jane Doe is the victim of molestation and pornography involving a juvenile. The allegations of Paragraph 8 are otherwise denied.

9.      The allegations of Paragraph 9 are denied.

10.     The last sentence of Paragraph 10 is denied for lack of knowledge or information sufficient to form a belief about its truth. The allegations of Paragraph 10 are otherwise denied.

11.     It is admitted that John Roe is the victim of an aggravated assault. The first sentence of Paragraph 11 is denied for lack of knowledge or information sufficient to form a belief about its truth. The remaining allegations of Paragraph 11 are denied.

12.     The allegations of Paragraph 12 are denied for lack of knowledge or information sufficient to form a belief about their truth.

13.     It is admitted that Leon Cannizzaro is the Orleans Parish District Attorney and therefore the final policymaker in all matters in the Orleans Parish District Attorney's Office. The allegations of Paragraph 13 are otherwise denied.

14.     It is admitted that Graymond Martin is the First Assistant District Attorney and therefore the second-in-command to the District Attorney. It is further admitted that Mr. Martin shares responsibility for enforcing office policies. The allegations of Paragraph 14 are otherwise denied.

15.     The allegations of Paragraph 15 are admitted.

16.     The allegations of Paragraph 16 are denied.

17.     The allegations of Paragraph 17 are admitted.

18.     The allegations of Paragraph 18 are admitted.

19.     The allegations of Paragraph 19 are admitted.

20.     The allegations of Paragraph 20 are admitted.

21.     The allegations of Paragraph 21 are denied.

22.     The allegations of Paragraph 22 are admitted.

23.     The allegations of Paragraph 23 are denied.

24.     The allegations of Paragraph 24 are admitted.

25.     The allegations of Paragraph 25 are denied.

26.     The allegations of Paragraph 26 are denied.

27.     The allegations of Paragraph 27 are denied.

28.     The allegations of Paragraph 28 are denied.

29.     The allegations of Paragraph 29 are denied.

30.     The allegations of Paragraph 30 are denied.

31.     The allegations of Paragraph 31 are denied.

32.     The allegations of Paragraph 32 are denied.

33.     The allegations of Paragraph 33 are denied.

34.     The allegations of Paragraph 34 are denied.

35.     The allegations of Paragraph 35 are denied.

36.     The allegations of Paragraph 36 are denied for lack of knowledge or information sufficient to form a belief about their truth.

37.     The allegations of Paragraph 37 are denied for lack of knowledge or information sufficient to form a belief about their truth.

38.     The allegations of Paragraph 38 are denied for lack of knowledge or information sufficient to form a belief about their truth.

39.     The allegations of Paragraph 39 are denied for lack of knowledge or information sufficient to form a belief about their truth.

40.     The allegations of Paragraph 40 are denied for lack of knowledge or information sufficient to form a belief about their truth.

41.     The allegations of Paragraph 41 are denied.

42.     The allegations of Paragraph 42 are denied for lack of knowledge or information sufficient to form a belief about their truth.

43.     It is admitted that on May 13, 2014, Mr. Martin's assistant sent an email to Mr. Cannizzaro, Mr. Pipes, Mr. Dover, Ms. Petrovich, Mr. Napoli, Ms. Rodrigue, Ms. Tucker, and Ms. Dawkins, among other employees of the District Attorney's Office. The allegations of Paragraph 43 are otherwise denied.

44.     The allegations of Paragraph 44 are admitted.

45.     The allegations of Paragraph 45 are denied.

46.     The allegations of Paragraph 46 are denied.

47.     The allegations of Paragraph 47 are denied.

48.     The allegations of Paragraph 48 are denied.

49.     The allegations of Paragraph 49 are admitted.

50.     The allegations of Paragraph 50 are denied.

51.     The allegations of Paragraph 51 are denied.

52.     The allegations of Paragraph 52 are denied for lack of knowledge or information sufficient to form a belief about their truth.

53.     The allegations of Paragraph 53 are denied for lack of knowledge or information sufficient to form a belief about their truth.

54.     The allegations of Paragraph 54 are denied.

55.     The allegations of Paragraph 55 are denied.

56.     The allegations of Paragraph 56 are denied.

57.     The allegations of Paragraph 57 are denied.

58.     The allegations of Paragraph 58 are denied for lack of knowledge or information sufficient to form a belief about their truth.

59.     The allegations of Paragraph 59 are denied for lack of knowledge or information sufficient to form a belief about their truth.

60.     The allegations of Paragraph 60 are denied.

61.     The allegations of Paragraph 61 are denied.

62.     The allegations of Paragraph 62 are denied.

63.     The allegations of Paragraph 63 are denied.

64.     The allegations of Paragraph 64 are denied.

65.     The allegations of Paragraph 65 are denied.

66.     The allegations of Paragraph 66 are denied.

67.     The allegations of Paragraph 67 are denied.

68.     It is admitted that the April 26, 2017 article included the quoted statement and attributed it to Chris Bowman. The allegations of Paragraph 68 are otherwise denied.

69.     The allegations of Paragraph 69 are denied.

70.     The allegations of Paragraph 70 are denied.

71.     It is admitted that on April 26, 2017, Mr. Martin sent an email to be distributed to all Assistant District Attorneys. The allegations of Paragraph 71 are otherwise denied.

72.     It is admitted that the email included the language quoted in Paragraph 72.

73.     It is admitted that the email included the language quoted in Paragraph 73. The allegations of Paragraph 73 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

74.     The allegations of Paragraph 74 are denied for lack of knowledge or information sufficient to form a belief about their truth.

