# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>    *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

## **OPPOSITION TO MOTION TO FILE A THIRD AMENDED COMPLAINT**

The Defendants, through their undersigned counsel, respectfully submit this memorandum in opposition to the Plaintiffs' motion seeking leave to file a Third Amended Complaint. Doc. No. 156.

The Plaintiffs request leave to file a Third Amended Complaint "in order to withdraw the individual damages claims against Defendants Cannizzaro, Martin, and Pipes . . . based on failure to supervise and failure to intervene." Doc. No. 156 at 1. The proposed Third Amended Complaint attached to the Plaintiffs' motion is identical to the operative Second Amended Complaint, Doc. No. 52, except that language has been added to Counts VI and VII stating that, under those counts,

1

the Plaintiffs "seek only injunctive relief" against the Defendants in their individual capacities. *Compare* Doc. No. 52 at 73–74 *with* Doc. No. 156-4 at 73–74.

As explained previously, the Defendants do not oppose the dismissal or withdrawal of any and all claims against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes at the earliest opportunity. *See* Doc. No. 143 at 2. However, as this Court previously recognized, the Court's earlier ruling on the Defendants' motion to dismiss—which denied the motion in part and allowed damages claims to proceed against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes in their individual capacities—is currently on appeal. *See* Doc. No. 147 at 10. Because this Court "lacks jurisdiction to alter claims that are pending on appeal," "this Court currently lacks the power to alter the claims that Plaintiffs ultimately want to dismiss." *Id.*; *see also May v. Sheahan*, 226 F.3d 876, 879–81 (7th Cir. 2000) (explaining that a district court lacks jurisdiction to accept an amended complaint while an appeal challenging the denial of immunity is pending); *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) ("A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.").

The Plaintiffs acknowledge that the Court lacks jurisdiction to allow an amendment of the complaint at this time, suggesting that the Court may issue an indicative ruling notwithstanding the lack of jurisdiction. *See* Doc. No. 156-1 at 2. However, even aside from the lack of jurisdiction, the Plaintiffs' proposed amendment should not be allowed. The Court has previously granted in part the Defendants' motion to dismiss the claims in the Second Amended Complaint, dismissing various claims while allowing other claims to proceed. Yet the Plaintiffs have made no effort to remove the previously dismissed claims from their proposed Third Amended Complaint. Allowing these claims to be re-pleaded would be futile because the claims would be subject to dismissal for the reasons already explained by the Court. *See Maricci Sports, LLC v. Nat'l Collegiate Athletic*

*Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. An amendment is futile if it would fail to survive a Rule 12(b)(6) motion.") (citation omitted). It would also needlessly consume the time and resources of the Court and the parties by requiring briefing and a ruling on a new Rule 12(b)(6) motion by the Defendants.

For these reasons, the Defendants respectfully request that the Plaintiffs' motion be denied.

Respectfully submitted,

  /s/ Robert L. Freeman, Jr.
Robert L. Freeman, Jr., 21596
OFFICE OF THE DISTRICT ATTORNEY,
PARISH OF ORLEANS
619 South White Street
New Orleans, Louisiana 70119
Telephone:  (504) 822-2414, ext. 2877
Facsimile:   (504) 827-6393

Thomas J. Barbera, 18719
LAW OFFICE OF THOMAS J. BARBERA
1010 Common Street, Suite 3000
New Orleans, Louisiana 70119
Telephone:  (504) 931-0662
Facsimile:   (504) 581-7083

*Counsel for Leon Cannizzaro (in his official capacity as Orleans Parish District Attorney)*

  /s/ Matthew J. Paul
Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069

*Counsel for Leon Cannizzaro (in his individual capacity); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins*