**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

RENATA SINGLETON; MARC
MITCHELL; LAZONIA BAHAM; JANE
DOE; TIFFANY LACROIX; FAYONA
BAILEY; JOHN ROE; and SILENCE IS
VIOLENCE,

      *Plaintiffs*,

v.

LEON CANNIZZARO, in his official
capacity as District Attorney of Orleans
Parish and in his individual capacity;
GRAYMOND MARTIN; DAVID PIPES;
IAIN DOVER; JASON NAPOLI; ARTHUR
MITCHELL; TIFFANY TUCKER;
MICHAEL TRUMMEL; MATTHEW
HAMILTON; INGA PETROVICH; LAURA
RODRIGUE; SARAH DAWKINS; and
JOHN DOE, in their individual capacities,

      *Defendants*.

Civil Action No. 17-10721

Section H
Judge Jane Triche Milazzo

Division 1
Magistrate Judge Janis van Meerveld

**PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON PLAINTIFFS' REQUESTS FOR INJUNCTIVE RELIEF**

Plaintiffs Renata Singleton, Marc Mitchell, Lazonia Baham, Jane Doe, Tiffany Lacroix,

Fayona Bailey, John Roe, (collectively, "Individual Plaintiffs") and plaintiff Silence is Violence

("SIV"), through undersigned counsel, submit this response to the Defendants' Motion for Partial

Summary Judgment on Plaintiffs' requests for injunctive relief.  As explained below, Plaintiffs do

not oppose the grant of summary judgment on the following categories of claims for injunctive

relief against the individual Defendants: (1) claims against individual Defendants who have left

the Orleans Parish District Attorney's Office ("OPDA"); (2) claims on behalf of the individual

1

Plaintiffs.[1]  Plaintiffs do oppose the grant of summary judgment for all injunctive relief sought by SIV against Defendants Cannizzaro, Martin, and Pipes in their individual capacities. This includes SIV's injunctive claims against Defendant Cannizzaro for retaliation prohibited by the First Amendment; against Defendants Cannizzaro, Martin and Pipes for failure to train, supervise, and discipline the prosecutors of OPDA for their unlawful conduct, and their failure to intervene; and against Defendants Cannizzaro, Martin and Pipes for the substantive due process violations arising out of the creation and use of the fraudulent subpoenas that are at the heart of this case.

## Background

Plaintiffs' Second Amended Complaint ("Complaint") alleges that Defendant District Attorney Leon Cannizzaro, in his official and individual capacities, along with at least a dozen individual prosecutors in his employ at OPDA, used illegal means—including fraudulent subpoenas—to coerce, arrest, and imprison crime victims and witnesses.  The Complaint pleads both official-capacity and individual-capacity claims for damages and equitable relief under the United States Constitution and Louisiana law.

Defendants moved to dismiss the Complaint, arguing, *inter alia*, that immunity defenses precluded liability on most claims for individual damages and that Plaintiffs' claims did not state causes of action.  This Court allowed most of Plaintiffs' individual-injunctive and official-capacity claims to survive, finding them sufficiently pled.  In particular, the Court allowed individual-capacity injunctive claims to move forward against Defendant Cannizzaro for retaliation against

---

[1] Plaintiffs do not dispute any of the facts contained in Defendants' Statement of Uncontested Facts, Doc. 159-2, which relate only to the closed criminal cases in which the individual Plaintiffs were witnesses and to the individual Defendants who no longer work for OPDA.  As detailed above, Plaintiffs do not oppose summary judgment on the basis of those facts.  For this reason, Plaintiffs are not filing a Counterstatement of Material Facts.  However, Defendants' Statement does not address any facts that would go towards the injunctive relief sought by Plaintiff SIV against Defendants Cannizzaro, Martin, and Pipes.

Plaintiff Silence is Violence in violation of the First Amendment; and individual-capacity injunctive claims to move forward against Defendants Cannizzaro, Martin and Pipes—the three supervisors and policymakers for OPDA—for violating the Due Process Clause of the Fourteenth Amendment through the creation and use of the fraudulent subpoenas and for their failure to supervise and failure to intervene with respect to the creation and use of the fraudulent subpoenas. Doc. 116 (Order and Reasons on Defendants' Motion to Dismiss) at 25-26, 43, 51.

Plaintiff Silence Is Violence is a non-profit victim advocacy organization with a mission to advocate for crime victims and safer communities. As alleged in the complaint, since Defendant Cannizzaro took office, resources once directed at SIV's core mission must instead be devoted to protecting crime victims from the Office's coercive practices. Doc. 52 (Complaint) ¶ 171; ¶¶ 389–413. For example, SIV expended resources accompanying Plaintiff Mitchell to meet with the judge in his case and assisting him in seeking treatment for his emotional distress. Doc. 52 ¶¶ 397-402. The organization has done—and continues to do—similar work for many other victims and witnesses in Orleans Parish.

## Standard of Review

Summary judgment is appropriate only if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden to "identify[ ] portions of the record which highlight the absence of genuine factual issues." *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) (requiring a party asserting that a fact cannot be disputed to support the assertion by citing to particular parts of materials in the record). The Court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Cole v. Carson*, 935 F.3d 444, 452 (5th Cir. 2019), as revised (Aug. 21, 2019).

## Argument

**I.    SIV has standing to seek injunctive relief against Defendants Cannizzaro, Martin and Pipes in their individual capacities.**

Defendants argue that SIV has not alleged that it has been harmed by any individual defendant, and that SIV does not allege any facts suggesting that it faces an imminent threat of future harm by any specific Individual Defendant.  Doc. 159-1 (Defendants' Memorandum In Support of Motion for Partial Summary Judgment) at 4-5.  This is clearly belied by the Complaint.  The Complaint alleges that Defendant Cannizzaro violated the rights of SIV under the First Amendment, and that Defendants Cannizzaro, Mitchell and Pipes, as the policymakers and supervisors who directed the use of the manufactured subpoenas, violated the rights of SIV under the Due Process Clause of the Fourteenth Amendment.  Compl. ¶ 427 (alleging First Amendment violations against Defendant Cannizzaro in his individual capacity); ¶¶ 432-33 (alleging violations of substantive due process against Defendants Cannizzaro, Martin and Pipes in their individual capacities); ¶¶ 434-436 (alleging, against Defendants Cannizzaro, Martin and Pipes in their individual capacities, the failure to train, supervise and discipline the unlawful conduct of prosecutors of the OPDA); ¶¶ 437-440 (alleging against all Defendants in their individual capacities the failure to intervene).  Defendants have offered no facts in their Motion for Partial Summary Judgment that refute these allegations.

This court's decision denying Defendants' Motion to Dismiss on those claims affirmed that they are still live.  *See* Doc. 116 at 43 ("SIV's claims against Cannizzaro in his official capacity and for injunctive relief based on the DA's Office's allegedly unlawful policy of retaliation, however, are sufficient to overcome Defendants' 12(b)(6) challenge for the same reason such claims by the other Plaintiffs survive"); *id*. at 25-26 n.112 (finding that Plaintiffs' claims regarding the use of manufactured subpoenas "sufficiently shock the conscience such that they allege a constitutional violation" that "defeats Defendants' argument that Plaintiffs have failed to state a substantive due

process claim upon which relief could be granted")[2]; *id*. at 51 (listing among surviving claims those seeking injunctive relief against Defendants Cannizzaro, Martin and Pipes for failure to supervise and failure to intervene and for injunctive relief against Cannizzaro in his individual capacity regarding the alleged creation and use of "subpoenas").

### a. SIV has organizational standing to sue.

Though Defendants do not explicitly say so, by stating that SIV has not shown any harm arising out of the use of false material witness warrants and subpoenas, they appear to obliquely argue that SIV has not suffered an injury sufficient to confer organizational standing to sue. But, as this court affirmed in its denial of Defendants Motion to Dismiss, SIV alleged that its organizational interests have been harmed as a result of the actions of Defendants Cannizzaro, Martin and Pipes, particularly through the diversion of its resources from crime prevention to protecting victims from the unlawful policies and practices that those Defendants propounded and directed. *See* Doc. 52 ¶ 171; ¶¶ 389–413; Doc. 116 at 43-44. Such injuries are plainly cognizable.

An organization has standing to sue on its own behalf if it meets the same standing test that applies to individuals. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378–79 (1982). That standard requires that the plaintiff demonstrate an injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1997). An organization may demonstrate

---

[2] The summary of this Court's order listing the claims that are still live in the case omits reference to the individual injunctive claims against Cannizzaro, Martin, and Pipes alleged by Plaintiffs under Count V, Violation of Fourteenth Amendment Due Process. Doc. 116 at 51. However, the Court found that Plaintiffs had stated a claim for violation of Substantive Due Process against the Defendants, granting Defendants' Motion to Dismiss on this claim *only* so as to preclude damages against the individual Defendants on the basis of qualified immunity. Doc. 116 at 25-26. The individual injunctive claims, which Plaintiffs specifically and adequately pled, thus survive. Plaintiffs respectfully request that the Court clarify its order to specify that the individual injunctive claims for violations of substantive due process are still live.

an injury-in-fact by showing that it diverted resources in response to a defendant's allegedly unlawful practices. *Havens Realty Corp.*, 455 U.S. at 379 (finding that "there c[ould] be no question that the organization[al] [plaintiff] ha[d] suffered injury in fact" where the challenged policy had allegedly "impaired [its] ability to provide counseling and referral services").

The Fifth Circuit has repeatedly affirmed this principle.  In *Association of Community Organizations for Reform Now v. Fowler*, 178 F.3d 350, 360-61 (5th Cir. 1999), the Court held that the plaintiff, an organization devoted to voter registration, had shown an injury because the organization had "expended definite resources counteracting the effects" of Louisiana's failure to implement the National Voter Registration Act, including conducting voter registration drives in places where the state was required but had failed to provide voter registration.  Similarly, in *OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017), the plaintiff, a nonprofit organization whose primary mission was dedicated to voting, redirected some of its resources toward educating its members and other members of the public on how to comply with Texas voting laws that affected reliance on assistants to translate for voters with limited English–language abilities.  The Court held that this was sufficient injury to establish organizational standing.  *Id*.  *See also Scott v. Schedler*, 771 F.3d 831, 837 (5th Cir. 2014) (finding injury-in-fact where plaintiff organization conducted voter registration drives in response to alleged failure of state to implement National Voter Registration Act).

As SIV alleged, it was founded to conduct public advocacy to protect New Orleans residents from violent crime, and has been forced to divert its resources instead to protecting crime victims from OPDA's unlawful and coercive practices.  Doc. 52 ¶ 12.  As a direct result of those practices, SIV alleged that it changed the way it structures its operations, allocates its resources, and manages

victims' relationships with the District Attorney's Office. Doc. 52 ¶ 408. This Court held that those allegations are sufficient to claims upon which relief can be granted. Doc. 116 at 44. Defendants have not pointed to any evidence to the contrary, and certainly have not met their heavy burden at the summary judgment stage to show that SIV has not suffered any injury from Defendants' unlawful practices.[3]

### b. SIV faces an ongoing and concrete threat of harm.

Defendants argue that the harm faced by SIV is speculative such that it defeats SIV's request for prospective relief. For this proposition they rely on two cases, *City of Los Angeles v. Lyons,* 461 U.S. 95 (1983) and *Society of Separationists, Inc. v. Herman,* 959 F.2d 1283 (5th Cir. 1992), in which *individual plaintiffs* sought injunctive relief against government agents who had previously harmed the plaintiffs. In both cases, the courts concluded that an individual who had suffered a distinct injury from a specific person or persons needed to rely on more than past harm to show imminent threat of that same harm *occurring to the individual* in the future. *See Lyons*, 461 U.S. at 105 ("That Lyons may have been illegally choked by the police on October 6, 1976 . . . does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part."); *Society of Separationists*, 959 F.2d at 1285 ("[Plaintiff] suffers no continuing harm as a result of [Defendant] Judge Herman's actions. Nor can she show a real and immediate threat that she will again appear before Judge Herman as a prospective juror and that Judge Herman will again exclude her from jury

---

[3] Indeed, Defendants do not include in their statement of uncontested material facts any fact that relates to SIV's injuries or standing.

service and jail her for contempt.").[4]

SIV's status as an organizational plaintiff, and the distinct harm that it suffers as an organization, distinguishes it from *Lyons* and *Society of Separationists*. SIV as an organization continues to work with crime victims and witnesses in New Orleans, and crime victims and witnesses in New Orleans continue to be vulnerable to OPDA's coercive tactics, developed and directed by Defendants Cannizzaro, Martin and Pipes. Thus, SIV's redirection of its resources to the clients it serves in response to those tactics is a continuing injury, and the threats it faces as a result of those tactics are ongoing. *See, e.g.*, Doc. 52 ¶ 432 (alleging that each of the policies, practices and customs described in the complaint poses an ongoing risk of violating the Fourteenth Amendment rights of SIV and its clients). And, importantly, Defendants have adduced no evidence to suggest that the unlawful policies are not currently in place.

## II.   There is no evidence that the policies and practices SIV seeks to enjoin have been discontinued.

Defendants appear to argue that SIV faces no threat of future harm because there is no "ongoing official policy" of using the fraudulent subpoenas. Doc. 159-1 at 11. But in support, they point only to *Plaintiffs' own allegations in the Complaint* stating that OPDA prosecutors have been instructed by Defendant Martin to avoid using 'Notice to Appear' documents and instead send a letter that "does not include overt threats of jail or fines and does not resemble an official court

---

[4] Defendants' citations to *Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019), and *Brotherhood of Locomotive Engineers v. Jones*, No. 92-cv-2868, 1992 WL 370126, at *1–2 (E.D. La. Dec. 1, 1992), are similarly inapposite. In *Stringer*, the court held that plaintiffs, three voters alleging that Texas had violated the National Voter Registration Act by failing to automatically update their voter registrations when they moved counties, had not shown that they themselves (as opposed to others affected by the challenged policy) would be harmed absent the requested injunctive relief. *See Stringer*, 942 F.3d at 721 (stating that "whether compliance with the [challenged policy] would prevent future injury to others is irrelevant; plaintiffs seeking injunctive relief must show a continuing or threatened future injury to themselves.") And in *Jones*, the court held that plaintiff had no standing because of the unlikely series of events that would have occur before a real threat that the harm would recur. 1992 WL 370126 at *1-2.

order." *Id*. (citing Doc. 52 ¶¶ 77-80). Defendants misconstrue the import of Plaintiffs' allegation, which cited the Martin email—sent after a local newspaper first reported on the use of the fraudulent subpoenas—to demonstrate that the use of the fraudulent subpoenas was an official and widespread policy that required the First Assistant District Attorney to issue an instruction to the entire office in order to halt it. Plaintiffs do not concede that the policy has in fact ended; only that Defendant Martin issued the foregoing instruction. Moreover, Plaintiffs additionally allege that even after the Martin email was sent directing the use of letters that omitted threats, prosecutors would nonetheless make verbal threats to crime victims and witnesses while delivering these letters. Doc. 52 ¶¶ 79-83.

Regardless, it is axiomatic that defendants may not rely on allegations in a complaint to show that no genuine issue of material fact exists.[5] Allegations in a complaint are assertions, not evidence. *Collins v. Jackson Pub. Sch. Dist.*, 609 F. App'x 792, 795–96 (5th Cir. 2015) (stating that Rule 56 requires that claimed facts be supported by citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials"); *see also Felder v. Hobby*, 1999 WL 1067892, *1 (5th Cir. 1999) ("Conclusory allegations, speculation, and unsubstantiated assertions are not evidence."). Defendants proffer absolutely no evidence that Martin's instruction has been followed. Accordingly, there is no basis to enter summary judgment on this point.

Even if Defendants' assertion that the fraudulent subpoena policy is no longer in place were not entirely unsubstantiated, summary judgment would be inappropriate because the relevant facts

---

[5] Moreover, Defendants do not assert in their statement of undisputed material facts that the policies surrounding the use of fraudulent subpoenas are no longer in place.

are as yet unavailable to Plaintiffs. *See* Fed. R. Civ. P. 56(d) (court may deny a motion for summary judgment on basis of unavailability of facts to the nonmovant). Plaintiffs have propounded several discovery requests for any documents and information related to OPDA's policies regarding the fraudulent subpoenas. *See* Ex. 1 (Rule 56(d) Affidavit of Attorney Tara Mikkilineni). To date, Plaintiffs have received a fraction of the requested documents and have not yet received Defendants' responses to their interrogatories. *Id*. ¶ 4  No depositions have yet been conducted. *Id*. ¶ 6  Indeed, there remain nine months left in the discovery period. Doc. 155 (Scheduling Order) at 3. This court should deny summary judgment on SIV's injunctive claims because it would be premature—Plaintiffs have simply been afforded insufficient time to conduct the discovery necessary, including depositions of Defendants Cannizzaro, Martin, and Pipes, to inquire as to the status of the fraudulent subpoena and related policies. Summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *See Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5 (1986).

Finally, however, even accepting Defendant Martin's instruction at face value, SIV's standing would be unaffected. Though they do not say it explicitly, Defendants appear to be arguing that any request for injunctive relief is moot because OPDA has halted the practice. But, "[a] defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000). Otherwise, "the courts would be compelled to leave the defendant free to return to his old ways." *Id.* at 189 (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.10 (1982)). To show that a case has been mooted by voluntary cessation of an unconstitutional practice, a defendant must prove that "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate*

10

*Export Assn.*, 393 U.S. 199, 203 (1968).  This is a "heavy burden," *Friends of the Earth*, 528 U.S. at 189, and it is the defendant's burden, *id.*  It is clearly not met here.

Courts analyzing voluntary-cessation cases look to whether changes in government policy constitute clear and unambiguous cessation of an unconstitutional policy.  *See, e.g.*, *Fontenot v. McCraw*, 777 F.3d 741, 747–48 (5th Cir. 2015) ("[A]llegations by a defendant that its voluntary conduct has mooted the plaintiff's case require closer examination than allegations that 'happenstance' or official acts of third parties have mooted the case.").  "[D]efendants must offer more than their mere profession that the conduct has ceased and will not be revived."  *Hall v. Bd. of Sch. Comm'rs of Conecuh County*, 656 F.2d 999, 1000–01 (5th Cir. 1981); *see also Donovan v. Cunningham*, 716 F.2d 1455, 1461 (5th Cir. 1983) (holding that "bare assurances" were "clearly insufficient to meet the [defendants'] burden of persuasion" on mootness by voluntary cessation).

The email sent by Defendant Martin, which, as Plaintiffs allege, was followed by instances of prosecutors merely replacing written threats with verbal ones, cannot alone establish that OPDA has stopped the policies and practices surrounding the use of the fraudulent subpoenas, including those related to the abuse of material witness warrants and retaliation.  And again, where Defendants have failed to point to anything in the record other than Plaintiffs' own allegations in support of their assertion that the policy is no longer a threat to crime victims and witnesses, and to the organization that serves them, it is certainly not sufficient for Defendants to meet their heavy burden on summary judgment.

## Conclusion

For the reasons above, Plaintiffs respectfully request that this court deny Defendants' Motion for Partial Summary Judgment as to the individual injunctive claims against Defendants Cannizzaro, Martin and Pipes.

Respectfully submitted this 10th day of December, 2019,

|  |  |
|---|---|
|  | /s/ Tara Mikkilineni |
|  | Tara Mikkilineni |
| Somil Trivedi | Ryan Downer |
| Admitted *pro hac vice* | Katherine Chamblee-Ryan |
| American Civil Liberties Union Foundation | Olevia Boykin |
| 915 15th Street NW | Admitted *pro hac vice* |
| Washington, DC 20005 | Civil Rights Corps |
| Tel: (202) 715-0802 | 1601 Connecticut Ave. NW, Ste. 800 |
| strivedi@aclu.org | Washington, D.C. 20009 |
|  | Tel. (202) 656-5198 |
| Mariana Kovel | ryan@civilrightscorps.org |
| Admitted *pro hac vice* | katie@civilrightscorps.org |
| American Civil Liberties Union Foundation | olevia@civilrightscorps.org |
| 125 Broad Street, 18th Floor | tara@civilrightscorps.org |
| New York, NY 10004 |  |
| Tel: (646) 905-8870 | Bruce Hamilton |
|  | La. Bar No. 33170 |
|  | ACLU Foundation of Louisiana |
|  | New Orleans, LA 70156 |
|  | Tel. (504) 522-0628 |
|  | bhamilton@laaclu.org |

COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of December, 2019, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and that service will be provided through the CM/ECF system.

/s/Tara Mikkilineni