UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>    *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' REQUESTS FOR INJUNCTIVE RELIEF**

Defendants Leon Cannizzaro (in his individual capacity); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins (the "Individual Defendants"), through undersigned counsel, respectfully submit this reply to the Opposition filed by Plaintiffs Renata Singleton, Marc Mitchell, Lazonia Baham, Jane Doe, Tiffany LaCroix, Fayona Bailey, and John Roe (collectively, the "Individual Plaintiffs") and Silence Is Violence, Doc. No. 174, and in further support of the Individual Defendants' motion seeking partial summary judgment dismissing all requests for injunctive relief asserted against them for lack of standing, Doc. No. 159.

1

**BACKGROUND**

As explained in their Opposition, the Plaintiffs do not oppose summary judgment dismissing all requests by the Individual Plaintiffs for injunctive relief against the Individual Defendants for lack of standing. *See* Doc. No. 174 at 1–2. The Plaintiffs also do not oppose summary judgment dismissing Silence Is Violence's requests for injunctive relief against the Individual Defendants other than Mr. Cannizzaro, Mr. Martin, and Mr. Pipes. *See id.* at 1–2, 11. The Plaintiffs oppose dismissal only as to:

1) Silence Is Violence's request for injunctive relief on its First Amendment retaliation claim against Mr. Cannizzaro (Count III);

2) Silence Is Violence's request for injunctive relief on its substantive-due-process claims against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes "arising out of the creation and use of . . . fraudulent subpoenas" (Count V); and

3) Silence Is Violence's request for injunctive relief on its claims against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes for failure to train, supervise, and discipline (Count VI) and failure to intervene (Count VII).

*See id.* at 2.

However, as explained in the Individual Defendants' motion and further below, these requests for injunctive relief by Silence Is Violence should be dismissed because the Plaintiffs have not demonstrated any imminent, substantial risk that Mr. Cannizzaro, Mr. Martin, or Mr. Pipes will violate Silence Is Violence's rights in the future.

**DISCUSSION**

**I. Regardless of whether a plaintiff is an individual or an organization, it has no standing to seek injunctive relief unless it faces an imminent, substantial risk of future harm by the defendant.**

The Plaintiffs suggest that the Individual Defendants' motion for partial summary judgment "obliquely" challenges Silence Is Violence's organizational standing, Doc. No. 174 at 5, but that is incorrect. Although the Individual Defendants do indeed doubt that Silence Is

2

Violence possesses proper organizational standing to assert the claims it has brought in this case, the present motion does not challenge organizational standing. Rather, the motion specifically challenges Silence Is Violence's standing *to seek injunctive relief*.[1]

Even assuming for the sake of argument that Silence Is Violence has standing to seek damages for the alleged harm to itself and its members or clients, that does not mean it has standing to seek injunctive relief. As explained in the Individual Defendants' motion, "plaintiffs may lack standing to seek injunctive relief even though they have standing to sue for damages." *Society of Separationists*, 959 F.2d at 1285 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *Lyons*, 461 U.S. at 102).

The Plaintiffs contend that *Lyons* and *Society of Separationists* pertain specifically to "*individual plaintiffs*" seeking "injunctive relief against government agents who had previously harmed" them. *See* Doc. No. 174 at 7. The Plaintiffs characterize both cases as holding that "an individual who had suffered a distinct injury from a specific person or persons needed to rely on more than past harm to show imminent threat of that same harm *occurring to the individual* in the future." *See id.* Accordingly, the Plaintiffs suggest that holdings of *Lyons* and *Society of Separationists* are inapplicable to Silence Is Violence because it is an "organizational plaintiff." *See id.* at 8.

But organizational plaintiffs are not, and cannot be, excused from the fundamental constitutional requirement of Article III standing. "The purpose of the requirement that the injury

---

[1] Accordingly, the Defendants' motion does not attempt to "show that SIV has not suffered any injury from Defendants' unlawful practices." Doc. No. 174 at 7. Instead, the motion focuses on Silence Is Violence's inability to show any imminent threat of *future* injury.

3

be imminent is to ensure that the alleged injury is not too speculative for Article III purposes." *Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019) (quotation omitted). Regardless of whether the plaintiff is an individual or an organization, federal courts lack subject-matter jurisdiction to adjudicate requests for injunctive relief if the alleged threatened injury is too remote or speculative. The Plaintiffs cite no authority suggesting that an organizational plaintiff's standing to seek injunctive relief is assessed in a different, or more lenient, way than any other plaintiff.

II. **Silence Is Violence has not shown that it faces a substantial, imminent risk of First Amendment retaliation by Mr. Cannizzaro personally.**

Silence Is Violence's First Amendment retaliation claims against Mr. Cannizzaro are based on two discrete alleged events. The Plaintiffs allege that, in 2016, Mr. Cannizzaro told Tamara Jackson, the Executive Director of Silence Is Violence, that she could be prosecuted for witness coercion if she encouraged witnesses not to communicate with her office. *See* Doc. No. 52 at ¶¶ 173–174. They also allege that, three years earlier, Mr. Cannizzaro called Ms. Jackson and told her that she could be charged with obstruction if she dissuaded victims from assisting prosecutors. *See id.* at ¶ 175. Even assuming for the sake of argument that these allegations are true, and that they constitute First Amendment retaliation, as alleged by the Plaintiffs, such allegations do not establish that Silence Is Violence faces "a real and immediate threat of repeated injury in the future" by Mr. Cannizzaro. *See Society of Separationists*, 959 F.2d at 1285. Without more, two discrete past incidents, the last of which occurred at least three years ago, cannot show an imminent threat of future harm.

And indeed, there is nothing more. The Plaintiffs' Opposition does not attach or cite any valid summary-judgment evidence demonstrating an imminent risk that Silence Is Violence will suffer First Amendment retaliation by Mr. Cannizzaro. The affidavit attached to the Opposition suggests that ruling on the Individual Defendants' motion for partial summary judgment should be

4

deferred to allow the opportunity for discovery, but that is inappropriate for at least two reasons. First, Article III standing is a threshold issue that must be present for a plaintiff to be in federal court in the first place. This case has now been pending for more than two years. If Silence Is Violence still has no evidence showing that it faces an imminent risk of First Amendment retaliation by Mr. Cannizzaro, that in itself is strong evidence that Silence Is Violence faces no such imminent risk. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 108 (1983) ("We note that five months elapsed between October 6, 1976, and the filing of the complaint, yet there was no allegation of further unfortunate encounters between Lyons and the police.").

Second, the Plaintiffs do not adequately explain how additional discovery would shed light on the issue. They note that interrogatories concerning "current or past policies related to seeking or obtaining Article 66 subpoenas, DA subpoenas and material witness warrants" are pending, and argue that "[s]uch responses are necessary for Plaintiffs to evaluate whether the policies surrounding the fraudulent subpoenas, and those giving rise to Plaintiffs' retaliation claims, are still in place." Doc. No. 174-1 at 2–3. But policies concerning Article 66 subpoenas, DA subpoenas, and material-witness warrants have nothing to do with Silence Is Violence's retaliation claims against Mr. Cannizzaro. Notably, the Plaintiffs do not even allege that Mr. Cannizzaro, individually, has a "policy" of retaliating against Silence Is Violence.[2] They merely allege that "Plaintiff Silence Is Violence faces an ongoing risk that Defendant Cannizzaro will violate its right in this way again." Doc. No. 52 at ¶ 427. But this general, conclusory allegation, unsupported by any evidence, is insufficient to satisfy Silence Is Violence's summary-judgment burden of

---

[2] The Plaintiffs allege that OPDA has "an official policy, practice, and custom of retaliating against crime victims and witnesses who engage in certain constitutionally protected activity." *See* Doc. No. 52 at ¶ 424. But that alleged policy is clearly not relevant to the alleged threats against Tamara Jackson, who is neither a crime victim or witness, and the Plaintiffs do not allege that the threats against Ms. Jackson were pursuant to such a policy. *See id.* at ¶ 427.

5

establishing its standing to seek injunctive against Mr. Cannizzaro individually. Moreover, the Plaintiffs have provided no good reason to believe that additional discovery will lead to evidence that is relevant and important to this issue.

**III. Silence Is Violence has not shown that it or any of its clients faces an imminent risk of substantive-due-process violations by Mr. Cannizzaro, Mr. Martin, or Mr. Pipes.**

The Plaintiffs argue that Silence Is Violence's requests for injunctive relief against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes, in their individual capacities, should not be dismissed for lack of standing. As the Plaintiffs acknowledge, however, the Court's list of the surviving claims in this case does not include any such claims. *See* Doc. No. 116 at 51; Doc. No. 174 at 5 n.2. Rather, the surviving substantive-due-process claims (Count V), both for damages and injunctive relief, are asserted only against Mr. Cannizzaro in his official capacity and not against any of the Individual Defendants. *See* Doc. No. 116 at 51. The Plaintiffs suggest that the Court's omission of the individual-capacity claims is a mistake or oversight that should be "clarif[ied]," Doc. No. 174 at 5 n.2, but the Court's omission of individual-capacity claims is in fact correct.

The Plaintiffs' allegations under Count V state, in their entirety:

> Each of Defendant Cannizzaro's official policies, practices and customs described above, separately and in combination, shocks the conscience and violated the Fourteenth Amendment rights of all Plaintiffs and poses an ongoing risk of violating the Fourteenth Amendment rights of Plaintiff Baham, Plaintiff Doe, Plaintiff Roe, and the rights of Plaintiff Silence Is Violence and its clients. . . . Defendants' unconstitutional acts directly and proximately caused compensable injury to Plaintiffs.

Doc. No. 52 at ¶¶ 432–433. As is apparent, the allegations specifically concern "official policies, practices and customs" and do not explain what any of the Individual Defendants allegedly did, pursuant to such policies, practices, and customs, to harm the Plaintiffs. The Plaintiffs, including Silence Is Violence, have not adequately stated any substantive-due-process claims against the Individual Defendants.

6

However, even assuming that Silence Is Violence adequately stated damages claims against the Individual Defendants for past injury, Silence Is Violence still would have no standing to seek injunctive relief against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes because it cannot show a substantial, imminent risk of future substantive-due-process violations by these Individual Defendants.

Silence Is Violence argues that it has been harmed because "resources once directed at [its] core mission must instead be devoted to protecting crime victims from the Office's coercive practices." Doc. No. 174 at 3. It alleges that it "expended resources accompanying Plaintiff Mitchell to meet with the judge in his case and assisting him in seeking treatment for his emotional distress," and "has done—and continues to do—similar work for many other victims and witnesses in Orleans Parish." *Id.* But the Plaintiffs have offered no evidence whatsoever about work that it "continues to do," and certainly no evidence suggesting that it or its clients face any threat of imminent harm by Mr. Cannizzaro, Mr. Martin, or Mr. Pipes. Similarly, the Plaintiffs' unsubstantiated and vague contention that Silence Is Violence "continues to be vulnerable to OPDA's coercive tactics" is inadequate to defeat summary judgment. *See id.* at 8. Likewise, the Plaintiffs cannot defeat summary judgment by citing only their own complaint to substantiate claims of "ongoing" threats. *See id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (a party resisting summary judgment must "go beyond the pleadings" and identify competent evidence creating a genuine issue).

The Plaintiffs argue that Individual Defendants "have adduced no evidence to suggest that the unlawful policies [concerning DA subpoenas] are not currently in place." Doc. No. 174 at 8. But the Plaintiffs' own admissions in their Second Amended Complaint are evidence showing that

7

these unlawful policies are not currently in place.[3] The Plaintiffs rely on a May 13, 2014 email from Mr. Martin attaching a DA subpoena form to allege that there was an official policy of using such DA subpoenas. *See* Doc. No. 52 at ¶¶ 43–46. Yet the Plaintiffs also allege that, on April 28, 2017, Mr. Martin sent another email to OPDA staff expressly revoking permission to use earlier forms and instructing staff to use a letter that "does not include overt threats of jail or fines and does not resemble an official court order." *Id.* at ¶¶ 79–80.

The Plaintiffs explain in their Opposition that the purpose of including these latter allegations was "to demonstrate that the use of the fraudulent subpoenas was an official and widespread policy that required the First Assistant District Attorney to issue an instruction to the entire office *in order to halt it*." Doc. No. 174 at 9 (emphasis added). But here again, the admission that the First Assistant District Attorney issued an office-wide order to halt the use of DA subpoenas directly undercuts any Plaintiffs' suggestion that an official policy of using DA subpoenas continues. And although the Plaintiffs allege that "verbal threats" have still been made even after Mr. Martin's April 28, 2017 email, *see id.*, that allegation is irrelevant to their substantive-due-process claims, which specifically concern the use of DA subpoenas. *See* Doc. No. 116 at 25–26.

Ultimately, however, Silence Is Violence's standing to seek injunctive relief against the Individual Defendants does not turn on whether an allegedly unlawful policy of using DA

---

[3] The Plaintiffs argue that "defendants may not rely on allegations in a complaint to show that no genuine issue of material fact exists," Doc. No. 174 at 9, but this is incorrect. Although a party cannot rely on *its own* unsupported allegations to defeat summary judgment, allegations in a complaint constitute a judicial admission that can be used *against* the party that made the allegations, including on summary judgment. *See, e.g.*, *Davis v. A.G. Edwards and Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) ("[F]actual assertions in pleadings are . . . judicial admissions *conclusively* binding on the party that made them."); FED. R. CIV. P. 56(c)(1) (explaining that "[a] party asserting that a fact cannot be or is genuinely disputed" may support the assertion by, among other things, "admissions").

subpoenas continues. For example, in *Lyons*, the Supreme Court credited the plaintiff's allegation that "police in Los Angeles routinely apply chokeholds in situations where they are not threatened by the use of deadly force." *Lyons*, 461 U.S. at 105. Even so, the Supreme Court held that such allegations of an unlawful policy cannot create standing to seek injunctive relief where the plaintiff is not threatened with imminent harm as a result of the policy. *See id.* at 105–07.

The discussion in *Lyons* also explains why the Plaintiffs' arguments concerning mootness, *see* Doc. No. 174 at 10–11, are inapposite here. The Plaintiffs suggest that the Individual Defendants "appear to be arguing that any request for injunctive relief is moot because OPDA has halted the practice," and they contend that the Individual Defendants have not adequately demonstrated "voluntary cessation" to the extent that would moot the case. *See id.* However, the Individual Defendants do not rely on mootness. As the Supreme Court explained in *Lyons*:

> [T]he issue here is not whether [the plaintiff's] claim has become moot but whether Lyons meets the preconditions for asserting an injunctive claim in a federal forum. The equitable doctrine that cessation of the challenged conduct does not bar an injunction is of little help in this respect, for Lyons' lack of standing does not rest on termination of the police practice but on the speculative nature of his claim that he will again experience injury as a result of that practice even if continued.

*Lyons* at 461 U.S. at 109. Similarly, even if Silence Is Violence could show that the alleged policy of illegally using DA subpoenas continues, it still has not demonstrated any imminent threat of future harm as a result of such a policy.

**III.  Silence Is Violence has not shown that the alleged failure to train, supervise, discipline, or intervene by Mr. Cannizzaro, Mr. Martin, and Mr. Pipes creates a substantial, imminent risk of future harm to it or to its clients.**

The Plaintiffs argue that Silence Is Violence's requests for injunctive relief against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes pursuant to Count VI (failure to train, supervise, and discipline) and Count VII (failure to intervene) should not be dismissed for lack of standing. As the Second Amended Complaint makes clear, these two counts are derivative of, and based on, the

9

underlying constitutional violations alleged in Counts I–V. *See* Doc. No. 52 at ¶¶ 434, 437. The Plaintiffs' Opposition implies that Silence Is Violence's failure-to-train and failure-to-intervene claims against the Mr. Cannizzaro, Mr. Martin, and Mr. Pipes pertain only to Count V, substantive due process.[4] *See* Doc. No. 174 at 4. Regardless of whether these failure-to-train and failure-to-intervene claims are based on alleged underlying substantive-due-process violations or on some other unspecified constitutional violation, Silence Is Violence has not shown and cannot show that the alleged failure to train, supervise, discipline, or intervene poses a substantial, imminent risk of future harm.

## CONCLUSION

For the reasons explained above and in the Individual Defendants' motion for partial summary judgment, Doc. No. 159, the Individual Defendants respectfully request that the Plaintiffs' requests for injunctive relief against them be dismissed for lack of standing.

---

[4] *See* Doc. No. 174 at 4 ("The Complaint alleges that . . . Defendants Cannizzaro, Mitchell, and Pipes, as the policymakers and supervisors who directed the use of manufactured subpoenas, violated the rights of SIV under the Due Process Clause of the Fourteenth Amendment."). The Opposition does not identify any other underlying constitutional violation under Counts I–V that was allegedly committed against Silence Is Violence.

Respectfully submitted,

 */s/ Matthew J. Paul*
Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069

*Counsel for Leon Cannizzaro (in his individual capacity); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins*