UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>*Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>*Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**UNOPPOSED MOTION TO DISMISS CONSTITUTIONAL DAMAGES CLAIMS AGAINST SUPERVISORY DEFENDANTS BASED ON QUALIFIED IMMUNITY**

Leon Cannizzaro, in his individual capacity; Graymond Martin; and David Pipes (collectively, the "Supervisory Defendants") through undersigned counsel, respectfully request an order holding that the claims seeking damages against them under Count VI and Count VII of the Second Amended Complaint (Doc. No. 52) are barred by qualified immunity, and dismissing those claims under Federal Rule of Civil Procedure 12(b)(6). The Plaintiffs have been consulted and do not oppose the relief requested in this motion.[1]

---

[1] The Plaintiffs agree that, if this motion is granted, their Motion to File a Third Amended Complaint, Doc. No. 156, should be denied as moot.

## BACKGROUND

The operative complaint in this case (the Second Amended Complaint) asserts claims against the Defendants under nine counts, consisting of five counts alleging federal constitutional violations pursuant to 42 U.S.C. § 1983 (Counts I–V); two counts alleging failure to train, supervise, discipline, and intervene with respect to the alleged constitutional violations in Counts I–V (Counts VI and VII); and two counts alleging Louisiana tort claims for abuse of process and fraud (Counts VIII and IX). *See* Doc. No. 52 at 68–76.

The Individual Defendants previously moved to dismiss the claims against them on grounds of absolute immunity, qualified immunity, and failure to state a claim. *See* Doc. No. 63.[2] The Court granted the motion in part, dismissing all damages claims against the Individual Defendants under Counts I–V based on either absolute immunity or qualified immunity. *See* Doc. No. 116. However, under Counts VI and VII, the Court allowed certain damages claims for failure to supervise and failure to intervene to proceed against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes. *See id.* at 51.[3] The Court also allowed state-law damages claims to proceed against various Defendants. *See id.* at 52. The Individual Defendants appealed the partial denial of immunity with respect to damages claims against them. *See* Doc. No. 118. That appeal is currently pending before the Fifth Circuit, and is now fully briefed and set for oral argument in February 2020.

The Individual Defendants contend that, in their previous motion to dismiss, they moved for dismissal of the failure-to-supervise and failure-to-intervene claims under Counts VI and VII based on qualified immunity. *See* Doc. No. 63 at 2. The Individual Defendants further contend that this Court implicitly denied qualified immunity on those claims by allowing damages claims

---

[2] The Individual Defendants also argued that many of the claims against them are prescribed.

[3] Only the damages claims "regarding the alleged creation and use of 'subpoenas'" were allowed to proceed. *See* Doc. No. 116 at 51.

against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes to proceed. The Court disagrees, and has explained that "[t]o the extent Defendants raised a qualified immunity defense" with respect to these claims, the "Court failed to recognize it as such." Doc. No. 147 at 4–5. However, regardless of whether the defense of qualified immunity was previously raised as to those claims and denied, it is clear that the claims remain pending at this point. Accordingly, the present motion seeks dismissal of those claims.

## DISCUSSION

As noted above, this Court previously held that all of the constitutional damages claims against the Individual Defendants under Counts I–V are barred by absolute or qualified immunity. *See* Doc. No. 116 at 17–26. The Court held that, although the constitutional damages claims based on "creating or issuing 'subpoenas' to Plaintiffs" were not barred by absolute immunity, they were barred by qualified immunity because the Plaintiffs had not adequately alleged the violation of any clearly established constitutional right. *See id.* For those same reasons, the failure-to-supervise and failure-to-intervene claims based on creation or use of "subpoenas" are also barred by qualified immunity.

Qualified immunity protects supervisory officials from liability for alleged constitutional violations unless the plaintiff's asserted constitutional right, and the supervisor's duty with respect to that right, are "clearly established" at the time of the alleged violation. *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 445 (5th Cir. 1994) (en banc); *see also Pena v. Givens*, 637 F. App'x 775, 786 (5th Cir. 2015) ("In *Doe v. Taylor Independent School District*, we held that supervisors are entitled to qualified immunity unless *both* the underlying constitutional right and the supervisors' duty with respect to that right were clearly established."). Because the Court has already found that the conduct alleged in Counts I–V did not violate any clearly established rights of the

Plaintiffs, the Plaintiffs' claims that the Supervisory Defendants failed to supervise and intervene with respect to such conduct are barred by qualified immunity.

The Plaintiffs agree that, "based on what this Court has already found, it would be appropriate to grant the supervisor defendants qualified immunity." *See* Doc. No. 141 at 4; *see also id.* at 2 ("[C]aselaw indicates that individual supervisory defendants receive qualified immunity if their supervisees are immune for the underlying constitutional violations.").[4]

## CONCLUSION

For the reasons explained above, Mr. Cannizzaro, Mr. Martin, and Mr. Pipes respectfully request an order holding that the claims seeking damages against them under Count VI and Count VII of the Second Amended Complaint (Doc. No. 52) are barred by qualified immunity, and dismissing those claims under Federal Rule of Civil Procedure 12(b)(6).

---

[4] The Plaintiffs note that, although they concede that qualified immunity applies to the claims against the supervisor defendants based on this Court's prior reasoning, which is now the law of the case, the Plaintiffs do not concede that this reasoning is substantively correct.

Respectfully submitted,

 /s/ *Matthew J. Paul*
Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
 & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069

*Counsel for Leon Cannizzaro (in his individual capacity); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins*

5