UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON,<br>MARC MITCHELL,<br>LAZONIA BAHAM,<br>JANE DOE,<br>TIFFANY LACROIX,<br>FAYONA BAILEY,<br>JOHN ROE, and<br>SILENCE IS VIOLENCE,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity;<br><br>DAVID PIPES,<br>IAIN DOVER,<br>JASON NAPOLI,<br>ARTHUR MITCHELL,<br>TIFFANY TUCKER,<br>MICHAEL TRUMMEL,<br>MATTHEW HAMILTON,<br>INGA PETROVICH,<br>LAURA RODRIGUE,<br>SARAH DAWKINS, and<br>JOHN DOE,<br>in their individual capacities;<br><br>    *Defendants*. | **CIVIL ACTION NO. 2:17-cv-10721**<br><br>**JUDGE: JANE TRICHE MILAZZO**<br><br>**MAGISTRATE: JANIS VAN MEERVELD** |

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Plaintiffs hereby make the following disclosures to Defendants pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiffs reserve the right to supplement and/or amend these disclosures as appropriate as discovery and investigation regarding the claims proceed.

EXHIBIT 1

## I. Individuals Likely To Have Discoverable Information under Fed. R. Civ. P.26(a)(1)(A)(i):

Plaintiffs believe that the following individuals are likely to have discoverable information that Plaintiffs may use to support their claims and defenses in this case. Plaintiffs will continue their investigation regarding which other individuals may have discoverable information relevant to this case and reserve the right to supplement this disclosure as discovery progresses.

1. All current and former employees of the Orleans Parish District Attorney's Office, including Individual Defendants Graymond Martin, David Pipes, Iain Dover, Jason Napoli, Arthur Mitchell, Tiffany Tucker, Michael Trummel, Matthew Hamilton, Inga Petrovich, Laura Rodrigue, Sarah Dawkins and John Doe. Their names and addresses are known to Defendants. Current and former employees are likely aware of the challenged policies in this case, including but not limited to: (1) Orleans Parish District Attorney's Office's specific role in creating and implementing the challenged policies; (2) how employees and/or agents were instructed to implement these policies and how they did in fact implement these policies; (3) when and how the policies were formed; (4) how the policies were portrayed in both internal and external program documents; (5) what documents exist that might detail the existence, origins, and/or implementation of the policies; (6) whether and how the policies have changed over time; and (7) how the policies were carried out in individual cases.

2. Defendant Leon Cannizzaro. His contact information is known to Defendants. Defendant Cannizzaro is likely aware of the challenged policies in this case, including but not limited to: (1) the Orleans Parish District Attorney's Office's specific role in creating and implementing the challenged policies; (2) how employees and/or agents were instructed to implement these policies and how they did in fact implement these policies; (3) when and how the policies were formed; (4) how the policies

2

were portrayed in both internal and external program documents; (5) what documents exist that might detail the existence, origins, and/or implementation of the policies; (6) whether and how the policies have changed over time; and (7) how the policies were carried out in individual cases.

3. Plaintiffs Renata Singleton, Marc Mitchell, Tiffany LaCroix, Fayona Bailey, Lazonia Baham, John Roe, and Jane Doe are likely to have knowledge regarding the allegations set out in the Second Amended Complaint, including how the challenged policies were carried out in their individual cases and their damages as a result. Contact through counsel.[1]

4. Tamara Jackson, Executive Director of Silence Is Violence ("SIV"), is likely to have knowledge regarding the allegations set out in the Second Amended Complaint, including how the challenged policies were carried out in individual cases, resources expended by SIV to address Defendants' conduct, and SIV's damages. Contact through counsel.

5. Yolunda LaCroix, mother of Tiffany LaCroix. Ms. Lacroix is likely to have knowledge regarding the allegations set out in the Second Amended Complaint, including the emotional distress and other damages suffered by Plaintiff Lacroix. Contact through counsel.

6. Anthony J. Ibert of J.C. Lawrence and Associates: 303 South Broad Street, New Orleans, LA 70119; phone number: 504-822-1359. Attorney Ibert represented Plaintiffs Tiffany LaCroix and Fayona Bailey. He is likely aware of how the challenged policies were implemented in their respective cases and damages they suffered as a result.

---

[1] Anonymous Plaintiffs will be disclosed once an appropriate protective order is in place.

7. Attorney David Anderson of International Legal Foundation: 315 West 39th St. Rm 507, New York, New York 10018; phone number: 707-386-0478. Attorney Anderson represented Plaintiff Jane Doe. He is likely aware of how the challenged policies were implemented in her case and damages she suffered as a result.

In addition, Plaintiffs note that discovery is ongoing and reserve the right to supplement these disclosures pursuant to Federal Rule of Civil Procedure 26(e). Plaintiffs also incorporate by reference any other individuals disclosed by other parties in this matter.

**II. Documents Relevant to Disclosing Party's Claims or Defenses under Fed. R. Civ. P. 26(a)(1)(A)(ii):**

Plaintiffs submit the following description of documents, electronically stored information or tangible things in their personal possession, custody or control that they may use to support their claims or defenses, by category:

1. Public records, criminal case files and government documents concerning the prosecution of cases by the Orleans Parish District Attorney's Office.

2. Newspaper articles and other media coverage of the Orleans Parish District Attorney's Office.

3. Financial documents concerning out-of-pocket expenses incurred by Plaintiffs as a result of the challenged policies.

4. Filings, correspondence and non-privileged documents prepared on behalf of Plaintiffs Doe, Lacroix, and Bailey by their respective attorneys in relation to the challenged policies.

5. Documents related to attorney's fees incurred by Plaintiffs Doe, LaCroix, and Bailey and alleged to be recoverable as damages.

4

**III. <u>Computation of Damages under Fed. R. Civ. P. 26(a)(1)(A)(iii):</u>**

Individual Plaintiffs seek the full amount of relief available to them under the law including compensatory damages and punitive damages in an amount to be determined by a jury at trial. In addition to damages for emotional distress and mental anguish, the compensatory damages sought shall include out-of-pocket losses related to lost employment or wages and attorneys' fees. A calculation for each Individual Plaintiffs' out-of-pocket losses shall be supplemented later in discovery.

Plaintiff SIV claims damages in an amount equal to the economic loss it has suffered as a result of its investigatory activities related to Defendants' unlawful conduct and its efforts to counteract Defendants' conduct. SIV claims damages in an amount sufficient to compensate it for the time and resources that it has diverted from other activities related to its mission as a result of Defendants' actions. Such damages include staff time, out-of-pocket expenditures, and other expenses. SIV will also seek compensation for the necessary time it will take to monitor and counteract the ongoing effects of Defendants' conduct. SIV also seeks damages as compensation for the frustration of its mission caused by Defendants' unlawful actions. SIV has not performed a precise calculation of all of its damages, but this information will be supplemented.

**IV. <u>Insurance Agreements under Fed. R. Civ. P. 26(a)(1)(A)(iv):</u>**

Plaintiffs are not aware of any insurance agreement under which the insurer may be liable to satisfy part or all of the judgment, if entered, in this action.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted this 16th day of August, 2019,

Somil Trivedi
Admitted *pro hac vice*
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Tel: (202) 715-0802
strivedi@aclu.org

Mariana Kovel
Admitted *pro hac vice*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (646) 905-8870

/s/Ryan Downer
Ryan Downer
Katherine Chamblee-Ryan
Olevia Boykin
Admitted *pro hac vice*
Civil Rights Corps
910 17th Street NW
Washington, D.C. 20006
Tel. (202) 656-5198
ryan@civilrightscorps.org
katie@civilrightscorps.org
olevia@civilrightscorps.org

Bruce Hamilton
La. Bar No. 33170
ACLU Foundation of Louisiana
New Orleans, LA 70156
Tel. (504) 522-0628
bhamilton@laaclu.org

Michael S. Blume
Venable LLP
1270 Avenue of the Americas
24th Floor
New York, NY 10020
Tel: (212) 370-5500

COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of August, 2019, a copy of the foregoing was sent via electronic mail to Matthew Paul, Counsel for Defendants.

/s/Ryan Downer
Counsel for Plaintiffs
