UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br> *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br> *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

 Plaintiffs – seven individuals and one non-profit organization challenging the use of fraudulent subpoenas and other coercive practices by the Orleans Parish District Attorneys' Office – respectfully request that the Court enter a Protective Order governing the parties' exchange and use of confidential documents and information. While all parties agree that there is ample good cause for a general protective order in this case, after conferring, the Plaintiffs and Defendants are unable to agree to the terms of such an order. In light of the allegations in the Second Amended Complaint – which include the Defendants' retaliation against victims and witnesses of crimes for asserting their Constitutional rights – Plaintiffs request that the Court grant and enter their proposed order (attached to this motion) so that discovery can proceed without further delay.

1

**DISCUSSION**

**1. Factual Background**

In short, this case is about the Orleans Parish District Attorney's Office's policy of using extrajudicial and unlawful means to coerce, arrest and imprison crime victims and witnesses.[1] Each of the seven individual Plaintiffs in this matter was a victim or a witness in a criminal proceeding in Orleans Parish. *See* Second Am. Compl. ("SAC"), Doc. No. 52., ¶¶ 5-11. The non-profit Plaintiff, Silence is Violence, founded to conduct public advocacy on behalf of victims of violent crime, has included in its advocacy providing counseling and advice to clients regarding the coercive tactics of the District Attorney's Office. *See, e.g.*, *id.* ¶¶ 12, 171, 392-412. The SAC alleges that the District Attorney's Office issued documents falsely labeled as subpoenas to coerce victims and witnesses into submitting to interrogations by Defendants[2] outside of court. Plaintiffs further allege that Defendants have retaliated against victims and witnesses who did not submit to the prosecutors' coercion by threatening them with arrest. *See, e.g.*, *id.* at ¶¶ 262-68 (alleging that Defendant Jason Napoli directed a D.A. investigator to threaten to arrest Plaintiff Lazonia Baham if she did not change her testimony to support the State's theory of the case); *id.* at ¶¶ 297-98 (Plaintiff Jane Doe alleging that she only submitted to a private interview with Defendant Iain Dover because both she and her attorney believed she would be jailed if she did not cooperate).

Although a narrow portion of the Order and Decision on Defendants' Motion to Dismiss is presently on appeal, this Court has allowed discovery to continue on the primary elements of

---

[1] Familiarity with the detailed allegations in this case is assumed, and Plaintiffs present a truncated version for this motion.

[2] Defendants are: Leon Cannizzaro, in both his official and individual capacities, and ten individual Assistant District Attorneys sued in their individual capacities, including two supervisors. *See* SAC ¶¶ 13-25.

2

the case. *See* Docs. No. 116, 147, 179. Plaintiffs and Defendants have exchanged requests for documents, interrogatories and requests for admission. The requests to Plaintiffs include requests for information regarding the sensitive family history of pseudonymous Plaintiff Jane Doe, requests for financial and client records from Plaintiff Silence is Violence, and medical records for several Plaintiffs. Despite several attempts via phone conference and email to stipulate to a joint Protective Order, the Parties were unable to agree to several terms of such an order.[3] *See* Declaration of Mariana Kovel ("Kovel Decl.") at ¶ 3. All parties agree, however, that a protective order will be necessary in this case. *Id.*

2. **Argument**

   a. <u>Confidential Materials</u>

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending… The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... specifying terms … for the disclosure or discovery, … or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). For convenience, litigators often use a "blanket" protective order, such as the one

---

[3] Plaintiffs' Proposed Order attached to this Motion is substantively the same as the version that was last exchanged between the parties. However, its paragraphs have been reordered and edited for clarity and several terms have been re-written. Plaintiffs will provide Defendants with a redlined version of the Proposed Order in a separate communication. Kovel Decl. ¶ 3.

proposed here. *See, e.g.*, *United States v. Homeward Residential, Inc.*, No. 4:12-CV-461, 2016 WL 279543, at *3 (E.D. Tex. Jan. 22, 2016) (noting that "blanket protective orders require the parties to designate as protected the information that each side reasonably believes particularly sensitive," but establish a procedure to challenge such designation).

Here, the parties agree that there is good cause for a protective order, but disagree on its terms. *See* Kovel Decl. ¶ 3. Much discovery remains to be done, including documents that the producing party will certainly mark "Confidential" under the proposed order. It is undisputed that discovery will include: 1) some of the personnel records and disciplinary files for the individual Defendants; 2) sensitive information regarding the life history of Plaintiff Jane Doe – who was named as a victim of child sexual abuse in a criminal case in Orleans Parish; 3) personally identifying information for the staff of Silence is Violence; and 4) information regarding the services or activities of Silence is Violence which may include sensitive details about its clients. There will likely be other categories of sensitive information or materials, such as medical records. The parties generally agree that these discovery categories will require a protective order to ensure that information deemed confidential is protected during the pendency of this case. Kovel Decl. ¶ 3.

Plaintiffs' proposed Protective Order does not contain any unusual or surprising terms – it allows parties to designate material or records as "Confidential" subject to the receiving party's ability to challenge such designation. The proposed Protective Order is focused on the exchange of information and materials in discovery and preserves the application of Civil Local Rule 5.6 to any proposed sealed filings in court. *See* Proposed Order at ¶¶ 11-13. Information that is available in public records, other than personally identifying details such as dates of birth or home telephone numbers, is presumptively not confidential. *Id.* ¶ 1(c). Should a receiving party

4

wish to challenge a designation of confidentiality, the Order establishes a meet and confer period and an efficient timeline for judicial intervention. *Id.* ¶ 6. The Order also contains a clawback provision for any inadvertent disclosures. *Id.* ¶ 10. Any third-party receiving protected material must sign an acknowledgement form, attached to the Proposed Order as Exhibit A. Finally, the Proposed Order contains several provisions regarding the fate of Protected Material after the conclusion of this litigation. *Id.* ¶ 18-21.

    b. <u>Non-Disclosure</u>

Plaintiffs' Proposed Order also contains a non-disclosure provision, ensuring that the Defendants do not disclose the personally identifying information of Jane Doe to anyone not working on the case, despite the fact that this information was previously known to the Defendants (and therefore not necessarily subject to the terms of the Proposed Order). Proposed Order ¶¶ 16-17. Aside from the embarrassment and prejudice she risks if her name were known, as adverted to in her Motion for Leave to Proceed by Pseudonym, Doc. No. 14, Plaintiff Jane Doe has good cause to request such a provision, given the Defendants' past threatening behavior towards her and the allegations of retaliation in this case and others. Indeed, there are many additional anecdotes and evidence, extrinsic to the claims in the Second Amended Complaint, that show the willingness of Orleans Parish District Attorneys' Office employees to use retaliatory and harassing behavior. In one notable example, the Orleans Parish Criminal District Court recused Defendant Jason Napoli from prosecuting a criminal case[4] because of his threatening behavior towards defense attorneys

---

[4] In *State v. Blume*, the defendant was an investigator for the Orleans Public Defender who was arrested and charged with "False Personation of a Peace Officer." *See* Aviva Shen, *Prosecuted by her legal counterpart: 'It destroyed my life in so many ways'*, The Guardian, May 1, 2017, available at https://www.theguardian.com/us-news/2017/may/01/prosecuted-law-new-orleans, attached as Exh. A to Kovel Decl. The state appellate court upheld the lower court's recusal decision, *see* Exh. D to Kovel Decl, and the case was ultimately dismissed. Exh. A. to Kovel Decl.

and witnesses. *See* Transcript from *State of Louisiana v. Blume* ("*Blume* Tr."), Exh. B to Kovel Decl., and Order and Decision from *Blume*, Exh. C to Kovel Decl. During a 2016 hearing on Ms. Blume's motion to recuse Mr. Napoli, witnesses gave detailed testimony regarding Mr. Napoli's threats to criminally prosecute defense lawyers and investigators. *See, e.g.*, *Blume* Tr. pp. 48-49 (threats to "indict" witnesses and defense lawyers for speaking with each other), p. 141 (Chief Public Defender testifies that he has had many reports of Napoli's threatening behavior).

Orders of non-disclosure are not standard to civil cases but Plaintiffs strongly believe that such a provision is warranted in this case. Non-disclosure of Plaintiff Jane Doe's name to the public is narrowly tailored and is not burdensome, especially weighed against the extreme prejudice to Ms. Doe should her name be publicized. *See Santos-Lemos v. Tasch, LLC*, 313 F. Supp. 3d 717, 722 (E.D. La. 2018), *citing Gulf Oil Co. v. Bernard*, 452 U.S. 89, 103–04 (1981), (noting that restrictions on speech such as non-disclosure provisions must be narrowly-tailored to avoid First Amendment problems). As this Court previously found when granting Jane Doe's Motion to Proceed by Pseudonym, the protection of Ms. Doe's privacy is an eminently reasonable goal for this litigation. Doc. No. 27, *see also Seattle Times Co.*, 467 U.S. at 35 n.21 ("Although … Rule [26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").

## CONCLUSION

Plaintiffs have demonstrated good cause for the entry of a blanket protective order to apply to the ongoing discovery in this case, including a non-disclosure provision to protect the identity of Plaintiff Jane Doe. Because it is not overly burdensome and will duly balance individuals' privacy interests with the need for efficient and fulsome discovery, Plaintiffs respectfully request the Court enter their proposed Protective Order, attached to this motion.

Respectfully submitted this 14th day of January, 2020,

*/s/ Mariana Kovel*
Mariana Kovel
Admitted *pro hac vice*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (646) 905-8870
mkovel@aclu.org

Somil Trivedi
Admitted *pro hac vice*
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Tel: (202) 715-0802

Katherine Chamblee-Ryan
Tara Mikkilineni
Ryan C. Downer
Olevia Boykin*
Admitted *pro hac vice*
Civil Rights Corps
910 17th Street NW
Washington, D.C. 20006
Tel. (202) 656-5198

Bruce Hamilton
La. Bar No. 33170
ACLU Foundation of Louisiana
New Orleans, LA 70156
Tel. (504) 522-0628

COUNSEL FOR PLAINTIFFS

* Admitted to practice solely in Texas. Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c), with supervision by Alec Karakatsanis, a member of the D.C. Bar.