UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, et al.,<br><br>*Defendants*. | **CIVIL ACTION NO. 2:17-cv-10721**<br><br>**JUDGE: JANE TRICHE MILAZZO**<br><br>**MAGISTRATE: JANIS VAN MEERVELD** |

**[PLAINTIFF'S PROPOSED] PROTECTIVE ORDER**

**IT IS HEREBY ORDEREED, ADJUDGED and DECREED** that the following Protective Order ("Order") is issued to govern certain disclosures in this case:

**A. Definitions**

1. As used in this Order, "Protected Material" means documents, information, or other materials, designated as confidential by a party as "CONFIDENTIAL," that fall within one or more of the following categories: (a) information that is confidential or prohibited from disclosure pursuant to statute, rule, or regulation; (b) information customarily treated by the party as sensitive proprietary information; (c) financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personally identifying information ("PII"); (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a sensitive nature; or (h) information that would reveal the identity of a party proceeding by pseudonym in this litigation.

   a. Protected Material may consist of documents (in whole or in part), information, and other material, regardless of the manner in which it is disclosed, including but not limited to document requests, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and expert reports, and including copies, notes, extracts, compilations, or summaries of the foregoing materials.

   b. Protected Material includes information copied or extracted from Protected Material and all copies, excerpts, summaries, and compilations of Protected Material.

   c. Protected Material shall not include information which is at the time of this Order available in public records, or which subsequently becomes available in public records through no violation of this Order. For purposes of this Order, "public records" shall broadly be coterminous with records that are subject to disclosure

1

pursuant to the Louisiana Public Records Act, Section LA 44.1 et seq., and court decisions interpreting said act. "Public records" may also include information that has been published in a newspaper. <u>Notwithstanding the provisions of this sub-paragraph</u>, PII that is available in a public record may still be designated Protected Material and kept Confidential pursuant to this Order.

2.  "Designating Party" means a party designating documents, information, or other materials as Protected Material. "Producing Party" means a party producing Protected Material. "Receiving Party" means a party receiving Protected Material. "Permitted Recipients" means those persons who may review Protected Materials, listed in Paragraph 7 of this Order.

**B. Designations**

3.  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items, designated as described herein, that are entitled to confidential treatment under the applicable legal principles.

4.  A party may designate a document as Protected Material for protection pursuant to this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document.

   a.   Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Protected Material must be clearly designated before the material is disclosed or produced. Designations in conformity with this Order require:

      i. for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      ii. for testimony given in a deposition: that the party wishing to designate testimony as Protected Material identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection under the standards set forth herein within the thirty (30) days will be covered by the provisions of this Order. Upon request of a Designating Party, transcript pages containing Protected Material must be separately bound and marked by the court reporter on the top of each such page the legend "CONFIDENTIAL."

      iii.  for information produced in some form other than documentary and for any other tangible items: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    b.    Notwithstanding the provisions of Paragraph 4(a), the Designating Party and the Parties may agree to alternative means of exchanging Protected Material as discovery proceeds, so long as the underlying principles of this Order are maintained.

5.  Inadvertent failure to identify documents or things as "CONFIDENTIAL" pursuant to this Order will not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this Paragraph are satisfied. If the Designating Party discovers that information should have been but was not designated "CONFIDENTIAL" or if the Designating Party receives notice that would enable the Designating Party to learn that it has disclosed such information, the Designating Party must immediately notify all other Parties. In such event, within thirty (30) days of notifying all other Parties, the Designating Party must also provide copies of the "CONFIDENTIAL" information designated in accordance with this Order. After receipt of such re-designated information, the "CONFIDENTIAL" information will be treated as required by this Order, and the Receiving Party must promptly, but in no event more than fourteen (14) calendar days from the receipt of the re-designated information, return to the Designating Party all previously produced copies of the same unlegended documents or things.

**C. Contesting Confidentiality Designations**

6.  Any Party may challenge a designation of, or failure to designate, confidentiality at any time. Unless a prompt challenge to a designation of Protected Material is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    a.  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by i) providing written notice of each designation it is challenging and ii) describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3

  b. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 5.6, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in Paragraph 6(a). Failure by the Designating Party to make such a motion including the required declaration within the time allowed under this Paragraph shall automatically waive the confidentiality designation for each challenged designation.

  c. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by sub-Paragraph 6(a). The burden of persuasion in any such challenge proceeding shall be on the Challenging Party to establish that the material is not entitled to protection. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

  d. Unless the parties stipulate or this Court orders otherwise, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation during the pendency of any challenge.

**D. Use of Protected Material**

7. Protected Material shall not be disclosed by the parties or by counsel for the parties to any person other than "Permitted Recipients," identified as follows:

  a. The Court in this matter (subject to the provisions of Paragraphs 11–13), its secretaries and law clerks, and any court reporter transcribing any hearings or other proceedings in this action;

  b. To attorneys in a law firm appearing of record for a party in this action and working on this action; in-house attorneys employed by any party to this action and working on this action; and their employed secretaries, paralegals, legal assistants, clerks, staff, and contract paralegals or staff retained to work on this action;

  c. To the parties, except that, where a party is an entity, disclosure is limited to those persons actively engaged in, working on, or assisting in the preparation, prosecution, or defense of this action;

  d. To any expert or consultant who is retained by the parties and their counsel of record in this action, and any employee of such expert, provided that the person to whom

Protected Material is disclosed has first executed an agreement in the form of Exhibit "A" hereto and has provided such executed agreement to the retaining counsel;

    e.    To any person testifying as a witness at a deposition, hearing, or other proceeding in this matter, but only to the extent necessary for the examination of the witness. No disclosure of Protected Material to a witness in this matter shall be made outside of a deposition, hearing, or other proceeding unless the person to whom Protected Material is disclosed has first executed an agreement in the form of "Exhibit A" hereto and has provided such executed agreement to the counsel who intends to disclose the Protected Material;

    f.    To any federal or state officials to whom disclosure is required by law, subject to Paragraph 9 of this Order;

    g.    To any other person authorized to receive such information by prior written consent of the Designating Party or order of this Court.

8. Permitted Recipients may only use Protected Material for all lawful purposes relating to this matter, including: in connection with investigating the facts concerning the issues and potential issues in the case; conducting discovery; interviewing, preparing, and deposing witnesses and expert witnesses; filing and responding to motions in accordance with the terms of Paragraphs 11-13 of this Order; conferring with witnesses, expert witnesses, and consultants regarding the factual and legal issues; investigating, asserting, prosecuting additional claims and defenses against any party or parties to this action; and (in accordance with the terms of this Order) asserting the parties' respective claims and defenses in court filings and at hearings and trial in this matter.

9. Nothing in this Order shall prevent disclosure of Protected Material if such disclosure is required by state or federal law. Before any such disclosure is made, the party seeking to make such a disclosure (the "Disclosing Party") shall, to the extent legally permissible, give notice in writing to Designating Party, stating the names and addresses of the person(s) to whom the disclosure will be made and the basis for the determination that the disclosure is required by law. Within five days of such notice, the parties shall confer in good faith as to the status of the Protected Material. If the parties are unable to agree as to the status of the subject Protected Material, the Designating Party will have ten days to file a motion with the relevant court to prevent disclosure. If no such motion is files within ten days, the Disclosing Party may disclose the Protected Material.

10. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately and within not more than five (5) calendar days: (a) notify in writing (including via email) the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to agree in writing to keep such information confidential. The Receiving Party must promptly notify the Designating Party of the results of its efforts with regards to (b), (c) and (d). After a good faith meet and confer effort to resolve any remaining

disputes concerning compliance with this paragraph, any Party may seek relief from this Court for non-compliance with this provision.

**E. Use in Court Filings**

11. In the event a Party seeks to file with the Court any document containing Protected Material, that party shall take appropriate action to ensure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the Party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with the Local Rules.

12. This Order, standing alone, does not entitle the Parties to file confidential information with the court under seal; E.D.LA Civil Local Rule 5.6 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. However, any motion practice pursuant to this Paragraph and/or Local Rule 5.6 shall ensure that there is an opportunity for the relevant Protected Material's original Designating Party to submit a letter or memorandum to the Court in support of sealing. If a Party's request to file Protected Material under seal pursuant to Civil Local Rule 5.6 is denied by the Court, the Party may file the information in the public record, unless otherwise instructed by the Court.

13. If another court, administrative agency, or any other person subpoenas or orders production of Protected Material that a Receiving Party has obtained through discovery in this case under the terms of this Order, such party shall immediately notify the Designating Party of the pendency of such subpoena or order. To the extent legally permissible, that party shall not disclose the Protected Material unless: (a) the Designating Party consents in writing; (b) the Designating Party fails to seek relief from the subpoena or order within ten days of receiving notice; or (c) notwithstanding the Designating Party's request for relief, disclosure is ordered by the court or agency.

14. Nothing in this order shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

15. This Order does not affect or waive any applicable privilege or work product protection or affect the ability of a Producing Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

**F. Non-Disclosure**

16. Some of the documents exchanged between the parties may include (a) information disclosed prior to the entry of this Order and not designated as Protected Material; (b) information that is in the public record either at the time of disclosure or which becomes part of the public record after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and/or (c) information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no

obligation of confidentiality to the Designating Party. HOWEVER, the Parties will take care not to disclose any PII (including the true name) of the Plaintiff Jane Doe whatsoever, *regardless of the information's origin*, to any person who is not of counsel to the case or party to the case. The Parties may disclose the PII of Jane Doe to persons listed as Permitted Recipients in Paragraph 7 of this Order only where revealing such PII is absolutely necessary in furtherance of the litigation.

17. This Order does not disturb or modify the Court's Order granting Jane Doe the right to proceed by pseudonym, and all filings with the Court shall preserve Jane Doe's anonymity. (*See* Order, dated November 29, 2017, Doc. No. 27.)

**G. Conclusion of Litigation**

18. This order shall survive the termination of this action and shall continue in full force and effect until otherwise ordered by the Court. The Court shall retain jurisdiction to enforce or modify this Order.

19. Each party who obtains an executed copy of Exhibit A from a person or entity to whom Protected Material is disclosed or may be disclosed shall be under an affirmative obligation to preserve and maintain such executed copy. Following final termination of this matter by final, non-appealable judgment, fully executed settlement agreement, or other final non-appealable resolution, upon request to a Receiving Party, a Designating Party shall be entitled to the copies of Exhibit A executed by the persons or entities to whom Protected Material has been disclosed.

20. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the Producing Party may make a demand upon the Receiving Party for return or destruction of all materials marked as and considered Protected Material under this Order, including any and all copies of such material. Where the demand for return or destruction is timely made, the subject documents shall be returned to the producing party unless: (a) the document has been offered into evidence or filed in Court without restriction as to disclosure; (b) the parties agree to destruction to the extent practicable in lieu of return; or (c) as to documents bearing the notations, summations, or other mental impressions of the receiving party (*i.e.* attorney work product), that party elects to destroy the documents and certifies to the producing party that it has done so; or (d) to the extent retention is required by other laws, rules, or regulations, including those of the Louisiana State Bar Association and Louisiana Supreme Court. The parties may choose to agree that the receiving party shall destroy documents containing Protected Material and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Protected Material or Protected Material contained in deposition transcripts or drafts or final expert reports.

21. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (a) attorney work product, including an index that refers or relates to designated Protected Material, so long as that work product does not duplicate verbatim substantial portions of Protected Material, and (b) one complete set of all documents filed with the Court including those filed under seal.  Any retained Protected Material shall continue to be protected under this Order.

22. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

23. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

New Orleans, Louisiana, this _____ day of _____, 2020.

_____
United States District Judge
Jane Triche Milazzo

## EXHIBIT A

**Agreement Concerning Confidential Information Covered By Protective Order**

1. I, _____ , have read the foregoing Protective Order entered in an action entitled Renata Singleton, et al. v. Leon Cannizzaro, et al., No. 17-cv-10721, U.S. District Court, Eastern District of Louisiana (the "Action"), and agree to be bound by its terms with respect to any documents, information, or other materials designated as Protected Material that are furnished to me, as set forth in the Protective Order.

2. I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under the Protective Order any documents, information, or other materials designated as Protected Material pursuant to the Protective Order.

3. I hereby consent to the jurisdiction of the U.S. District Court, Eastern District of Louisiana, solely for purposes of enforcing the terms of this Protective Order.

4. I hereby agree that any Protected Material furnished to me will be used by me only for the purposes of this Action and for no other purpose, and will either be returned to the person who furnished such documents, information, or other materials to me, or be destroyed.

Date: _____

Signature: _____

Printed Name: _____