UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>    *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

## **OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

The Defendants, through their undersigned counsel, respectfully submit this memorandum in opposition to the Plaintiffs' motion seeking entry of the proposed protected order attached to their motion. Doc. No. 183.

**I.   Introduction and Relevant Background**

The Defendants do not oppose the entry of a reasonable protective order in this matter. Indeed, citing the absence of a protective order, the Plaintiffs have delayed for months the production of documents that are directly relevant to the allegations of their Second Amended Complaint. Attached as Exhibit A to this opposition is a protective order that the Defendants

1

proposed in November 2019.[1]  This order is very similar to the protective order entered in the matter entitled *Robert Jones v. Leon Cannizzaro, Jr., et al.*, Civil Action No. 18-00503 (E.D. La., Sec. H), which has not required additional judicial intervention in that matter to address confidentiality issues.  *See* Exhibit B, Stipulated Protective Order in *Robert Jones* matter.

The Plaintiffs, however, seek certain provisions that are atypical to protective orders, inappropriate considering the parties to this case, and unworkable.  In an effort to justify those provisions, the Plaintiffs offer only the now-familiar rhetoric of their Second Amended Complaint, a one-sided article from a British newspaper, and a 240-page transcript concerning a recusal motion in an unrelated criminal matter (in which the motion to recuse the District Attorney's Office was denied).  Those efforts do not meet the good-cause requirement of Rule 26(c)(1).  Two brief considerations add necessary perspective to the Plaintiffs' efforts.

First, unlike a typical private party in civil litigation, the District Attorney's Office is a branch of the government that shares responsibility for enforcing the laws of the State and protecting the public.  Under the Louisiana Constitution, the District Attorney has "charge of every criminal prosecution by the state in his district."  LA. CONST. Art. V, § 26(B).  Louisiana law, moreover, *requires* a district attorney to make reasonable efforts to interview crime victims in a private setting prior to trial.  *See* LA. REV. STAT. § 46:1844(C).  Although the Plaintiffs take issue with the Defendants' alleged efforts to discharge their duties, a protective order under Rule 26 is not an appropriate vehicle to impose future restrictions on the exercise of the District Attorney's duties under Louisiana law.

---

[1] The Defendants proposed the content of the protective order on November 20, 2019, and circulated the proposed Exhibit A to the protective order on December 27, 2019.

Second, the Plaintiffs' suggestion that an unprecedented non-disclosure provision is necessary to protect Plaintiff Jane Doe from embarrassment and "threatening behavior" is unfortunate and baseless. According to her Second Amended Complaint, Ms. Doe "is the victim of molestation of a juvenile and child pornography involving a juvenile." Doc. No. 52 at ¶ 287.[2] The District Attorney's efforts to bring her abuser (who was her stepfather) to justice resulted in a guilty plea in December 2017. *See id.* at ¶ 301. Ms. Doe's mother did not want the prosecution to proceed, and that made for a challenging situation. But the District Attorney was not willing to ignore the disturbing crimes that had occurred, and the state district court ultimately ordered a meeting between Ms. Doe and prosecutors. *See id.* at ¶ 298.

According to Ms. Doe's own allegations, however, the District Attorney's Office was "persistent" in its attempts to speak *privately* with her. *See id.* at ¶ 289. In this case, moreover, when they needed to file documents from the state-court proceedings to refute incorrect allegations in Ms. Doe's Second Amended Complaint, the Defendants made additional redactions of those *public* records to preserve Ms. Doe's anonymity. *See* Doc. No. 63-1 at 7 (and exhibits referenced therein). When they propounded discovery to Ms. Doe in this case, the Defendants *volunteered* their willingness to enter into a reasonable protective order because of the sensitive nature of the offenses committed against Ms. Doe. And, although this case has been pending for well over *two years*, the Plaintiffs do not cite a single example in their motion of any actual or threatened improper disclosure by the Defendants of information concerning Ms. Doe. The Defendants have

---

[2] Despite the clarity of these allegations in the Second Amended Complaint, the Plaintiffs assert in the memorandum supporting their motion for protective order that Ms. Doe "was named as a victim of child sexual abuse in a criminal case in Orleans Parish." R. Doc. 183-1 at 4. This marked shift in description (from "victim" to someone "named as a victim") suggests that the Plaintiffs may have objectives for their proposed protective order that they have not shared with the Defendants or the Court.

not revealed Ms. Doe's identity to the public, nor did they oppose Ms. Doe's request to proceed by pseudonym in this lawsuit. Accordingly, the Plaintiffs' suggestions that the Defendants are insensitive to Ms. Doe's privacy interests are not fair or supportable.

## II.     **The Plaintiffs' proposed order includes atypical, unworkable, and unlawful terms.**

Contrary to the statement in their supporting memorandum, the Plaintiffs' proposed protective order does contain "unusual or surprising terms." R. Doc. 183-1 at 4. In particular, Section C of the proposed order contains confusing and atypical provisions governing challenges to confidentiality designations, and the "Non-Disclosure" provision that the Plaintiffs propose concerning Plaintiff Jane Doe is unlawful.

*First*, without explanation, Section 6 allows for a challenge to a party's "failure to designate" something as confidential. R. Doc. 183-2 at 4. This provision, which implies the existence of some undefined and unclear duty to designate material as confidential—before producing in response to the opposing party's own discovery requests—is not typical of protective orders and could lead to wasteful motion practice. Because they offer no explanation for this provision, the Plaintiffs have not shown good cause for including it.

*Second,* the Plaintiffs propose shifting the customary burden in a challenge proceeding such that the "Challenging Party [must] establish that the material is not entitled to protection." *Id.* This proposal is improper. Under Rule 26, the party seeking a protective order has the burden of demonstrating good cause, and so-called "blanket" protective orders typically observe that Rule 26 places the burden on the party seeking or claiming protection. *See, e.g.,* Ex. B at §14.

*Third,* Section 16 of the Plaintiffs' proposed order is a vague "Non-Disclosure" provision concerning Ms. Doe that the Plaintiffs themselves admit is "not standard to civil cases." R. Doc. 183-1 at 6. The operative provision of that section is as follows: "[T]he parties will take care not

4

to disclose any PII (including the true name) of the Plaintiff Jane Doe whatsoever, *regardless of the information's origin*, to any person who is not of counsel to the case or a party to the case." R. Doc. 183-2 at 7 (emphasis in original). Setting aside the irony of the ACLU's advocating for an unlawful prior restraint on speech, there are several practical problems with this provision. Other than her "true name," the Plaintiffs do not define the personally identifying information (or "PII") of Ms. Doe that would be prohibited from disclosure. In the extraordinary cases in which prior restraints have been found permissible, the restrictions were well-defined and narrowly tailored. Furthermore, protective orders usually address information that is first exchanged in discovery in the litigation pending before the Court. *See* Fed. R. Civ. Proc. 26(c)(1). In this instance, the District Attorney's Office has had information about Ms. Doe for years by virtue of its prosecution for the offenses committed against her. The Plaintiffs cite no authority that supports broad limitations on the District Attorney's use of such information in the day-to-day discharge of his duties or to defend against the civil claims asserted by Ms. Doe. Indeed, the language proposed by the Plaintiffs is so broad that it might limit the Defendants' use of information in state post-conviction proceedings initiated by Ms. Doe's abuser. Imposing such limitations would be bad policy considering the District Attorney's constitutional duties under Louisiana law, and, more importantly, there is no legal support for such restrictions.

To be sure, protective orders that purport to restrict the dissemination of information learned outside the discovery process are subject to the "rigorous standards by which we judge prior restraints of speech." *Rodgers v. U.S. Steel Corp.*, 536 F.2d 1001, 1006–07 (3d Cir. 1976). The cases cited by Plaintiffs do not come close to supporting the blanket restraint that they propose. *Santos-Lemos v. Tasch, LLC*, 313 F. Supp. 3d 717 (E.D. La. 2018), was a class-action in which Chief Magistrate Judge Roby determined that a narrowly-tailored protective order governing

5

communications with potential class members was appropriate based on evidence of the defendant's improper communications with such potential members. In this case, the Plaintiffs have not provided a shred of evidence that the Defendants have disclosed or will attempt to disclose personally identifying information of Ms. Doe. Also of no support for the exceptional relief requested by the Plaintiffs is *Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984). In that case, the Court noted expressly that the protective order at issue did not include information learned outside the discovery process. *See id.* at 33–34. The Plaintiffs have not met the rigorous burden that must be met to essentially enjoin future speech.

**III.     The protective order proposed by the Defendants strikes a fair, appropriate balance among the relevant interests.**

As the Defendants advised from the outset, they do not oppose a reasonable protective order that would allow Ms. Doe to provide and claim protection for previously undisclosed information. In their own proposed protective order, the Defendants proposed—and the Plaintiffs rejected—two reasonable provisions that both address the privacy concerns raised by Plaintiffs and reflect the law generally forbidding prior restraints of speech, the background of Ms. Doe's allegations, and the District Attorney's responsibilities under Louisiana law:

> 8.     This Order is intended to apply only to documents, information, and materials produced during discovery in this action. This Order shall not restrict any party's right or ability to use or disclose, as it so chooses, (i) its own Protected Material, (ii) documents, information, or materials that it possessed before the commencement of discovery in this action, or (iii) documents, information, or materials it acquires independently of formal discovery in this action.
>
> * * *
>
> 20.     Nothing in this Order shall in any way limit or impair the right of the Orleans Parish District Attorney's office to use or disclose to any law enforcement agency Protected Material regarding a potential violation of the law, for legitimate law enforcement purposes or pursuant to a statutory or regulatory obligation, without notice to any party.

As Exhibit B demonstrates, such provisions have been entered in other cases involving the District Attorney's Office that are pending in this very section, and they are consistent with the customary provisions of "blanket" protective orders entered under the authority granted by Rule 26. *See* Exhibit B at §§ 10, 19. The Plaintiffs have not shown good cause to depart from well-settled principles and practices governing protective orders.

For these reasons, the Defendants respectfully request that the Plaintiffs' motion be denied and that the Court enter the protective order attached as Exhibit A to this opposition.

Respectfully submitted,

| | |
|---|---|
| /s/ Robert L. Freeman, Jr. | /s/ W. Raley Alford, III |
| Robert L. Freeman, Jr., 21596 | Richard C. Stanley, 8487 |
| OFFICE OF THE DISTRICT ATTORNEY, PARISH OF ORLEANS | W. Raley Alford, III, 27354 |
| 619 South White Street | Matthew J. Paul, 37004 |
| New Orleans, Louisiana 70119 | STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC |
| Telephone: (504) 822-2414, ext. 2877 | 909 Poydras Street, Suite 2500 |
| Facsimile: (504) 827-6393 | New Orleans, Louisiana 70112 |
| | Telephone: (504) 523-1580 |
| Thomas J. Barbera, 18719 | Facsimile: (504) 524-0069 |
| LAW OFFICE OF THOMAS J. BARBERA | |
| 1010 Common Street, Suite 3000 | *Counsel for Leon Cannizzaro (in his individual capacity); Graymond Martin; David Pipes; Iain Dover; Jason Napoli; Arthur Mitchell; Tiffany Tucker; Michael Trummel; Matthew Hamilton; Inga Petrovich; Laura Rodrigue; and Sarah Dawkins* |
| New Orleans, Louisiana 70119 | |
| Telephone: (504) 931-0662 | |
| Facsimile: (504) 581-7083 | |
| | |
| *Counsel for Leon Cannizzaro (in his official capacity as Orleans Parish District Attorney)* | |