UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON, ET AL.,<br>*Plaintiffs* | CIVIL ACTION<br>NUMBER: 17-10721 |
| VERSUS | SECTION: "H" (1) |
| LEON CANNIZZARO, ET AL.,<br>*Defendants* | JUDGE JANE TRICHE MILAZZO<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

## ORDER AND REASONS

Before the Court is the plaintiffs' Motion for a Protective Order. (Rec. Doc. 183). The parties agree to the entry of a blanket protective order governing the disclosure of confidential materials exchanged in discovery. The court agrees that good cause for such an order has been established. However, the parties disagree on certain provisions, which the court addresses below. The background of this matter has recently been summarized by the Court and will not be repeated here. See Order and Reasons Granting Motion to Quash, Rec. Doc. 185.

1. *Non-disclosure of Jane Doe's Identity*

Plaintiff Jane Doe was allowed by the district court to proceed anonymously by pseudonym in this litigation. (Rec. Doc. 27). In Doe's Motion for Leave to Proceed by Pseudonym, she reported that she had turned 18 years old earlier that year and is an alleged victim of child pornography and sexual molestation in a criminal case pending in Orleans Parish Criminal District Court. Her allegations in this lawsuit arise out of alleged wrongdoing by employees of the Orleans Parish District Attorney's Office in connection with that case. Defendants did not oppose the Motion for Leave to Proceed by Pseudonym.

Paragraphs 16 and 17 of plaintiffs' proposed protective order concern discovery related to Doe. Plaintiffs' proposed Paragraph 16 recognizes that the documents exchanged by the parties in

1

discovery may have been disclosed prior to entry of the order, may be in the public record, may be known to the receiving party prior to the disclosure in discovery, or may be obtained by the receiving party from some other legal source after the disclosure in this litigation. Paragraph 16 requires that "the Parties will take care not to disclose any [Personally Identifying Information] (including the true name) of the Plaintiff Jane Doe, whatsoever, *regardless of the information's origin*, to any person who is not counsel to the case or party to this case." Paragraph 16 allows disclosure of such information to "permitted recipients" as defined in the Protective Order when "absolutely necessary in furtherance of the litigation." Paragraph 17 provides that the Protective Order "does not disturb or modify the Court's Order granting Jane Doe the right to proceed by pseudonym, and all filings with the Court shall preserve Jane Doe's anonymity."

Doe argues there is good cause for these provisions because of the embarrassment and prejudice she risks if her name were known and because of the defendants' past threatening behavior towards her and the allegations of retaliation in this case and others. Doe admits that orders of non-disclosure are not standard, but argues that the provision is narrowly tailored and is not burdensome when weighed against the prejudice to Doe if her name were publicized.

Defendants oppose. First, they submit that they have not made or threatened any disclosure of Doe's identity. They note that they redacted state court public records before putting them in this record in order to preserve Doe's anonymity. As to the proposed paragraphs 16 and 17, defendants first complain that personally identifying information is not defined. They submit that the District Attorney's Office has had information about Doe long before this litigation was filed. They complain that the proposed language might limit them from using such information in the state post-conviction proceedings initiated by Doe's abuser. They argue that protective orders that purport to restrict the dissemination of information learned outside the discovery process are

2

subject to "rigorous standards" because they amount to "prior restraints of speech." See Rodgers v. U.S. Steel Corp., 536 F.2d 1001, 1007 (3d Cir. 1976).

In reply, the plaintiffs insist that their proposal is narrowly tailored to protect the public disclosure of Doe's name and other identifying information. They also offer a definition for the term "PII." They cite the New Orleans Police Department's website which defines personally identifying information in the context of identity theft including an individual's (a) social security number, (b) driver's license number, (c) checking account number, (d) savings account number, (e) credit card number, (f) debit card number, (g) electronic identification number, (h) digital signatures, (i) birth certificate, (j) date of birth, (k) mother's maiden name, (l) armed forces identification number, (m) government issued identification number, and (n) financial institution account number.

Plaintiffs also cite several unreported cases for their proposition that when necessary, protective orders can include a non-disclosure provision where publicizing the name of a plaintiff proceeding by pseudonym would cause a substantial risk of embarrassment or intrusion. The court notes, however, that unlike here, defendants in the cited cases did not oppose the proposed protective orders. In two of the cases, the protective orders were agreed to or stipulated to by the defendants. Corbitt v. Taylor, Case No. 18-cv-91, Protective Order, ECF No. 33 (M.D. Ala. May 18, 2018); Jones v. Suffolk County, Case No. 15-cv-111, Protective Order, ECF No. 70 (E.D.N.Y. Apr. 5, 2018). In the third, the motion was granted prior to appearance by the defendants in conjunction with the court's granting leave to proceed under a pseudonym. Ray v. Ohio Dep't of Health, Case No. 18-cv-272, Order, ECF No. 9 (S.D. Ohio, Apr. 5, 2018). The agreed protective order in Corbitt presumed confidentiality of any document containing the plaintiff John Doe's actual name and subjected all confidential information to disclosure limitations. But the order in

Corbitt did not prevent a party from disclosing such information if it was already in the party's possession prior to the litigation.[1] The protective orders in Ray and Jones contained provisions governing the public filing of information with the plaintiff's name on it and provisions concerning the disclosure of the plaintiff's identity as a plaintiff in the lawsuit. Neither document includes explicit provisions prohibiting the defendants' use of information already in the defendants' possession that contained plaintiffs' identity. The orders seem concerned with the disclosure of the plaintiff's identity as the plaintiff in the litigation. Each of the cited orders differs significantly from the provision that plaintiffs here seek to incorporate and, accordingly, do not support entry of such language.

The type of protective orders that parties commonly agree to and that are commonly entered by courts in this district are described as "blanket" protective orders. Holland v. Summit Autonomous, Inc., No. CIV. A. 00-2313, 2001 WL 930879, at *2 (E.D. La. Aug. 14, 2001), aff'd sub nom. Holland v. Summit Tech., Inc., No. CIV. A. 00-2313, 2001 WL 1132030 (E.D. La. Sept. 21, 2001). Such orders "permit[] the parties to protect documents that they in good faith believe contain" confidential information. Id. This facilitates discovery because it relieves the parties from having to obtain a protective order governing specific information each time before such information is produced. Blanket protective orders have been described as "essential to the functioning of civil discovery." Id.

What plaintiffs propose here goes further than the type of disclosure limitations that have been entered in other cases. The United States Supreme Court has recognized that a court may, upon a showing of good cause, issue a protective order limiting disclosure of information obtained by a party in discovery without offending the party's rights under the First Amendment of the

---

[1] The order provides "This Stipulation has no effect upon, and shall not apply to, the parties' use of their own Confidential Information for any purpose."

United States Constitution. Seattle Times, 467 U.S. 20, 32 (1984). But as the defendants point out, in so holding, the Supreme Court distinguished such an order from one that would prohibit a party from disseminating "identical information covered by the protective order as long as the information is gained through means independent of the court's processes." Id. at 34. The latter situation implicates the litigant's First Amendment rights. See id.

Here, plaintiffs seek to do more than prohibit defendants from disclosing information about Doe that defendants receive from Doe in discovery. They seek to do more than to prevent the filing of her personally identifying information (regardless of its origin) into the public record in this matter. Plaintiffs' proposal would prevent defendants from using information about Doe that they have obtained from other sources in matters outside the confines of this case. This proposal would not only prevent the disclosure of Doe's identity as the plaintiff in this case, it would prevent defendants from using documents identifying Doe that are already in their possession for some other, legal purpose, such as, responding to her alleged abuser's petition for post-conviction relief. The court finds that the plaintiffs have not established their right to such relief.

As to materials provided by Doe in discovery, however, the court finds it entirely appropriate to limit disclosure as proposed by plaintiffs in proposed paragraph 16. Such limitations are justified by the concerns expressed by Doe in seeking leave to proceed by pseudonym. Nonetheless, it appears such limitations may not be necessary because the general provisions of the protective order would limit such disclosure of confidential information received in discovery. The court will allow the parties to decide between themselves whether to strike paragraph 16 entirely, or revise it to apply only to information received in discovery. As to paragraph 17, which simply affirms that the protective order does not modify the court's order granting Doe the right

to proceed by pseudonym, the court finds this provision appropriate to include in the Protective Order.

Further, the court notes that although it has rejected including limitations on defendants' lawful use of information about Doe they have obtained outside of this litigation, the court finds Doe's concern about the disclosure of her identity as a plaintiff by the filing of information in the public record or through other public disclosures is well founded. Although plaintiffs have not specifically requested a protective order in the style of those issued in Ray and Jones concerning the filing of information in the public record and preventing the disclosure of Doe's identity as plaintiff in this case, the court finds that such restrictions appear to be limited and appropriate. The court encourages the parties to negotiate a protective order with such terms. If agreement cannot be reached, plaintiffs may file a motion for entry of such a protective order. Such provisions may be included in the revised protective order to be submitted in accordance with this order, or separately.

2. *Ability of the Receiving Party to Require the Producing Party to Designate Material Confidential.*

Paragraph 6 of the plaintiffs' proposed Protective Order provides the procedure for challenging confidentiality designations. Not only does it allow a party to challenge a designation, but it also allows for a challenge to a party's "failure to designate." In other words, this paragraph presupposes that a producing party may be required to designate its own materials as confidential. Defendants argue that such a provision is not typical of protective orders and could lead to wasteful motion practice. In reply, the plaintiffs argue that this procedure is appropriate here because the defendants possess confidential information about the plaintiffs that plaintiffs do not have access to. They submit that because this lawsuit challenges defendants' use of their law enforcement

position to retaliate against the plaintiffs, it is appropriate to require defendants to protect confidential information and to provide plaintiffs with a remedy to enforce that obligation.

As discussed above, a blanket protective order facilitates discovery by allowing a producing party to designate its confidential information subject to a protective order limiting disclosure. To use a protective order to limit a producing party's own disclosure of information it obtained outside of discovery is an extraordinary request that, as discussed above, the court has declined. Accordingly, the court does not find good cause for giving plaintiffs a right to impose a confidentiality designation on defendants' own information, or to challenge defendants' failure to do so.  However, as the district court has already found, Doe's identity as a plaintiff in this case is entitled to protection regardless of the source of the information.  As discussed above, this court is inclined to enter a protective order governing the filing of information in the public record to ensure that Doe's identity is not revealed and to limit the defendants' ability to disclose Doe's identity as a plaintiff as the protective orders in Ray and Jones sought to do. The court finds that such protections adequately balance Doe's need to hide her identity and the defendants' right to lawfully use any information regarding Doe they have obtained outside of this litigation.

3. *Burden of Persuasion when Challenging a Designation*

Paragraph 6(b) provides that if the parties cannot amicably resolve a dispute concerning a confidentiality designation, the designating party must file a motion to preserve its confidentiality designation within the earlier of 21 days following the notice of a challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve the dispute. Paragraph 6(b) further provides that a designating party's failure to file a motion within the deadline will result in a waiver of the confidentiality designation for the challenged designations. Paragraph 6(c) provides that a party challenging a confidentiality designation may file a motion challenging the designation

"at any time" and that "[t]he burden of persuasion in any such challenge proceeding shall be on the Challenging Party to establish that the material is not entitled to protection."

Defendants argue that Paragraph 6(c) impermissibly shifts the burden to the challenging party when blanket protective orders typically recognize that under Federal Rule of Civil Procedure 26(c), it is the designating party that must establish good cause for a protective order. Plaintiffs respond that the defendants have misread the paragraphs. They say that a motion filed under paragraph 6(b) maintains the burden on the designating party to establish that material is entitled to protection. Plaintiffs argue that the shifted burden in Paragraph 6(c) is a sensible requirement to limit wasteful motion practice. They describe the burden shifting in Paragraph 6(c) as applicable only if the time limits announced in Paragraph 6(b) has passed.

First, the court observes that Paragraph 6(c) does not impose any time limits and purports to shift the burden of establishing good cause to the challenging party whenever a motion (filed at "any time") is filed by the challenging party. Paragraph 6(b) applies to motions filed by the designating party. Accordingly, despite plaintiffs' suggestion that the burden shifting applies only to motions filed after the deadlines in Paragraph 6(b), the court finds no evidence for this in the text of the plaintiffs' proposal.

In fact, the court finds that Paragraph 6(c) would never, as a practical matter, even be applicable following the deadlines in Paragraph 6(b), and it is questionable whether the procedure would ever be used. Paragraph 6(b) requires the designating party to lodge a motion with the court within the deadline on pain of waiving the confidentiality designation. Thus, if the designating party timely files its motion, there will be no need for a challenging party to file a motion because the issue will already be before the court. If the designating party fails to timely file a motion, there will be no need for a challenging party to file a motion because it will have won already via

8

the automatic waiver provided for in Paragraph 6(b). Following the time periods in Paragraph 6(b), then, there would never be a reason for the challenging party to file a motion. It seems unlikely a challenging party would file a motion before that time period either; by waiting the party might win by default. Plus, as drafted, Paragraph 6(c) would shift the burden to the challenging party if it was the one to file the motion.

How then to resolve a dispute over a paragraph with no practical effect? The court agrees with the defendants that Rule 26(c) requires that the designating party bears the burden of establishing good cause for a confidentiality designation. The use of a protective order is intended to facilitate discovery by allowing the parties to make those designations themselves without a court order. But ultimately, it must remain the designating party's burden of persuasion. Plaintiffs' proposal to include a shift of the burden to the challenging party at any stage is inappropriate.

Typical protective orders issued in this district presume that a document designated as confidential will be treated as confidential unless the parties agree otherwise or the court rules on a motion initiated by the challenging party with the burden of establishing good cause on the designating party. For example, the standard order provided on Magistrate Judge North's website provides:

> A party who elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent certification that affirms that the movant has complied with the meet-and-confer requirements of this Order. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

It appears that defendants have agreed to the format of Paragraph 6(b) and 6(c) (including the deadlines and waiver provided in Paragraph 6(b)), but simply request that the burden of persuasion remain with the designating party in challenges under paragraph 6(c). They also add to

Paragraph 6(c) that a challenging party may file a motion at any time "if there is good cause for doing so."

Under the circumstances and in light of the parties' partial agreement, the court is inclined to enter a protective order that keeps Paragraph 6(b) as written and strikes the current text of Paragraph (c) entirely, replacing it with the requirement that "The burden of persuasion in any such motion concerning a confidentiality designation shall be on the Designating Party." However, in lieu of doing so at this time, the court will offer the parties an opportunity to renegotiate an agreed upon protective order that either incorporates the suggestions in this paragraph, or adopts the approach in Judge North's form.

4. *Use of Protected Material by Law Enforcement*

Although defendants are not the movants, they attached to their opposition their own proposed protective order. In their opposition, they highlight two provisions that they argue "address the privacy concerns raised by Plaintiffs and reflect the law generally forbidding prior restraints of speech, the background of Ms. Doe's allegations, and the District Attorney's responsibilities under Louisiana law."[2] (Rec. Doc. 186, at 6).

The defendants' proposed paragraph 8 provides:

> This Order is intended to apply only to documents, information, and materials produced during discovery in this action. This Order shall not restrict any party's right or ability to use or disclose, as it so chooses, (i) its own Protected Material, (ii) documents, information, or materials that it possessed before the commencement of discovery in this action, or (iii) documents, information, or materials it acquires independently of formal discovery in this action.

---

[2] Defendants point out that the District Attorney has charge of every criminal prosecution by the state in his or her district, La. Const. Art. V §26(B), and that the district attorney is required to make reasonable efforts to interview crime victims in a private setting prior to trial, La. Stat. Ann. § 46:1844(C). Defendants argue that a protective order cannot impose restrictions on the District Attorney's responsibilities under Louisiana law.

>Defendants' paragraph 20 provides:
>
>Nothing in this Order shall in any way limit or impair the right of the Orleans Parish District Attorney's office to use or disclose to any law enforcement agency Protected Material regarding a potential violation of the law, for legitimate law enforcement purposes or pursuant to a statutory or regulatory obligation, without notice to any party.

Plaintiffs oppose these provisions in their reply, arguing that defendants have not established good cause for being allowed to use Protected Material in law enforcement prosecutions. They point out that this lawsuit challenges the defendants' unreasonable exercise of their discretion to investigate and prosecute criminal activity.

    The court notes that to the extent plaintiffs are suggesting that defendants must establish good cause to be allowed to use their own information, defendants are under no such burden. As discussed above, a blanket protective order is designed to facilitate discovery by allowing a party to make good faith designations of its own materials as confidential and have those materials protected from disclosure outside of this litigation rather than requiring the producing party to come to court before every production to prove that it is entitled to a protective order over such information. A blanket protective order is not a method by which a receiving party can prevent a producing party from using its own materials. If there is some other reason why the producing party is obligated not to disclose or use materials in its possession, of course those obligations remain in full effect. But a blanket protective order is not the place to impose additional burdens on a party's disclosure or use of its own information.

    Defendants' proposed Paragraph 8 seems to recognize these principals by requiring that the Protective Order does not restrict a party's use of information that it did not receive from its opponent. Its inclusion in a final protective order might be superfluous, but it is nonetheless an appropriate concept to include.

Defendants' proposed paragraph 20 goes too far, however. It seems to allow the District Attorney to use not only its own information, but also information obtained from the plaintiffs through discovery. The entire purpose of the blanket protective order is to prevent disclosure or use of information produced in discovery from being used or disclosed outside of this litigation. Accordingly, because the proposed Paragraph 20 would allow the District Attorney to use materials designated as confidential by the plaintiffs without first going through the challenge procedure, this paragraph will not be included.

## Conclusion

For the foregoing reasons, plaintiffs' Motion for a Protective Order (Rec. Doc. 183) is GRANTED in part and DENIED in part. The parties shall meet and confer and negotiate a protective order in accordance with the court's instructions herein. Such protective order shall be submitted to the court for entry within 14 days.

New Orleans, Louisiana, this 27th day of February, 2020.

_____
Janis van Meerveld
United States Magistrate Judge