# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RENATA SINGLETON ET AL.                    CIVIL ACTION

VERSUS                                     NO: 17-10721

LEON CANNIZZARO ET AL.                     SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendants Leon Cannizzaro (in his individual capacity), Graymond Martin, David Pipes, Iain Dover, Jason Napoli, Arthur Mitchell, Tiffany Tucker, Michael Trummel, Matthew Hamilton, Inga Petrovich, Laura Rodrigue, and Sarah Dawkins's (collectively, the "Individual Defendants") Motion for Partial Summary Judgment (Doc. 159). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

The Court is very familiar with the facts and allegations in this case, which were laid out in detail in an Order and Reasons issued on February 28, 2019.[1] Relevant to this instant matter, however, are the following pertinent facts and allegations. This lawsuit alleges that the Orleans Parish District Attorney's Office ("OPDA") unlawfully compelled victims and witnesses of crimes to cooperate with prosecutors. Those who failed to comply with

---

[1] *See* Doc. 116 at 1–5.

prosecutors' requests were allegedly threatened, harassed, and, in some cases, jailed. The primary tool allegedly used by prosecutors to compel cooperation was a document manufactured by OPDA to look like a court-ordered subpoena. These "subpoenas" were not actually approved by a judge and did not give anyone the authority to fine or jail witnesses who failed to appear. Nevertheless, prosecutors often threatened witnesses with jail time for failure to comply with these "subpoenas."

Plaintiffs in this case include eight people—victims of and witnesses to crimes ("Individual Plaintiffs")—and Silence is Violence ("SIV"), an organization that advocates on behalf of crime victims. The Defendants are all prosecutors at OPDA. Plaintiffs seek monetary and injunctive relief for alleged violations of federal and state law by the Defendants. The federal claims include violations of the First, Fourth, and Fourteenth Amendments under 42 U.S.C. § 1983. The Louisiana state law claims include allegations of abuse of process and fraud.

Defendants filed a Motion to Dismiss on the grounds of qualified immunity, absolute immunity, and failure to state a claim on March 1, 2018. This Court granted the motion in part and outlined the remaining claims in its Order and Reasons issued therewith.[2]

Presently before the Court is Defendants' Motion for Partial Summary Judgment on Plaintiffs' claims for injunctive relief. The motion seeks dismissal of all requests for injunctive relief asserted by Plaintiffs against Defendants for lack of standing. Plaintiffs do not oppose the motion to the extent that it relates to the Individual Plaintiffs' claims for injunctive relief. Plaintiffs also do not oppose the motion to the extent that it relates to claims for injunctive relief against certain Defendants no longer employed by OPDA. Plaintiffs only

---

[2] *Id.* at 51–52.

oppose the motion insofar as it relates to the following claims for injunctive relief by Plaintiff SIV:

(1) Against Defendant Cannizzaro in his individual capacity for retaliation prohibited by the First Amendment;

(2) Against Defendants Cannizzaro, Martin, and Pipes in their individual capacities for failure to train, supervise, and discipline the prosecutors at OPDA for allegedly unlawful conduct and their failure to intervene; and

(3) Against Defendants Cannizzaro, Martin, and Pipes in their individual capacities for substantive due process violations arising out of the creation and use of the "subpoenas."

Plaintiffs also request clarification on the remaining claims as outlined in this Court's Order and Reasons dated February 28, 2019.

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[4] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

---

[3] FED. R. CIV. P. 56.
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[5] *Id.* at 248.

3

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[9] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

### I.   Clarification of Remaining Claims

As an initial matter, the Court addresses Plaintiffs' request for clarification of the remaining claims. Plaintiffs note in their opposition that:

---

[6]  Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

[7]  Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).

[8]  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[9]  Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[10]  Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[11]  Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

The summary of this Court's order listing the claims that are still live in the case omits reference to the individual injunctive claims against Cannizzaro, Martin, and Pipes alleged by Plaintiffs under Count V, Violation of Fourteenth Amendment Due Process. Doc. 116 at 51. However, the Court found that Plaintiffs had stated a claim for violation of Substantive Due Process against the Defendants, granting Defendants' Motion to Dismiss on this claim *only* so as to preclude damages against the individual Defendants on the basis of qualified immunity. Doc. 116 at 25-26. The individual injunctive claims, which Plaintiffs specifically and adequately pled, thus survive. Plaintiffs respectfully request that the Court clarify its order to specify that the individual injunctive claims for violations of substantive due process are still live.[12]

Count V of the Complaint raises a violation of Fourteenth Amendment Substantive Due Process against Defendant Cannizzaro in his official capacity and against Defendants Cannizzaro, Mitchell, Pipes, Doe, Napoli, Dover, Trummel, Hamilton, Petrovich, Rodrigue, Dawkins, and Martin in their individual capacities. This Court found that Plaintiffs adequately pleaded a substantive due process claim upon which relief could be granted.[13] This Court also found, however, that the Defendants were entitled to qualified immunity "for claims *seeking damages* based on allegations of substantive due process violations."[14] This Court found that Defendants were entitled to qualified immunity because Plaintiffs failed to establish that the "prosecutors in this case violated clearly established law."[15]

In the Conclusion of this Court's Order and Reasons, the Court stated that, under Count V, only "Plaintiffs' § 1983 substantive due process claims seeking damages and injunctive relief against Cannizzaro in his official

---

[12] Doc. 174 at 5 n.2 (emphasis and citations in original).
[13] Doc. 116 at 26 n.112.
[14] *Id.* (emphasis added).
[15] *Id.*

capacity" remain.[16] Plaintiffs now ask this Court to clarify whether it meant to omit the individual injunctive claims under Count V. The Court did not intend to omit the remaining individual injunctive claims under Count V.

"Qualified immunity shields government officials from *civil damages liability* unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."[17] Qualified immunity does not, therefore, shield officials from claims for injunctive relief.[18] This Court made a finding that the Individual Defendants were entitled to qualified immunity on Count V; thus, the Individual Defendants are shielded from claims for damages—not claims for injunctive relief—under Count V. Accordingly, under Count V, Plaintiffs' § 1983 substantive due process claims seeking damages and injunctive relief against Cannizzaro in his official capacity and injunctive relief against the Individual Defendants in their individual capacities remain.[19]

## II.   Standing

The Court now turns to address SIV's standing as it relates to its claims for injunctive relief. Defendants argue that SIV's claims for injunctive relief should be dismissed because Plaintiffs cannot show that SIV suffers a risk of imminent future injury. "Article III of the Constitution limits federal courts'

---

[16] *Id*. at 51.

[17] Heaney v. Roberts, 846 F.3d 795, 801 (5th Cir. 2017) (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012)).

[18] Williams v. Ballard, 466 F.3d 330, 334 n.7 (5th Cir. 2006) (citing Orellana v. Kyle, 65 F.3d 29, 33 (5th Cir. 1995)) ("Qualified immunity does not protect officials from injunctive relief.").

[19] Defendants do not argue that the finding of qualified immunity as it relates to Count V shields Defendants from claims for injunctive relief. Defendants only argue that Plaintiffs "have not adequately stated any substantive-due-process claims against the Individual Defendants." Doc. 177 at 6. This Court has already held, however, that Plaintiffs adequately pleaded a Fourteenth Amendment Substantive Due Process claim. Doc. 116 at 26 n.112.

jurisdiction to certain 'Cases' and 'Controversies.'"[20] "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue."[21] Standing requires a showing of three elements: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision.[22] As to the injury requirement, the injury must be concrete and particularized and actual or imminent, not conjectural or hypothetical.[23] "A plaintiff seeking injunctive relief, unlike a plaintiff seeking damages, must establish more than the existence of a 'past wrong' to satisfy the injury-in-fact requirement. Instead, a plaintiff must 'show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged conduct.'"[24]

Notably, "[t]he party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]."[25] "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation."[26] The motion presently before the Court is a motion for summary judgment—not a motion to dismiss.[27]

---

[20] Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013).

[21] *Id*. (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)) (internal quotation marks omitted).

[22] Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992).

[23] *Id*. at 560.

[24] Smith v. Bd. of Comm'rs of La. Stadium & Exposition Dist., 371 F. Supp. 3d 313, 321 (E.D. La. 2019) (quoting Armstrong v. Turner Indus., Inc., 141 F.3d 554, 563 (5th Cir. 1998)).

[25] *Lujan*, 504 U.S. at 561.

[26] *Id*.

[27] The Court thinks it is prudent to point out this obvious fact. Perplexingly, the language used by the Plaintiffs in their brief would have one believe that the motion pending is a motion to dismiss. *See* Doc. 174 at 4 ("Defendants argue that SIV has not alleged that it has been harmed by any individual defendant."); *id*. at 7 ("This Court held that those allegations are sufficient to claims [sic] upon which relief can be granted. Defendants have not pointed to any evidence to the contrary.").

7

Case 2:17-cv-10721-JTM-JVM   Document 200   Filed 06/08/20   Page 8 of 13

> At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true.[28]

Having established these core principles, the Court now addresses SIV's standing as it relates to three claims for injunctive relief.

## A. SIV's claim for injunctive relief on its First Amendment retaliation claim against Defendant Cannizzaro (Count III)

SIV's retaliation claims are based on two events. First, Plaintiffs allege that Defendant Cannizzaro told SIV's executive director in 2016 that she could be prosecuted for witness coercion if she encouraged witnesses not to communicate with OPDA. Second, Plaintiffs alleged that three years earlier, Defendant Cannizzaro called SIV's executive director and told her that she could be charged with obstruction if she dissuaded victims from assisting prosecutors.

Defendants assert that these allegations fall short of establishing a genuine issue of material fact on whether SIV faces a real and immediate threat of injury in the future by Defendant Cannizzaro. Defendants note that Plaintiffs fail to attach or cite to any summary judgment evidence in their opposition. Plaintiffs do not appear to address SIV's standing as it relates to its First Amendment retaliation claim. Instead, Plaintiffs assert that their Complaint sufficiently alleges that Defendant Cannizzaro violated SIV's rights under the First Amendment for retaliation and that "Defendants have offered no facts in their Motion for Partial Summary Judgment that refute these allegations."[29] Plaintiffs misapprehend which party has the burden of proof in this motion.

---

[28] *Lujan*, 504 U.S. at 561 (internal quotation marks, brackets, and citations omitted).
[29] Doc. 174 at 4.

As explained previously, the party invoking federal jurisdiction, the plaintiff, bears the burden of establishing standing. "If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim."[30] Here, Defendants have affirmatively demonstrated that there is no evidence in the record—beyond Plaintiffs' allegations in the Complaint—to establish that SIV faces a real and immediate threat of injury in the future by Defendant Cannizzaro. Plaintiffs, the non-moving party, "may defeat a motion for summary judgment by calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[31] Plaintiffs fail entirely to do so. Moreover, Plaintiffs provide this Court with no summary judgment evidence whatsoever. Plaintiffs merely point to the allegations in their Complaint and this Court's Order and Reasons which held that some of Plaintiffs' claims are sufficiently pleaded. "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[32] Plaintiffs have failed to carry their burden of presenting evidence sufficient to create a genuine issue of material fact necessary to defeat summary judgment on this particular claim for injunctive relief.

**B. SIV's claims for injunctive relief against Defendants Cannizzaro, Martin, and Pipes in their individual capacities for substantive**

---

[30] *Smith*, 371 F. Supp. 3d at 319.
[31] *Id*.
[32] *Id*.

**due process violations arising out of the creation and use of the "subpoenas"**

Defendants argue that Plaintiffs cannot show a substantial, imminent risk of future substantive due process violations by the Individual Defendants arising out of their use of "subpoenas." In response, Plaintiffs note that they sufficiently pleaded a substantive due process claim by SIV arising out of OPDA's use of "subpoenas," reiterating that those allegations established that SIV suffered an injury. Specifically, Plaintiffs note that they alleged that SIV has been forced to alter the focus of its organizational mission—from generally advocating for victims of violent crime to protecting those same victims from zealous prosecutors—because of OPDA's use of "subpoenas" and other intimidating tactics. Plaintiffs also assert that SIV faces an ongoing and concrete threat of harm because "SIV's redirection of its resources to the clients it serves in response to [OPDA's coercive] tactics is a continuing injury, and the threats it faces as a result of those tactics are going."[33] To support this claim, Plaintiffs point to allegations in their Complaint. They also note that "Defendants have adduced no evidence to suggest that the unlawful policies are not currently in place."[34] Again, Plaintiffs misapprehend the burden of proof necessary to defeat this motion.

As previously explained, the burden is on the Plaintiffs to put forth summary judgment evidence—not unsubstantiated assertions—that create a genuine issue of material fact as to SIV's ongoing risk of harm as it relates to OPDA's use of subpoenas. Plaintiffs have not done so and are erroneous in asserting that it is the Defendants' burden to prove the nonexistence of a concrete risk of imminent harm. Not only do Plaintiffs fail to proffer evidence of

---

[33] Doc. 174 at 8.
[34] *Id.*

an ongoing risk of harm or a future, imminent injury, but they fail to proffer any evidence of a past injury. This Court cannot hold that unsubstantiated allegations in a Complaint are sufficient to create a genuine dispute of material fact as to SIV's risk of injury.

### C. SIV's claims for injunctive relief against Defendants Cannizzaro, Martin, and Pipes in their individual capacities for failure to train, supervise, and discipline and failure to intervene (Counts VI and VII)

The crux of this claim is that the Individual Defendants' failure to train, supervise, discipline, and intervene regarding OPDA's use of "subpoenas" caused SIV to suffer an injury and puts SIV at an ongoing risk of imminent future injury. Defendants argue that Plaintiffs have not and cannot show that "the alleged failure to train, supervise, discipline, or intervene poses a substantial, imminent risk of future harm."[35] Plaintiffs fail to directly address its standing for injunctive relief on this claim, and, as with the other claims, Plaintiffs again fail to point to any evidence whatsoever to demonstrate a risk of imminent harm necessary to seek injunctive relief. Mere allegations in a complaint, with nothing more, cannot defeat this motion.

Having found that Plaintiffs failed to carry their burden to defeat this motion on all three claims for injunctive relief, the Court turns to Plaintiffs' last argument: "summary judgment would be inappropriate because the relevant facts are as yet unavailable to the Plaintiffs."[36] Plaintiffs argue that, at the time the motion was filed, they had been afforded insufficient time to conduct discovery. Plaintiffs cite to Federal Rule of Civil Procedure 56(d), which provides:

---

[35] Doc. 177 at 10.
[36] Doc. 174 at 10.

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>> (1) defer considering the motion or deny it;
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>> (3) issue any other appropriate order.

Plaintiffs present this Court with an affidavit executed by counsel.[37] They note that they propounded interrogatories regarding current or past policies and procedures related to seeking "subpoenas" and material witness warrants but that they have not yet been answered. Plaintiffs also note that they have not had the opportunity to depose any of the Defendants, and they hope to use the depositions to determine whether the policies and practices surrounding the use of "subpoenas" and those giving rise to SIV's retaliation claims are still in place.

The Court does not find merit in this argument. Plaintiffs could have proffered evidence already in their possession to oppose this motion. For example, Plaintiffs could have presented an affidavit from SIV's executive director, detailing any recent clients that they have had to assist regarding OPDA's use of "subpoenas;" the resources that were diverted to support those clients; or any recent communications it had with OPDA. This Court need not expound upon the myriad ways in which Plaintiffs could have proffered evidence to oppose this motion. While additional discovery may shed light on relevant issues—OPDA's current policies and procedures, for example—Plaintiffs nevertheless possess evidence relevant to this motion. Plaintiffs failure to attach any evidence whatsoever in opposing this motion is not a sufficient reason to defer a ruling.

---

[37] Doc. 174-1.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment is **GRANTED**. Plaintiffs' claims for injunctive relief are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 8th day of June, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

13