UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENATA SINGLETON ET AL.                          CIVIL ACTION

VERSUS                                           NO: 17-10721

LEON CANNIZZARO ET AL.                           SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendants Leon Cannizzaro (in his individual capacity), Graymond Martin, David Pipes, Iain Dover, Jason Napoli, Arthur Mitchell, Tiffany Tucker, Michael Trummel, Matthew Hamilton, Inga Petrovich, Laura Rodrigue, and Sarah Dawkins's (collectively, the "Individual Defendants") Motion for Separate Trials (Doc. 201). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

The Court is very familiar with the facts and allegations in this case, which were laid out in detail in Order and Reasons issued on February 28, 2019 and on June 8, 2020.[1] Relevant to this instant matter, however, are the following pertinent facts and allegations. This lawsuit alleges that the Orleans Parish District Attorney's Office ("OPDA") unlawfully compelled victims and witnesses of crimes to cooperate with prosecutors. Those who failed to comply

---

[1] *See* Doc. 116 at 1–5; Doc. 200 at 1–3.

with prosecutors' requests were allegedly threatened, harassed, and, in some cases, jailed. The primary tool allegedly used by prosecutors to compel cooperation was a document manufactured by OPDA to look like a court-ordered subpoena. These "subpoenas" were not actually approved by a judge and did not give anyone the authority to fine or jail witnesses who failed to appear. Nevertheless, prosecutors often threatened witnesses with jail time for failure to comply with these "subpoenas."

Plaintiffs in this case include eight people—victims of and witnesses to crimes ("Individual Plaintiffs")—and Silence is Violence ("SIV"), an organization that advocates on behalf of crime victims. The Defendants are Leon Cannizzaro, Jr., in his official capacity as District Attorney for Orleans Parish and in his individual capacity, and other prosecutors at OPDA. Plaintiffs seek monetary and injunctive relief for alleged violations of federal and state law by the Defendants. The federal claims include violations of the First, Fourth, and Fourteenth Amendments under 42 U.S.C. § 1983. The Louisiana state law claims include allegations of abuse of process and fraud.

In the instant Motion, the Individual Defendants move this Court to try the claims against them separately from the claims against OPDA. OPDA does not oppose, but Plaintiffs oppose.

## **LEGAL STANDARD**

This Court has the discretion to bifurcate claims.[2] A district court may order separate trials of one or more claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize."[3] However, the Fifth Circuit has cautioned courts before bifurcating issues and ordering separate trials that the

---

[2] FED. R. CIV. P. 42(b).
[3] *Id.*

2

"issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice."[4] Even if bifurcation promotes judicial economy, courts should not permit it when it will lead to delay, additional expenses, and prejudice.[5] Because bifurcation is discretionary, courts should balance equities before bifurcating issues.[6] When a court decides to bifurcate issues and order separate trials, the court must preserve a party's federal right to a jury trial.[7]

## LAW AND ANALYSIS

The Individual Defendants aver that all federal § 1983 claims and all claims for injunctive relief against them have been dismissed, and the only remaining claims against them are state law tort claims for fraud and abuse of process, wherein Plaintiffs seek damages arising from the Individual Defendants' alleged creation and use of the "subpoenas." The Individual Defendants further aver that, in contrast, "numerous claims under numerous theories remain pending against OPDA."[8] Specifically, Defendants aver that Plaintiffs' § 1983 claims against OPDA under the First, Fourth, and Fourteenth Amendments, for damages and injunctive relief, remain pending along with Plaintiffs' state law tort claims for fraud and abuse of process. Plaintiffs do not dispute Defendants' characterization.

The Individual Defendants move this Court to order separate trials for OPDA and the Individual Defendants, arguing that they "will be greatly

---

[4] Swofford v. B&W, Inc., 336 F.2d 406, 415 (5th Cir. 1964); Laitram Corp. v. Hewlett Packard Co., 791 F. Supp. 113, 115 (E.D. La. 1992).

[5] *Laitram Corp.*, 791 F. Supp. at 115 (E.D. La. 1992); Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc., 707 F. Supp. 1429, 1433 (D. Del. 1989).

[6] *Laitram Corp.*, 791 F. Supp. at 115.

[7] *Id.*

[8] Doc. 201-1 at 2.

3

prejudiced if the[] limited claims against them are buried in a complex, multi-week trial involving enormous amounts of evidence that is irrelevant to the claims against them."[9] Defendants argue that a single, unified trial would risk confusion and unfair prejudice and that separate trials would not prejudice Plaintiffs. In opposition, Plaintiffs argue that the state claims against the Individual Defendants and the federal claims against OPDA are not separate and distinct, but rather, factually similar.

The Court need not engage in a lengthy analysis to adjudicate this Motion. Having reviewed the memorandum of counsel and the relevant case law, this Court declines to bifurcate the trial. First, the cases that the Individual Defendants cite in support of their Motion are not dispositive; almost all of them are from courts beyond the 5th Circuit's jurisdiction. Second, the determination of whether to bifurcate a trial is left to the sound discretion of the trial court. Guidance from the Fifth Circuit has cautioned trial courts to only order separate trials when the "issue to be tried [separately] . . . [is] so distinct and separable from the others that a trial of it alone may be had without injustice."[10] The Individual Defendants simply fail to demonstrate how the issues at trial affecting them and OPDA are "so distinct and separable." Third, separating the trials would inevitably cause needless delay and hamper judicial economy. Fourth, any potential prejudice that may arise from conducting a single trial can be mitigated with a jury instruction.[11]

---

[9] *Id.* at 4.

[10] *Swofford*, 336 F.2d at 415; *Laitram Corp.*, 791 F. Supp. at 115.

[11] Courts in this district have routinely found that jury instructions sufficiently cure prejudice concerns. *See* Meador v. Starr Indem. & Liab. Ins. Co., No. CV 19-2378, 2020 WL 1332952, at *3 (E.D. La. Mar. 23, 2020); Robin v. Chartis Prop. Cas. Co., No. CIV.A. 13-4807, 2014 WL 1943053, at *2 (E.D. La. May 14, 2014); Peace Lake Towers, Inc. v. Indian harbor Ins. Co., No. CIV.A. 06-4522, 2007 WL 925845, at *3 (E.D. La. Mar. 23, 2007).

Accordingly, this Court declines to exercise its discretion in ordering separate trials.

## **CONCLUSION**

For the foregoing reasons, the Individual Defendants' Motion for Separate Trials (Doc. 201) is **DENIED**.

New Orleans, Louisiana this 17th day of July, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**