UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>  *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>  *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON SILENCE IS VIOLENCE'S CLAIMS AGAINST GRAYMOND MARTIN**

  Defendant Graymond Martin, through undersigned counsel, respectfully submits this memorandum in support of his motion seeking summary judgment dismissing Silence Is Violence's claims against him.

  Silence Is Violence asserts Louisiana state-law claims for fraud and abuse of process against Mr. Martin. However, Silence Is Violence cannot prove that Mr. Martin committed either tort or that Silence Is Violence suffered any injury as a result of such alleged torts. The operative Complaint does not adequately allege any such torts by Mr. Martin or any resulting injury by Silence Is Violence, and none of the documents produced or testimony elicited in months of

1

discovery have substantiated these claims. Accordingly, Mr. Martin is entitled to summary judgment.

## BACKGROUND

As a result of this Court's rulings on February 28, 2019 (granting in part the Individual Defendants' motion to dismiss), December 31, 2019 (dismissing remaining § 1983 damages claims against Mr. Cannizzaro, Mr. Martin, and Mr. Pipes), and June 8, 2020 (granting the Individual Defendants' motion for partial summary judgment), all federal § 1983 claims and all claims for injunctive relief against Mr. Martin (and the other Individual Defendants) have been dismissed. *See* Doc. No. 116; Doc. No. 179; Doc. No. 200. The only remaining claims against Mr. Martin are Louisiana state-law tort claims for fraud and abuse of process. Additionally, to the extent that these claims seek to go beyond Mr. Martin's alleged role in the creation or use of unlawful subpoenas, the Court has already held that they are barred by absolute prosecutorial immunity. *See* Doc. No. 116 at 17. Thus, the only allegations at issue here are those concerning such "subpoenas."

It appears that Silence Is Violence's fraud and abuse-of-process claims against Mr. Martin arise solely from an email that he sent to OPDA staff on May 13, 2014, authorizing the use of a "DA subpoena" form. The initial Complaint in this matter did not name Mr. Martin as a Defendant. *See* Doc. No. 1. The Plaintiffs amended their Complaint several months later to include Mr. Martin as a Defendant, based on his supervisory role as First Assistant District Attorney and his alleged instructions "to use a 'notice to appear' form instead of the fraudulent subpoena form [prosecutors] had previously used." *See* Doc. No. 37 at ¶ 158. At that time, the only claims asserted against Mr. Martin were for failure to supervise, train, discipline, and intervene with respect to the § 1983 constitutional claims against the other Defendants. *See id.* at ¶¶ 335–341. The Plaintiffs did not

assert any abuse-of-process or fraud claims against Mr. Martin in the Amended Complaint. *See id.* at ¶¶ 342–354.

In January 2018, the Plaintiffs amended their Complaint for a second time. *See* Doc. No. 52. The Plaintiffs added new allegations concerning Mr. Martin's approval of a "DA subpoena" form on May 13, 2014. *See id.* at ¶¶ 42–46, 179. The Plaintiffs also added new allegations concerning Mr. Martin's subsequent revocation of permission to use that form. *See id.* at ¶¶ 71–80.[1] The Plaintiffs also amended the headings of their claims to include Mr. Martin in the claims for abuse of process and fraud, but without amending the specific allegations of the claims to set forth any factual basis for asserting them against Mr. Martin. *See id.* at ¶¶ 441–452.[2]

In its abuse-of-process claim, Silence Is Violence alleges that "prosecutors and other agents in the District Attorney's Office willfully and maliciously abused the process for investigative subpoenas set forth in Article 66 of the Louisiana Rules of Criminal Procedure," and that it "was injured because it had to redirect its resources to remedy and prevent harms to its clients caused by the unlawful acts of the District Attorney's Office." Doc. No. 52 at ¶ 444. In its fraud claim, Silence Is Violence alleges that it (and other Plaintiffs) were injured when they "reasonably and justifiably relied on the authenticity, truthfulness, and lawfulness of the fraudulent subpoenas." *Id.* at ¶ 450. In both claims, Silence Is Violence alleges that the "Defendants' acts and omissions directly and proximately caused [its] injuries" and that such injuries "were the reasonably foreseeable consequences of" the alleged acts. *See id.* at ¶¶ 445, 451.

---

[1] The Plaintiffs also added an allegation that Mr. Martin instructed prosecutors that, if a material-witness warrant is obtained, they should make one last attempt to contact the witness and warn of the imminent arrest before the warrant is executed. *See* Doc. No. 52 at ¶ 180.

[2] The Plaintiffs also added new § 1983 constitutional claims against Mr. Martin under Counts II, III, and V. *See* Doc. No. 52 at ¶¶ 419–433.

3

However, Silence Is Violence does not even allege that it, or any of its specific employees or clients, ever received an unlawful subpoena. Nor does it allege that Mr. Martin personally sent, or directed the sending of, any unlawful subpoena to it, its employees, or its clients. Silence Is Violence also does not adequately allege any of the other elements that would be necessary to establish that Mr. Martin committed a tort and that Silence Is Violence was injured as a result. Moreover, Silence Is Violence has not produced or identified any evidence that could prove the elements of these claims. Because Silence Is Violence has not provided and cannot provide evidence sufficient to create a genuine issue of fact on its claims, Mr. Martin is entitled to summary judgment.

## LEGAL STANDARD

Summary judgment must be granted as to all or part of any claim or defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A).

## DISCUSSION

### I.  Abuse of process

"An abuse of process claim originates from the common law and is recognized under [Louisiana] jurisprudence as a compensable tort under LSA-C.C. art. 2315." *No Drama, LLC v. Caluda*, 177 So. 3d 747, 751 (La. App. 5th Cir. 2015) (quotation omitted). "The essential elements of a cause of action for abuse of process are (1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not in the regular prosecution of the proceeding." *Duboue v. City of New Orleans*, 909 F.2d 129, 132 (5th Cir. 1990). "The precise inquiry involves the misuse of a process already legally issued whereby a party attempts to obtain some result not proper under law." *Id.*; *see also Delcambre v. Mancuso*, 268 So. 3d 325, 331 (La. App. 3rd Cir. 2019) ("An abuse of process occurs when the actor employs legal process in a manner technically correct, but

4

for a wrongful and malicious purpose to obtain an unjustifiable end or an object which it was not the purpose of the particular process employed to effect.") (quotation omitted). "The tort of abuse of process involves the malicious use of a legal process *after* the process has been instituted." *Duboue*, 909 F.2d at 132. "The plaintiff must also prove damage resulting from the abuse." *Orrill v. Mortgage Electronic Registration Systems, Inc.*, No. 06-cv-10012, 2008 WL 1867706, at *2 (E.D. La. Apr. 24, 2008).[3]

Silence Is Violence cannot prove that Mr. Martin committed any "willful act in the use of . . . process not in the regular prosecution of [a] proceeding," that he did so with an "ulterior purpose," or that Silence Is Violence suffered injury as a direct and proximate result. *See Duboue*, 909 F.2d at 132. Silence Is Violence has not even alleged any such facts in the operative Complaint. Nor has any evidence been elicited in discovery that would establish any of these elements.

Additionally, to the extent that Silence Is Violence's abuse-of-process claim is based on allegations that Silence Is Violence was injured by an abuse of process allegedly committed against *someone else*, it is not supported by Louisiana law. The undersigned is not aware of any Louisiana law holding that someone other than the direct victim of an alleged abuse of process may bring such a claim and recover damages. However, even assuming for the sake of argument that such a claim would be legally cognizable, Silence Is Violence has not shown and cannot show that it was directly and proximately injured by an abuse of process committed against another person.

## II.   Fraud

"Fraud under Louisiana law entails a 'misrepresentation or suppression of the truth made with the intention to obtain an unjust advantage for one party or to cause a loss or inconvenience

---

[3] "Louisiana courts conduct a duty-risk analysis to determine whether to impose liability under Article 2315." *Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014).

to the other.'" *First Am. Bankcard, Inc. v. Smart Business Tech., Inc.*, 178 F. Supp. 3d 390, 401 (E.D. La. 2016) (quoting LA. CIV. CODE art. 1953). "The Fifth Circuit has stated the requisite elements of a fraud claims are: '(1) a misstatement or omission; (2) of material fact; (3) made with the intent to defraud; (4) on which the plaintiff relied; and (5) which proximately caused the plaintiff's injury.'" *Id.* (quoting *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997)). "The intent to deceive is a specific intent." *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 F. App'x 434, 442 (5th Cir. 2011). "Pleading fraud with particularity in this circuit requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Williams*, 112 F.3d at 177 (quotation omitted).

Silence Is Violence cannot prove that Mr. Martin made any misstatement or omission of material fact, that he had a specific intent to defraud Silence Is Violence, that Silence Is Violence relied on any such misstatement or omission, or that Silence Is Violence suffered injury as a direct and proximate result. Silence Is Violence has not even alleged any such facts in the operative Complaint, and it has certainly not alleged them with the particularity required by Fifth Circuit precedent. Nor has any evidence been elicited in discovery that would establish any of these elements.

Additionally, to the extent that Silence Is Violence's fraud claim is based on allegations that Silence Is Violence was injured by fraud allegedly committed against *someone else*, such a claim is not cognizable under Louisiana law. As noted above, the Fifth Circuit has held that a Louisiana fraud claim requires a showing that ***the plaintiff*** relied on the alleged misstatement or omission. *See Williams*, 112 F.3d at 177. However, even assuming for the sake of argument that

6

such a claim would be legally cognizable, Silence Is Violence has not shown and cannot show that it was directly and proximately injured by fraud committed against another person.

## CONCLUSION

For the reasons explained above, Graymond Martin is entitled to summary judgment in his favor on the abuse-of-process and fraud claims asserted by Silence Is Violence.

Respectfully submitted,

/s/ Matthew J. Paul
Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
 & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069

*Counsel for Graymond Martin*