# EXHIBIT 34

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RENATA SINGLETON; MARC
MITCHELL; LAZONIA BAHAM; JANE
DOE; TIFFANY LACROIX; FAYONA
BAILEY; JOHN ROE; and SILENCE IS
VIOLENCE,

    *Plaintiffs*,

v.

LEON CANNIZZARO, in his official
capacity as District Attorney of Orleans
Parish and in his individual capacity;
GRAYMOND MARTIN; DAVID PIPES;
IAIN DOVER; JASON NAPOLI; ARTHUR
MITCHELL; TIFFANY TUCKER;
MICHAEL TRUMMEL; MATTHEW
HAMILTON; INGA PETROVICH; LAURA
RODRIGUE; SARAH DAWKINS; and
JOHN DOE, in their individual capacities,

    *Defendants*.

Civil Action No. 17-10721

Section H
Judge Jane Triche Milazzo

Division 1
Magistrate Judge Janis van Meerveld

## <u>RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION</u>

Arthur Mitchell, through undersigned counsel, submits the following responses to the First

Set of Requests for Admission propounded by Plaintiffs Renata Singleton, Marc Mitchell, Lazonia

Baham, Jane Doe, Tiffany Lacroix, Fayona Bailey, John Roe, and Silence is Violence

("Plaintiffs"). These responses are made in accordance with Rules 26 and 36 of the Federal Rules

of Civil Procedure.

**REQUEST FOR ADMISSION NO. 1**

Admit that, since being sworn into office as the District Attorney of Orleans Parish, OPDA policies with respect to criminal prosecutions and the treatment of victims and witnesses in the Orleans Parish District have been, and currently are, subject to Leon Cannizzaro's final approval.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**

Based on the information known and available to Mr. Mitchell through his experience at the Orleans Parish District Attorney's Office, he is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 2**

Admit that since being elected District Attorney of Orleans Parish, Leon Cannizzaro has been responsible and remains responsible for the final decisions relating to the hiring, training, discipline, supervision, and control of all Assistant District Attorneys employed by OPDA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Denied.

**REQUEST FOR ADMISSION NO. 3**

Admit that, since being elected District Attorney of Orleans Parish, Leon Cannizzaro has been responsible and remains responsible for the interpretation and implementation of all practices, policies, and customs of OPDA that apply to OPDA attorneys and staff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Denied.

**REQUEST FOR ADMISSION NO. 4**

Admit that, since Leon Cannizzaro was elected District Attorney of Orleans Parish, it has been OPDA's policy to track, monitor, or review Assistant District Attorneys' trial win and loss records in a manner that will affect their compensation, promotion, or otherwise.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Based on the information known and available to Mr. Mitchell through his experience at the Orleans Parish District Attorney's Office, he is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 5**

Admit that a DA Subpoena is not an Article 66 subpoena or a Valid Subpoena.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Mr. Mitchell admits that, based solely on the Plaintiffs' own definitions, a "DA Subpoena" cannot be a "Valid Subpoena," because a "DA Subpoena" is a document "which was not issued pursuant to governing law," whereas a "Valid Subpoena" is "properly obtained under governing law." Mr. Mitchell further admits that, based solely on the Plaintiffs' own definitions, a "DA Subpoena" is not a subpoena that was issued in accordance with procedure set forth in Louisiana Code of Criminal Procedure article 66.

**REQUEST FOR ADMISSION NO. 6**

Admit that a DA Subpoena is not a Valid Subpoena issued pursuant to Louisiana law.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Mr. Mitchell admits that this statement is tautologically true based on the Plaintiffs' own definitions, because a "DA Subpoena" is a document "which was not issued pursuant to governing law," whereas a "Valid Subpoena" is "properly obtained under governing law."

**REQUEST FOR ADMISSION NO. 7**

Admit that since Leon Cannizzaro has been the District Attorney of Orleans Parish, it was the policy of OPDA to use Material Witness Warrants for the purpose of compelling certain victims of crimes to cooperate with OPDA investigations and prosecutions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Denied.

**REQUEST FOR ADMISSION NO. 8**

Admit that to the best of your understanding, since Leon Cannizzaro has been the District Attorney of Orleans Parish, it was the policy of OPDA to issue DA Subpoenas for the purpose of compelling certain victims of crimes to cooperate with OPDA investigations and prosecutions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Denied.

**REQUEST FOR ADMISSION NO. 9**

Admit that, on May 13, 2014, Defendant Martin's assistant sent an email address to the entire staff at the OPDA's Office, including you, which contained the subject line "OPDA Subpoena Template for Your Use."

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Denied.

**REQUEST FOR ADMISSION NO. 10**

Admit that the "OPDA Subpoena Template for Your Use" attached to the May 13, 2014 email from Defendant Martin's assistant meets the definition of a DA Subpoena.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

Denied.

**REQUEST FOR ADMISSION NO. 11**

Admit that the "OPDA Subpoena Template for Your Use" attached to the May 13, 2014 email from Defendant Martin's assistant was used more than one dozen times as a template by the OPDA Assistant District Attorneys under your supervision to request victims or witnesses of crime to appear at OPDA while you were a supervisor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

Denied.

**REQUEST FOR ADMISSION NO. 12**

Admit that the "OPDA Subpoena Template for Your Use" attached to the May 13, 2014 email from Defendant Martin's assistant was used more than two dozen times as a template by the OPDA Assistant District Attorneys under your supervision to request victims or witnesses of crime appear at OPDA while you were a supervisor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

Denied.

**REQUEST FOR ADMISSION NO. 13**

Admit that the "OPDA Subpoena Template for Your Use" attached to the May 13, 2014 email from Defendant Martin's assistant was more than three dozen times as a template by the OPDA Assistant District Attorneys under your supervision to request victims or witnesses of crime appear at OPDA while you were a supervisor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

Denied.

**REQUEST FOR ADMISSION NO. 14**

Admit that you used the Subpoena template attached to the May 13, 2014 email from Defendant Martin's assistant as a template to requests victims and witnesses of crimes appear at the OPDA to meet with you.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**

Denied.

**REQUEST FOR ADMISSION NO. 15**

Admit that you issued subpoenas generated by the CourtNotify computer program to victims and witnesses of ongoing investigations or cases.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Denied; CourtNotify subpoenas are issued the criminal court, not by prosecutors.

**REQUEST FOR ADMISSION NO. 16**

Admit that you issued subpoenas to victims or witnesses of crime generated by the CourtNotify computer program that were modified to request that victims or witnesses of crime appear at the OPDA to meet with you or another person from the OPDA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**

Denied.

**REQUEST FOR ADMISSION NO. 17**

Admit that, on at least one occasion you issued a DA Subpoena to victims or witnesses of crimes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**

Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 18**

Admit that you have issued more than one dozen DA Subpoenas to victims or witnesses of crimes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**

Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 19**

Admit that you have issued more than two dozen DA Subpoenas to victims or witnesses of crimes.

6

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**

Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 20**

Admit that you have issued more than three dozen DA Subpoenas to victims or witnesses of crimes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**

Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 21**

Admit that while employed at OPDA you held one or more supervisory positions within the OPDA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21**

Denied.

**REQUEST FOR ADMISSION NO. 22**

Admit that, as an OPDA supervisor you told Assistant District Attorneys who reported to you or fell under your supervision to issue DA Subpoenas to victims or witnesses of crimes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**

Denied.

**REQUEST FOR ADMISSION NO. 23**

Admit that, as an OPDA supervisor you told Assistant District Attorneys who reported to you or fell under your supervision to use the lack of compliance with DA Subpoenas by victims or witnesses of crimes as a basis to obtain material witness warrants for the victims or witnesses.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**

Denied.

**REQUEST FOR ADMISSION NO. 24**

Admit that on more than one occasion you did not inform that court when applying for a material witness warrant that you or OPDA had issued a DA Subpoena to the material witness to request the witnesses' presence at OPDA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**

Denied.

**REQUEST FOR ADMISSION NO. 25**

Admit that the OPDA issued documents to victims or witnesses of crimes in which the heading or title of "Subpoena" had been changed to state "Notice to Appear."

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**

Based on the information known and available to Mr. Mitchell through his experience at the Orleans Parish District Attorney's Office, he is unable to truthfully admit or deny this request, though he has no reason to believe it is true.

**REQUEST FOR ADMISSION NO. 26**

Admit that you issued documents in which the heading or title of "Subpoena" had been changed to state "Notice to Appear."

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**

Denied.

**REQUEST FOR ADMISSION NO. 27**

Admit that you issued a DA Subpoena in the matter of State v. Telvin Mitchell, Case No. 527-146.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**

Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 28**

Admit that you issued a DA Subpoena in the matter of State v. George Wells, Case No. 517-340.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**

Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 29**

Admit that you issued a DA Subpoena in the matter of State v. Vernell Nelson, Case No 526-586.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**

Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 30**

Admit that you issued a DA Subpoena in the matter of State v. Severin, et al., Case No. 523-514.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**

Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 31**

Admit that you issued a DA Subpoena in the matter of State v. Reginald Wilson, Case No. 523-908.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**

     Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 32**

     Admit that you issued a DA Subpoena in the matter of State v. Wesley Broaden, Case No. 522-989.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**

     Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 33**

     Admit that you issued a DA Subpoena in the matter of State v. Kevin Payton, Case No. 525-899.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33**

     Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 34**

     Admit that you issued a DA Subpoena in the matter of State v. Carla Robertson, Case No. 524-233.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34**

     Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 35**

     Admit that you issued a DA Subpoena in the matter of State v. Vernon Crossley, Case No. 522-558.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35**

Mr. Mitchell denies that he issued any document that was "not issued pursuant to governing law."

**REQUEST FOR ADMISSION NO. 36**

Admit that, on or about April 21, 2015, at your direction, two DA Subpoenas were issued to Renata Singleton and left at her residence requesting her to appear at OPDA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36**

Denied.

**REQUEST FOR ADMISSION NO. 37**

Admit that, on or about April 24, 2015, you applied for a Material Witness Warrant for Renata Singleton.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37**

Admitted.

**REQUEST FOR ADMISSION NO. 38**

Admit that you sought and secured a $100,000 bond for Renata Singleton in relation to the Material Witness Warrant request made on or about April 24, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38**

Admitted.

**REQUEST FOR ADMISSION NO. 39**

Admit that, on or about May 28, 2015, at OPDA's request, police officers went to Renata Singleton's house with a warrant for her arrest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39**

Mr. Mitchell cannot truthfully admit or deny this request, because Mr. Mitchell has no personal knowledge or information concerning this matter, because Ms. Singleton herself has not

identified the police officers who allegedly went to her house on May 28, 2015, and because there is no information readily obtainable by Mr. Mitchell that would enable him to respond. Mr. Mitchell denies that he directed or asked any police officer to go to Ms. Singleton's house with a warrant for her arrest.

**REQUEST FOR ADMISSION NO. 40**

Admit that, on or about May 29, 2015, Renata Singleton met with you, Assistant District Attorney Tucker, and Defendant John Doe at OPDA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40**

Denied.

**REQUEST FOR ADMISSION NO. 41**

Admit that, during the meeting on or about May 29, 2015 between you, Ms. Singleton, Assistant District Attorney Tiffany Tucker, and Defendant John Doe, Ms. Singleton told you that she would not answer questions without counsel present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41**

It is admitted that, on or about May 29, 2015, Ms. Singleton told Mr. Mitchell that she did not want to answer questions without a lawyer present. The request is otherwise denied.

**REQUEST FOR ADMISSION NO. 42**

Admit that, during the meeting on or about May 29, 2015, when Ms. Singleton told you that she would not answer questions without counsel present, a police officer was subsequently instructed to immediately arrest Ms. Singleton.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42**

It is admitted that, on or about May 29, 2015, Ms. Singleton was arrested pursuant to the capias issued by Judge Robin Pittman on April 24, 2015. The request is otherwise denied.

**REQUEST FOR ADMISSION NO. 43**

Admit that Renata Singleton was never called to testify before a court for the case under which you obtained a Material Witness Warrant for Ms. Singleton.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43**

It is admitted that Ms. Singleton never provided testimony in the case against Vernon Crossley, because Ms. Singleton failed to appear for Mr. Crossley's trial on multiple occasions, and because, once Ms. Singleton's presence at trial was finally secured, Mr. Crossley pleaded guilty.

Respectfully Submitted,

Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
Patrick M. Bollman, 38674
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069

*Counsel for Arthur Mitchell*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2020, a copy of the foregoing was served on counsel of record for all parties by email.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE, | Civil Action No. 17-10721 |
| *Plaintiffs*, | Section H Judge Jane Triche Milazzo |
| v. | Division 1 Magistrate Judge Janis van Meerveld |
| LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities, | |
| *Defendants*. | |

## RESPONSE TO RENATA SINGLETON'S FIRST SET OF INTERROGATORIES

Arthur Mitchell, through undersigned counsel, submits the following response to the First Set of Interrogatories propounded by Plaintiff Renata Singleton. This response is made in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 1**

For any of Plaintiffs' Requests for Admission to you that you deny, identify and describe in detail every reason for that denial.

**RESPONSE TO INTERROGATORY NO. 1**

Mr. Mitchell objects that this request exceeds the limit on interrogatories set forth in Federal Rule of Civil Procedure 33(a)(1) and Local Rule LR 33.1, and Ms. Singleton has not

1

obtained prior leave from the Court. *See, e.g., Cubellis, Inc. v. LIFT*, No. 07-cv-7959, 2008 WL 11355010, at *4 (E.D. La. Oct. 27, 2008) ("[W]hen an interrogatory asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions, it usually should be construed as containing a subpart for each request for admission contained in the set."). Mr. Mitchell further objects that the request for "every reason" supporting a denial is unduly vague. Further responding, for each Request for Admission that Mr. Mitchell denied, the reason is that the facts as known to Mr. Mitchell and understood by Mr. Mitchell lead him to believe that the statement contained in the requested admission is not true.

Respectfully Submitted,

Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
Patrick M. Bollman, 38674
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069

*Counsel for Arthur Mitchell*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2020, a copy of the foregoing was served on counsel of record for all parties by email.

**VERIFICATION**

I, Arthur Mitchell, hereby declare under penalty of perjury that the answers contained in the foregoing Response to Renata Singleton's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

Arthur B. Mitchell, IV

3