**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

RENATA SINGLETON; MARC
MITCHELL; LAZONIA BAHAM; JANE
DOE; TIFFANY LACROIX; FAYONA
BAILEY; JOHN ROE; and SILENCE IS
VIOLENCE,

     *Plaintiffs*,

v.

LEON CANNIZZARO, in his official
capacity as District Attorney of Orleans
Parish and in his individual capacity;
GRAYMOND MARTIN; DAVID PIPES;
IAIN DOVER; JASON NAPOLI; ARTHUR
MITCHELL; TIFFANY TUCKER;
MICHAEL TRUMMEL; MATTHEW
HAMILTON; INGA PETROVICH; LAURA
RODRIGUE; SARAH DAWKINS; and
JOHN DOE, in their individual capacities,

     *Defendants*.

Civil Action No. 17-10721

Section H
Judge Jane Triche Milazzo

Division 1
Magistrate Judge Janis van Meerveld

**MOTION FOR SUMMARY JUDGMENT ON TIFFANY**
**LACROIX'S CLAIMS AGAINST INDIVIDUAL DEFENDANTS**

Defendants Laura Rodrigue, David Pipes, and Graymond Martin (collectively, the "Individual Defendants"), through undersigned counsel, respectfully request entry of summary judgment under Federal Rule of Civil Procedure 56 dismissing the claims against them asserted by Plaintiff Tiffany LaCroix.

As explained further in the accompanying memorandum, the undisputed facts in this case show that Ms. Rodrigue sent a "DA subpoena" to Ms. LaCroix because she was a witness in an upcoming trial and Ms. Rodrigue wanted to meet with her to ascertain what her testimony would be and prepare for trial. Ms. LaCroix did not comply with the "DA subpoena," and to this day, she

1

has never met with, or even spoken to, Ms. Rodrigue. Ms. Rodrigue has never attempted to threaten or intimidate Ms. LaCroix into complying with the "DA subpoena" and has never attempted to have Ms. LaCroix punished for failing to comply with it.

Based on these facts, Ms. LaCroix's abuse-of-process claim fails as a matter of law for multiple reasons. The tort of abuse of process is premised on misuse of legally issued court process for an improper, malicious, collateral purpose. But the document sent to Ms. LaCroix was created by the District Attorney's Office and was not issued or authorized by any court or enforceable in any court. Thus, there was no "legal process" to abuse. Second, there is no evidence suggesting that Ms. Rodrigue had any malicious or collateral purpose of harming Ms. LaCroix or furthering some personal interest at Ms. LaCroix's expense. Rather, the evidence shows that Ms. Rodrigue merely sought to meet with a witness to prepare for trial, which is a legitimate goal that is directly within the scope of her proper role as a prosecutor. Third, Ms. LaCroix cannot prove that she suffered any legally cognizable injury as a result of receiving a "DA subpoena." Similarly, Ms. LaCroix's fraud claim fails because she cannot show any injury that was caused by reliance on allegedly false statements in the "DA subpoena." The Individual Defendants are therefore entitled to summary judgment in their favor.

Respectfully submitted,

 /s/ Matthew J. Paul
Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
Patrick M. Bollman, 38674
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069

*Counsel for Graymond Martin, David Pipes, and Laura Rodrigue*