75.     The allegations of Paragraph 75 are denied.

76.    The allegations of Paragraph 76 are denied.

77.    It is admitted that Mr. Martin issued an "Inter-Office Memorandum" dated April 28, 2017. The allegations of Paragraph 77 are otherwise denied.

78.    It is admitted that the memorandum included the language quoted in Paragraph 78. The allegations of Paragraph 78 are otherwise denied.

79.    The allegations of Paragraph 79 are admitted.

80.    The allegations of Paragraph 80 are admitted.

81.    The allegations of Paragraph 81 are denied.

82.    The allegations of Paragraph 82 are denied for lack of knowledge or information sufficient to form a belief about their truth.

83.    The allegations of Paragraph 83 are denied for lack of knowledge or information sufficient to form a belief about their truth.

84.    It is admitted that April 27, 2017 article included the quoted statement that was attributed to Mr. Cannizzaro. The allegations of Paragraph 84 are otherwise denied.

85.    The allegations of Paragraph 85 are denied for lack of knowledge or information sufficient to form a belief about their truth.

86.    The allegations of Paragraph 86 are denied.

87.    The allegations of Paragraph 87 are denied.

88.    The allegations of Paragraph 88 are denied.

89.    The allegations of Paragraph 89 are denied.

90.    The allegations of Paragraph 90 are denied.

91.    The allegations of Paragraph 91 are denied.

92.     It is admitted that in December 2015, Thomas Frampton emailed two exculpatory statements to Ms. Dawkins. The allegations of Paragraph 92 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

93.     It is admitted that Ms. Dawkins discussed the statements with Mr. Frampton. The allegations of Paragraph 93 are otherwise denied.

94.     The allegations of Paragraph 94 are denied.

95.     The allegations of Paragraph 95 are denied.

96.     The allegations of Paragraph 96 are denied for lack of knowledge or information sufficient to form a belief about their truth.

97.     The allegations of Paragraph 97 are denied.

98.     The allegations of Paragraph 98 are denied for lack of knowledge or information sufficient to form a belief about their truth.

99.     The allegations of Paragraph 99 are denied.

100.    The allegations of Paragraph 100 are denied for lack of knowledge or information sufficient to form a belief about their truth.

101.    The allegations of Paragraph 101 are denied for lack of knowledge or information sufficient to form a belief about their truth.

102.    The allegations of Paragraph 102 are denied for lack of knowledge or information sufficient to form a belief about their truth.

103.    The allegations of Paragraph 103 are denied.

104.    The allegations of Paragraph 104 are denied for lack of knowledge or information sufficient to form a belief about their truth.

105.    The allegations of Paragraph 105 are denied for lack of knowledge or information sufficient to form a belief about their truth.

106.    The allegations of Paragraph 106 are denied for lack of knowledge or information sufficient to form a belief about their truth.

107.    The allegations of Paragraph 107 are denied.

108.    The allegations of Paragraph 108 are denied for lack of knowledge or information sufficient to form a belief about their truth.

109.    The allegations of Paragraph 109 are denied for lack of knowledge or information sufficient to form a belief about their truth.

110.    The allegations of Paragraph 110 are denied for lack of knowledge or information sufficient to form a belief about their truth.

111.    The allegations of Paragraph 111 are denied.

112.    The allegations of Paragraph 112 are denied for lack of knowledge or information sufficient to form a belief about their truth.

113.    The allegations of Paragraph 113 are denied for lack of knowledge or information sufficient to form a belief about their truth.

114.    The allegations of Paragraph 114 are denied.

115.    The allegations of Paragraph 115 are denied.

116.    The allegations of Paragraph 116 are denied.

117.    The allegations of Paragraph 117 are denied for lack of knowledge or information sufficient to form a belief about their truth.

118.    The allegations of Paragraph 118 are denied for lack of knowledge or information sufficient to form a belief about their truth.

119.     The allegations of Paragraph 119 are denied.

120.     The allegations of Paragraph 120 are denied for lack of knowledge or information sufficient to form a belief about their truth.

121.     The allegations of Paragraph 121 are denied for lack of knowledge or information sufficient to form a belief about their truth.

122.     The allegations of Paragraph 122 are denied for lack of knowledge or information sufficient to form a belief about their truth.

123.     The allegations of Paragraph 123 are denied for lack of knowledge or information sufficient to form a belief about their truth.

124.     The allegations of Paragraph 124 are denied for lack of knowledge or information sufficient to form a belief about their truth.

125.     The allegations of Paragraph 125 are denied for lack of knowledge or information sufficient to form a belief about their truth.

126.     The allegations of Paragraph 126 are denied.

127.     The allegations of Paragraph 127 are denied for lack of knowledge or information sufficient to form a belief about their truth.

128.     The allegations of Paragraph 128 are denied for lack of knowledge or information sufficient to form a belief about their truth.

129.     The allegations of Paragraph 129 are denied for lack of knowledge or information sufficient to form a belief about their truth.

130.     The allegations of Paragraph 130 are denied.

131.     The allegations of Paragraph 131 are denied.

132.     The allegations of Paragraph 132 are denied.

133.    The allegations of Paragraph 133 are denied.

134.    The allegations of Paragraph 134 are denied.

135.    The allegations of Paragraph 135 are denied.

136.    The allegations of Paragraph 136 are denied.

137.    The allegations of Paragraph 137 are denied.

138.    The allegations of Paragraph 138 are denied.

139.    The allegations of Paragraph 139 are denied.

140.    It is admitted that, on at least one occasion, Mr. Cannizzaro has authorized prosecutors to seek a material-witness warrant. The allegations of Paragraph 140 are otherwise denied.

141.    It is admitted that a statement published by Mr. Cannizzaro on June 7, 2017, includes the quoted language. The allegations of Paragraph 141 are otherwise denied.

142.    The allegations of Paragraph 142 are denied.

143.    The allegations of Paragraph 143 are denied.

144.    The allegations of Paragraph 144 are denied.

145.    The allegations of Paragraph 145 are denied.

146.    The allegations of Paragraph 146 are denied for lack of knowledge or information sufficient to form a belief about their truth.

147.    The allegations of Paragraph 147 are denied.

148.    The allegations of Paragraph 148 are denied.

149.    The allegations of Paragraph 149 are denied.

150.    The allegations of Paragraph 150 are denied.

151.    The allegations of Paragraph 151 are denied.

152.    The allegations of Paragraph 152 are denied.

153.    The allegations of Paragraph 153 are denied for lack of knowledge or information sufficient to form a belief about their truth.

154.    The allegations of Paragraph 154 are denied for lack of knowledge or information sufficient to form a belief about their truth.

155.    The allegations of Paragraph 155 are denied for lack of knowledge or information sufficient to form a belief about their truth.

156.    The allegations of Paragraph 156 are denied for lack of knowledge or information sufficient to form a belief about their truth.

157.    The allegations of Paragraph 157 are denied for lack of knowledge or information sufficient to form a belief about their truth.

158.    The allegations of Paragraph 158 are denied for lack of knowledge or information sufficient to form a belief about their truth.

159.    The allegations of Paragraph 159 are denied.

160.    The allegations of Paragraph 160 are denied.

161.    The allegations of Paragraph 161 are denied.

162.    The allegations of Paragraph 162 are denied.

163.    The allegations of Paragraph 163 are denied.

164.    The allegations of Paragraph 164 are denied.

165.    The allegations of Paragraph 165 are denied.

166.    It is admitted that Mr. Mitchell is the victim of an attempted murder. It is further admitted that on April 4, 2016, Mr. Mitchell told Mr. Trummel and others that it would be his last meeting with the District Attorney's Office, that he did not want to move forward with the case,

and that the only way he would testify is if he were arrested. The allegations of Paragraph 166 are otherwise denied.

167.    It is admitted that on April 6, 2016, Mr. Trummel submitted a motion seeking a capias and bond for Mr. Mitchell, based in part on Mr. Mitchell's representations that it would be his last meeting with the District Attorney's Office, that he did not want to move forward with the case, and that the only way he would testify is if he were arrested. It is further admitted that after Mr. Mitchell was released, he met with Mr. Trummel at least once to discuss his testimony at the upcoming trial of Gerard Gray. The allegations of Paragraph 167 are otherwise denied.

168.    The allegations of Paragraph 168 are denied.

169.    The allegations of Paragraph 169 are denied.

170.    The allegations of Paragraph 170 are denied for lack of knowledge or information sufficient to form a belief about their truth.

171.    The allegations of Paragraph 171 are denied.

172.    The allegations of Paragraph 172 are denied.

173.    The allegations of Paragraph 173 are denied.

174.    The allegations of Paragraph 174 are denied.

175.    The allegations of Paragraph 175 are denied.

176.    The allegations of Paragraph 176 are denied for lack of knowledge or information sufficient to form a belief about their truth.

177.    The allegations of Paragraph 177 are denied.

178.    The allegations of Paragraph 178 are denied.

179.    The allegations of Paragraph 179 are denied.

180.    The allegations of Paragraph 180 are denied.

181.    The allegations of Paragraph 181 are denied.

182.    It is admitted that the document attached as Exhibit B to the Second Amended Complaint includes the quoted language. The allegations of Paragraph 182 are otherwise denied.

183.    It is admitted that the document attached as Exhibit B to the Second Amended Complaint includes the quoted language. The allegations of Paragraph 183 are otherwise denied.

184.    It is admitted that the document attached as Exhibit B to the Second Amended Complaint includes the quoted language. The allegations of Paragraph 184 are otherwise denied.

185.    It is admitted that the document attached as Exhibit B to the Second Amended Complaint includes the quoted language. The allegations of Paragraph 185 are otherwise denied.

186.    The allegations of Paragraph 186 are denied.

187.    The allegations of Paragraph 187 are denied.

188.    The allegations of Paragraph 188 are denied.

189.    The allegations of Paragraph 189 are denied.

190.    The allegations of Paragraph 190 are denied for lack of knowledge or information sufficient to form a belief about their truth.

191.    The allegations of Paragraph 191 are denied.

192.    The allegations of Paragraph 192 are denied for lack of knowledge or information sufficient to form a belief about their truth.

193.    The allegations of Paragraph 193 are denied for lack of knowledge or information sufficient to form a belief about their truth.

194.    The allegations of Paragraph 194 are denied for lack of knowledge or information sufficient to form a belief about their truth.

195.    The allegations of Paragraph 195 are denied for lack of knowledge or information sufficient to form a belief about their truth.

196.    The allegations of Paragraph 196 are denied for lack of knowledge or information sufficient to form a belief about their truth.

197.    The allegations of Paragraph 197 are denied.

198.    The allegations of Paragraph 198 are denied for lack of knowledge or information sufficient to form a belief about their truth.

199.    The allegations of Paragraph 199 are admitted.

200.    It is admitted that on April 24, 2015, Mr. Mitchell submitted a motion seeking a capias and bond for Ms. Singleton. The allegations of Paragraph 200 are otherwise denied.

201.    The allegations of Paragraph 201 are denied for lack of knowledge or information sufficient to form a belief about their truth.

202.    The allegations of Paragraph 202 are denied for lack of knowledge or information sufficient to form a belief about their truth.

203.    The allegations of Paragraph 203 are denied.

204.    The allegations of Paragraph 204 are denied for lack of knowledge or information sufficient to form a belief about their truth.

205.    The allegations of Paragraph 205 are denied for lack of knowledge or information sufficient to form a belief about their truth.

206.    The allegations of Paragraph 206 are denied for lack of knowledge or information sufficient to form a belief about their truth.

207.    The allegations of Paragraph 207 are denied for lack of knowledge or information sufficient to form a belief about their truth.

208.    The allegations of Paragraph 208 are admitted.

209.    It is admitted that Mr. Mitchell and Ms. Tucker met with Ms. Singleton in a conference room to discuss the facts of her case and prepare for trial. The allegations of Paragraph 209 are otherwise denied.

210.    It is admitted that Mr. Mitchell asked Ms. Singleton about the incident with Mr. Crossley. It is further admitted that Ms. Singleton stated that she did not want to answer questions without a lawyer present. It is further admitted that Ms. Singleton was told that she did not need a lawyer because she was not charged with a crime. The allegations of Paragraph 210 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

211.    The allegations of Paragraph 211 are denied for lack of knowledge or information sufficient to form a belief about their truth.

212.    The allegations of Paragraph 212 are denied for lack of knowledge or information sufficient to form a belief about their truth.

213.    The allegations of Paragraph 213 are denied.

214.    The allegations of Paragraph 214 are denied for lack of knowledge or information sufficient to form a belief about their truth.

215.    The allegations of Paragraph 215 are denied for lack of knowledge or information sufficient to form a belief about their truth.

216.    The allegations of Paragraph 216 are denied for lack of knowledge or information sufficient to form a belief about their truth.

217.    The allegations of Paragraph 217 are denied for lack of knowledge or information sufficient to form a belief about their truth.

218.    The allegations of Paragraph 218 are denied for lack of knowledge or information sufficient to form a belief about their truth.

219.    The allegations of Paragraph 219 are denied for lack of knowledge or information sufficient to form a belief about their truth.

220.    The allegations of Paragraph 220 are denied for lack of knowledge or information sufficient to form a belief about their truth.

221.    The allegations of Paragraph 221 are denied for lack of knowledge or information sufficient to form a belief about their truth.

222.    The allegations of Paragraph 222 are denied for lack of knowledge or information sufficient to form a belief about their truth.

223.    The allegations of Paragraph 223 are denied for lack of knowledge or information sufficient to form a belief about their truth.

224.    It is admitted that Vernon Crossley pleaded guilty to two misdemeanors and was sentenced to a suspended jail sentence with one year of inactive probation. It is further admitted that Ms. Singleton did not testify against Mr. Crossley. The allegations of Paragraph 224 are otherwise denied.

225.    The allegations of Paragraph 225 are denied for lack of knowledge or information sufficient to form a belief about their truth.

226.    The allegations of Paragraph 226 are denied for lack of knowledge or information sufficient to form a belief about their truth.

227.    The allegations of Paragraph 227 are denied for lack of knowledge or information sufficient to form a belief about their truth.

228.    The allegations of Paragraph 228 are denied.

229.     The allegations of Paragraph 229 are denied for lack of knowledge or information sufficient to form a belief about their truth.

230.     The allegations of Paragraph 230 are denied for lack of knowledge or information sufficient to form a belief about their truth.

231.     The allegations of Paragraph 231 are admitted.

232.     It is admitted that Mr. Mitchell was a witness in the prosecution against Mr. Bernard. The allegations of Paragraph 232 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

233.     It is admitted that Mr. Mitchell testified against Mr. Bernard and that Mr. Bernard was convicted. The allegations of Paragraph 233 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

234.     The first sentence of Paragraph 234 is denied for lack of knowledge or information sufficient to form a belief about its truth. The second sentence of Paragraph 234 is denied.

235.     The allegations of Paragraph 235 are denied for lack of knowledge or information sufficient to form a belief about their truth.

236.     The allegations of Paragraph 236 are denied for lack of knowledge or information sufficient to form a belief about their truth.

237.     The allegations of Paragraph 237 are denied for lack of knowledge or information sufficient to form a belief about their truth.

238.     The allegations of Paragraph 238 are denied for lack of knowledge or information sufficient to form a belief about their truth.

239.     The allegations of Paragraph 239 are denied for lack of knowledge or information sufficient to form a belief about their truth.

240.     It is denied that prosecutors did not investigate threats to Mr. Mitchell or follow up with him about his safety. The allegations of Paragraph 240 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

241.     It is admitted that on April 4, 2016, Mr. Mitchell met with Mr. Trummel and Mr. Hamilton and informed them that it would be his last meeting with the District Attorney's Office, that he did not want to move forward with the case, and that the only way he would testify is if he were arrested. The allegations of Paragraph 241 are otherwise denied.

242.     The allegations of Paragraph 242 are admitted.

243.     It is admitted that on April 6, 2016, Mr. Trummel submitted a motion seeking a capias and bond for Mr. Mitchell, based in part on Mr. Mitchell's representations that it would be his last meeting with the District Attorney's Office, that he did not want to move forward with the case, and that the only way he would testify is if he were arrested. The allegations of Paragraph 243 are otherwise denied.

244.     The allegations of Paragraph 244 are denied for lack of knowledge or information sufficient to form a belief about their truth.

245.     It is admitted that Mr. Trummel and/or Mr. Hamilton told the court, off the record in chambers, that a family member of Mr. Mitchell had informed them that he had a bus ticket to attend an out-of-town funeral. The allegations of Paragraph 245 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

246.     It is admitted that the motion did not state that Mr. Mitchell signed a copy of an instanter trial subpoena to reflect that he had been personally served with the subpoena. It is further admitted that the court issued a capias for Mr. Mitchell. The allegations of Paragraph 246 are otherwise denied.

247.     The allegations of Paragraph 247 are denied for lack of knowledge or information sufficient to form a belief about their truth.

248.     The allegations of Paragraph 248 are denied for lack of knowledge or information sufficient to form a belief about their truth.

249.     The allegations of Paragraph 249 are denied for lack of knowledge or information sufficient to form a belief about their truth.

250.     The allegations of Paragraph 250 are denied for lack of knowledge or information sufficient to form a belief about their truth.

251.     The allegations of Paragraph 251 are admitted.

252.     The allegations of Paragraph 252 are denied for lack of knowledge or information sufficient to form a belief about their truth.

253.     It is admitted that, on or around the day before Mr. Gray's trial, Mr. Mitchell met with prosecutors. It is denied that any prosecutor told or suggested to Mr. Mitchell how he should testify. The allegations of Paragraph 253 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

254.     The allegations of Paragraph 254 are denied.

255.     It is admitted that Mr. Mitchell testified at trial that he never heard Mr. Gray order Bernard to shoot him, and that Mr. Gray was convicted. The allegations of Paragraph 255 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

256.     The allegations of Paragraph 256 are denied for lack of knowledge or information sufficient to form a belief about their truth.

257.     The allegations of Paragraph 257 are denied for lack of knowledge or information sufficient to form a belief about their truth.

258.    The allegations of Paragraph 258 are denied for lack of knowledge or information sufficient to form a belief about their truth.

259.    The allegations of Paragraph 259 are denied for lack of knowledge or information sufficient to form a belief about their truth.

260.    The allegations of Paragraph 260 are denied for lack of knowledge or information sufficient to form a belief about their truth.

261.    The allegations of Paragraph 261 are denied for lack of knowledge or information sufficient to form a belief about their truth.

262.    The allegations of Paragraph 262 are denied for lack of knowledge or information sufficient to form a belief about their truth.

263.    The allegations of Paragraph 263 are denied.

264.    The allegations of Paragraph 264 are denied.

265.    The allegations of Paragraph 265 are denied for lack of knowledge or information sufficient to form a belief about their truth.

266.    The allegations of Paragraph 266 are denied for lack of knowledge or information sufficient to form a belief about their truth.

267.    The allegations of Paragraph 267 are denied for lack of knowledge or information sufficient to form a belief about their truth.

268.    The allegations of Paragraph 268 are denied.

269.    The allegations of Paragraph 269 are denied.

270.    The allegations of Paragraph 270 are denied.

271.    The allegations of Paragraph 271 are denied.

272.    It is admitted that Ms. Baham did not attend any meetings at the District Attorney's Office. The allegations of Paragraph 272 are otherwise denied.

273.    It is admitted that on October 13, 2015, Mr. Napoli submitted a motion seeking a capias and bond for Ms. Baham, based in part on allegations that she refused to meet with or communicate with the District Attorney's Office and that she was intentionally avoiding service and would not come to court on her own accord. The allegations of Paragraph 273 are otherwise denied.

274.    The first sentence of Paragraph 274 is admitted. It is further admitted that a warrant for Ms. Baham's arrest was issued. The remaining allegations of Paragraph 274 are denied.

275.    The allegations of Paragraph 275 are denied for lack of knowledge or information sufficient to form a belief about their truth.

276.    The allegations of Paragraph 276 are denied for lack of knowledge or information sufficient to form a belief about their truth.

277.    The allegations of Paragraph 277 are denied for lack of knowledge or information sufficient to form a belief about their truth.

278.    It is admitted that Mr. Napoli met with Ms. Baham on January 6, 2016. The remaining allegations of Paragraph 278 are denied.

279.    The allegations of Paragraph 279 are denied.

280.    The allegations of Paragraph 280 are denied.

281.    The allegations of Paragraph 281 are denied.

282.    The allegations of Paragraph 282 are denied.

283.     It is admitted that Ms. Baham was released on January 6, 2015. The allegations of Paragraph 283 are denied for lack of knowledge or information sufficient to form a belief about their truth.

284.     The allegations of Paragraph 284 are denied for lack of knowledge or information sufficient to form a belief about their truth.

285.     The first sentence of Paragraph 285 is denied. The remaining allegations of Paragraph 285 are denied for lack of knowledge or information sufficient to form a belief about their truth.

286.     The allegations of Paragraph 286 are denied.

287.     The allegations of Paragraph 287 are admitted.

288.     The allegations of Paragraph 288 are denied.

289.     The allegations of Paragraph 289 are denied for lack of knowledge or information sufficient to form a belief about their truth.

290.     It is admitted that an attorney purporting to represent Jane Doe sent a letter dated September 9, 2016, to Mr. Cannizzaro containing the quoted language and stating that any questions should be directed to the attorney. The allegations of Paragraph 290 are otherwise denied.

291.     It is admitted that Ms. Doe was served with a court-issued Article 66 subpoena directing her to appear at the District Attorney's Office on September 15, 2016, for questioning. The allegations of Paragraph 291 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

292.     It is admitted that the Article 66 subpoena was served on Ms. Doe at the direction of Mr. Dover. The allegations of Paragraph 292 are otherwise denied.

293.     The allegations of Paragraph 293 are denied for lack of knowledge or information sufficient to form a belief about their truth.

294.     The allegations of Paragraph 294 are denied for lack of knowledge or information sufficient to form a belief about their truth.

295.     It is admitted that on September 15, 2016, Mr. Dover informed an attorney purporting to represent Ms. Doe that he would seek a material-witness warrant if Ms. Doe did not appear by 11:00. The allegations of Paragraph 295 are otherwise denied.

296.     It is admitted that a hearing concerning Ms. Doe was held on September 15, 2016. The allegations of Paragraph 296 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

297.     It is admitted that Mr. Dover told the court that Louisiana law required the State to interview Ms. Doe before trial. It is further admitted that Ms. Doe's attorney did not object to the court's order for Ms. Doe to meet with prosecutors. The allegations of Paragraph 297 are otherwise denied.

298.     The allegations of Paragraph 298 are admitted.

299.     It is admitted that Ms. Doe, accompanied by counsel, met with Mr. Dover at the District Attorney's Office to discuss the offenses against her. The allegations of Paragraph 299 are otherwise denied.

300.     The allegations of Paragraph 300 are denied.

301.     The first sentence of Paragraph 301 is admitted. The second sentence of Paragraph 301 is denied. The remaining allegations of Paragraph 301 are denied for lack of knowledge or information sufficient to form a belief about their truth.

302.     The allegations of Paragraph 302 are denied for lack of knowledge or information sufficient to form a belief about their truth.

303.     The allegations of Paragraph 303 are denied.

304.     The allegations of Paragraph 304 are admitted.

305.     The allegations of Paragraph 305 are denied.

306.     The allegations of Paragraph 306 are denied.

307.     The allegations of Paragraph 307 are denied for lack of knowledge or information sufficient to form a belief about their truth.

308.     The allegations of Paragraph 308 are denied for lack of knowledge or information sufficient to form a belief about their truth.

309.     The allegations of Paragraph 309 are denied for lack of knowledge or information sufficient to form a belief about their truth.

310.     The allegations of Paragraph 310 are denied for lack of knowledge or information sufficient to form a belief about their truth.

311.     The allegations of Paragraph 311 are denied for lack of knowledge or information sufficient to form a belief about their truth.

312.     The allegations of Paragraph 312 are denied for lack of knowledge or information sufficient to form a belief about their truth.

313.     The allegations of Paragraph 313 are denied for lack of knowledge or information sufficient to form a belief about their truth.

314.     The allegations of Paragraph 314 are denied for lack of knowledge or information sufficient to form a belief about their truth.

315.    The allegations of Paragraph 315 are denied for lack of knowledge or information sufficient to form a belief about their truth.

316.    The allegations of Paragraph 316 are denied for lack of knowledge or information sufficient to form a belief about their truth.

317.    The allegations of Paragraph 317 are denied.

318.    The allegations of Paragraph 318 are denied.

319.    The allegations of Paragraph 319 are denied for lack of knowledge or information sufficient to form a belief about their truth.

320.    The allegations of Paragraph 320 are denied for lack of knowledge or information sufficient to form a belief about their truth.

321.    The allegations of Paragraph 321 are denied for lack of knowledge or information sufficient to form a belief about their truth.

322.    The allegations of Paragraph 322 are denied for lack of knowledge or information sufficient to form a belief about their truth.

323.    The allegations of Paragraph 323 are denied for lack of knowledge or information sufficient to form a belief about their truth.

324.    It is admitted that Mr. Ibert filed motions to quash on behalf of Ms. Bailey and Ms. LaCroix and that prosecutors withdrew the referenced documents. The allegations of paragraph 324 are otherwise denied.

325.    The allegations of Paragraph 325 are admitted.

326.    The allegations of Paragraph 326 are admitted.

327.    The allegations of Paragraph 327 are admitted.

328.    The allegations of Paragraph 328 are admitted.

329.    The allegations of Paragraph 329 are admitted.

330.    The allegations of Paragraph 330 are admitted.

331.    The allegations of Paragraph 331 are admitted.

332.    It is admitted that Gregory Young was murdered. The allegations of Paragraph 332 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

333.    The allegations of Paragraph 333 are admitted.

334.    It is denied that Mr. Roe provided a complete address to the police. The allegations of Paragraph 334 are otherwise admitted.

335.    The allegations of Paragraph 335 are denied for lack of knowledge or information sufficient to form a belief about their truth.

336.    The allegations of Paragraph 336 are denied for lack of knowledge or information sufficient to form a belief about their truth.

337.    It is admitted that the District Attorney's Office attempted to serve numerous subpoenas to Mr. Roe directing him to testify in court. It is denied that these attempts were unknown to Mr. Roe.

338.    It is admitted that, before his December 2017 arrest, Mr. Roe was never personally served with a subpoena. The allegations of Paragraph 338 are otherwise denied.

339.    The allegations of Paragraph 339 are denied for lack of knowledge or information sufficient to form a belief about their truth.

340.    The allegations of Paragraph 340 are denied.

341.    The allegations of Paragraph 341 are denied for lack of knowledge or information sufficient to form a belief about their truth.

342.    It is denied that Mr. Roe had no idea that prosecutors were attempting to serve him process. The allegations of Paragraph 342 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

343.    The allegations of Paragraph 343 are denied for lack of knowledge or information sufficient to form a belief about their truth.

344.    The allegations of Paragraph 344 are denied.

345.    The allegations of Paragraph 345 are denied.

346.    The allegations of Paragraph 346 are denied for lack of knowledge or information sufficient to form a belief about their truth.

347.    The allegations of Paragraph 347 are denied for lack of knowledge or information sufficient to form a belief about their truth.

348.    It is admitted that, before his December 2017 arrest, Mr. Roe did not make any statements at all to anyone at the District Attorney's Office. The allegations of Paragraph 348 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

349.    It is admitted that on August 28, 2017, Ms. Dawkins submitted a motion seeking a capias and bond for Mr. Roe. The allegations of Paragraph 349 are otherwise denied.

350.    The allegations of Paragraph 350 are admitted.

351.    The allegations of Paragraph 351 are denied.

352.    It is admitted that the motion contained the language quoted in Paragraph 352.

353.    The allegations of Paragraph 353 are denied.

354.    The allegations of Paragraph 354 are denied.

355.    The allegations of Paragraph 355 are denied.

356.    The allegations of Paragraph 356 are denied.

357.    The allegations of Paragraph 357 are admitted.

358.    The allegations of Paragraph 358 are denied for lack of knowledge or information sufficient to form a belief about their truth.

359.    The allegations of Paragraph 359 are denied for lack of knowledge or information sufficient to form a belief about their truth.

360.    The allegations of Paragraph 360 are denied for lack of knowledge or information sufficient to form a belief about their truth.

361.    The allegations of Paragraph 361 are denied for lack of knowledge or information sufficient to form a belief about their truth.

362.    The allegations of Paragraph 362 are denied for lack of knowledge or information sufficient to form a belief about their truth.

363.    The allegations of Paragraph 363 are denied for lack of knowledge or information sufficient to form a belief about their truth.

364.    The allegations of Paragraph 364 are denied for lack of knowledge or information sufficient to form a belief about their truth.

365.    The allegations of Paragraph 365 are denied for lack of knowledge or information sufficient to form a belief about their truth.

366.    It is admitted that a woman whom Mr. Roe previously described as his girlfriend spoke to a victim/witness counsel at the District Attorney's Office about Mr. Roe's arrest. The allegations of Paragraph 366 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

367.    The allegations of Paragraph 367 are denied for lack of knowledge or information sufficient to form a belief about their truth.

368.    The allegations of Paragraph 368 are denied for lack of knowledge or information sufficient to form a belief about their truth.

369.    The allegations of Paragraph 369 are admitted.

370.    The allegations of Paragraph 370 are denied for lack of knowledge or information sufficient to form a belief about their truth.

371.    The allegations of Paragraph 371 are denied.

372.    The allegations of Paragraph 372 are denied.

373.    It is admitted that the court ordered Mr. Roe to submit to electronic monitoring. The allegations of Paragraph 373 are otherwise denied.

374.    The allegations of Paragraph 374 are admitted.

375.    The allegations of Paragraph 375 are denied.

376.    The allegations of Paragraph 376 are denied for lack of knowledge or information sufficient to form a belief about their truth.

377.    The allegations of Paragraph 377 are denied for lack of knowledge or information sufficient to form a belief about their truth.

378.    The allegations of Paragraph 378 are denied for lack of knowledge or information sufficient to form a belief about their truth.

379.    It is admitted that Ms. Dawkins learned at some point that, according to Mr. Roe, he could not afford to pay for the ankle monitor. The allegations of Paragraph 379 are otherwise denied.

380.    The allegations of Paragraph 380 are denied.

381.    The allegations of Paragraph 381 are denied.

382.    The allegations of Paragraph 382 are denied.

383.    It is admitted that, as of the date the Second Amended Complaint was filed, Mr. Roe had appeared in court four times following his release from jail.

384.    The allegations of Paragraph 384 are denied for lack of knowledge or information sufficient to form a belief about their truth.

385.    The allegations of Paragraph 385 are denied.

386.    The allegations of Paragraph 386 are denied.

387.    The allegations of Paragraph 387 are denied.

388.    The allegations of Paragraph 388 are denied for lack of knowledge or information sufficient to form a belief about their truth.

389.    The allegations of Paragraph 389 are denied for lack of knowledge or information sufficient to form a belief about their truth.

390.    The allegations of Paragraph 390 are denied for lack of knowledge or information sufficient to form a belief about their truth.

391.    The allegations of Paragraph 391 are denied for lack of knowledge or information sufficient to form a belief about their truth.

392.    The allegations of Paragraph 392 are denied for lack of knowledge or information sufficient to form a belief about their truth.

393.    The allegations of Paragraph 393 are denied.

394.    The allegations of Paragraph 394 are denied.

395.    The allegations of Paragraph 395 are denied.

396.    The allegations of Paragraph 396 are denied.

397.    The allegations of Paragraph 397 are denied for lack of knowledge or information sufficient to form a belief about their truth.

398.    The allegations of Paragraph 398 are denied.

399.    The allegations of Paragraph 399 are denied for lack of knowledge or information sufficient to form a belief about their truth.

400.    The allegations of Paragraph 400 are denied for lack of knowledge or information sufficient to form a belief about their truth.

401.    The allegations of Paragraph 401 are denied for lack of knowledge or information sufficient to form a belief about their truth.

402.    The allegations of Paragraph 402 are denied for lack of knowledge or information sufficient to form a belief about their truth.

403.    The allegations of Paragraph 403 are denied for lack of knowledge or information sufficient to form a belief about their truth.

404.    The allegations of Paragraph 404 are denied for lack of knowledge or information sufficient to form a belief about their truth.

405.    The allegations of Paragraph 405 are denied for lack of knowledge or information sufficient to form a belief about their truth.

406.    The allegations of Paragraph 406 are denied for lack of knowledge or information sufficient to form a belief about their truth.

407.    The allegations of Paragraph 407 are denied for lack of knowledge or information sufficient to form a belief about their truth.

408.    The allegations of Paragraph 408 are denied for lack of knowledge or information sufficient to form a belief about their truth.

409.    The allegations of Paragraph 409 are denied for lack of knowledge or information sufficient to form a belief about their truth.

410.    The allegations of Paragraph 410 are denied for lack of knowledge or information sufficient to form a belief about their truth.

411.    The allegations of Paragraph 411 are denied for lack of knowledge or information sufficient to form a belief about their truth.

412.    The allegations of Paragraph 412 are denied for lack of knowledge or information sufficient to form a belief about their truth.

413.    The allegations of Paragraph 413 are denied for lack of knowledge or information sufficient to form a belief about their truth.

414.    The allegations of Paragraph 414 are denied for lack of knowledge or information sufficient to form a belief about their truth.

415.    The allegations of Paragraph 415 are denied.

416.    The allegations of Paragraph 416 are denied.

417.    The allegations of Paragraph 417 are denied.

418.    The allegations of Paragraph 418 are denied.

419.    The allegations of Paragraph 419 are denied.

420.    The allegations of Paragraph 420 are denied.

421.    The allegations of Paragraph 421 are denied.

422.    The allegations of Paragraph 422 are denied.

423.    The allegations of Paragraph 423 are denied.

424.    The allegations of Paragraph 424 are denied.

425.    The allegations of Paragraph 425 are denied.

426.    The allegations of Paragraph 426 are denied.

427.    The allegations of Paragraph 427 are denied.

428.   The allegations of Paragraph 428 are denied.

429.   The allegations of Paragraph 429 are denied.

430.   The allegations of Paragraph 430 are denied.

431.   The allegations of Paragraph 431 are denied.

432.   The allegations of Paragraph 432 are denied.

433.   The allegations of Paragraph 433 are denied.

434.   The allegations of Paragraph 434 are denied.

435.   The allegations of Paragraph 435 are denied.

436.   The allegations of Paragraph 436 are denied.

437.   The allegations of Paragraph 437 are denied.

438.   The allegations of Paragraph 438 are denied.

439.   The allegations of Paragraph 439 are denied.

440.   The allegations of Paragraph 440 are denied.

441.   The allegations of Paragraph 441 are denied.

442.   The allegations of Paragraph 442 are denied.

443.   The allegations of Paragraph 443 are denied.

444.   The allegations of Paragraph 444 are denied.

445.   The allegations of Paragraph 445 are denied.

446.   The allegations of Paragraph 446 are denied.

447.   The allegations of Paragraph 447 are denied.

448.   The allegations of Paragraph 448 are denied.

449.   The allegations of Paragraph 449 are denied.

450.   The allegations of Paragraph 450 are denied.

451.    The allegations of Paragraph 451 are denied.

452.    The allegations of Paragraph 452 are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiffs' claims are barred by prescription because they were filed more than one year after the date of accrual.

### Second Affirmative Defense

The Plaintiffs' claims are barred by absolute prosecutorial immunity because they are based on alleged actions that are intimately associated with the judicial phase of the criminal process.

### Third Affirmative Defense

The Plaintiffs' claims are barred by qualified immunity because they are based on alleged actions taken in good faith by public officials performing their duties under color of legal authority and in furtherance of a legitimate state interest, and because the Defendants did not violate any clearly established statutory or constitutional right.

### Fourth Affirmative Defense

The Plaintiffs' claims are barred by "discretionary function" immunity because they are based on alleged actions taken by public officials in the exercise and performance of policymaking and discretionary acts within the course and scope of their lawful powers and duties.

### Fifth Affirmative Defense

The Plaintiffs' claims against Mr. Cannizzaro in his official capacity are barred by sovereign immunity because they are based on alleged actions taken on behalf of, or as an arm of, the State.

### Sixth Affirmative Defense

The Plaintiffs' claims against Mr. Cannizzaro in his official capacity are barred by Eleventh Amendment immunity because they are based on alleged actions taken on behalf of, or as an arm of, the State.

### Seventh Affirmative Defense

Mr. Cannizzaro in his official capacity is not liable for any alleged violation of the Plaintiffs' rights because any such violations were not caused by a policy, practice, or custom of the Orleans Parish District Attorney's Office.

### Eighth Affirmative Defense

Mr. Cannizzaro in his official capacity is not liable for any alleged violation of the Plaintiffs' rights because any such violations were not caused by a deliberately indifferent failure to train prosecutors in the Orleans Parish District Attorney's Office.

### Ninth Affirmative Defense

The Plaintiffs have failed to state a claim upon which relief can be granted.

### Tenth Affirmative Defense

The Plaintiffs' alleged damages, if any, were caused, either in whole or in part, by the errors, acts, omissions, negligence, or fault of third parties for whom the Defendants are not responsible.

### Eleventh Affirmative Defense

On information and belief, the Plaintiffs have failed to mitigate their damages.

Respectfully submitted,

 /s/ Robert L. Freeman, Jr.
Robert L. Freeman, Jr., 21596
OFFICE OF THE DISTRICT ATTORNEY,
PARISH OF ORLEANS
619 South White Street
New Orleans, Louisiana 70119
Telephone:  (504) 822-2414, ext. 2877
Facsimile:  (504) 827-6393

Thomas J. Barbera, 18719
LAW OFFICE OF THOMAS J. BARBERA
1010 Common Street, Suite 3000
New Orleans, Louisiana 70119
Telephone:  (504) 931-0662
Facsimile:  (504) 581-7083

*Counsel for Leon Cannizzaro (in his official capacity as Orleans Parish District Attorney)*

 /s/ Matthew J. Paul
Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069

*Counsel for Leon Cannizzaro (in his individual capacity); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins*