UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>            *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>            *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**STATEMENT OF UNCONTESTED FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT ON TIFFANY
LACROIX'S CLAIMS AGAINST INDIVIDUAL DEFENDANTS**

Defendants Laura Rodrigue, David Pipes, and Graymond Martin (collectively, the "Individual Defendants"), through undersigned counsel, respectfully submit this statement of uncontested facts in support of their motion seeking summary judgment dismissing the claims asserted against them by Plaintiff Tiffany LaCroix.

1.   Between April 2016 and October 2016, Ms. LaCroix was interviewed by at least two reporters about Cardell Hayes. Ms. LaCroix provided them with information about her phone call with Mr. Hayes immediately after the shooting of Will Smith, along with other information about Mr. Hayes's character and personality. *See* Exhibit 4, Sean Flynn, *The Shooter & The Saint*,

1

GQ: GENTLEMEN'S QUARTERLY, October 1, 2016; Exhibit 5, Richard O'Brien, *Complicated Truth Behind Will Smith's Killing*, SPORTS ILLUSTRATED, October 11, 2016; Exhibit 7, LaCroix Depo., at 31–36.

2. On or around October 1, 2016, *GQ* published an article about Cardell Hayes and Will Smith that included statements made by Ms. LaCroix and information provided by Ms. LaCroix. *See* Exhibit 4, Sean Flynn, *The Shooter & The Saint*, GQ: GENTLEMEN'S QUARTERLY, October 1, 2016.

3. On October 11, 2016, *Sports Illustrated* published an article about Cardell Hayes and Will Smith that included statements made by Ms. LaCroix and information provided by Ms. LaCroix. *See* Exhibit 5, Richard O'Brien, *Complicated Truth Behind Will Smith's Killing*, SPORTS ILLUSTRATED, October 11, 2016

4. Before the October 2016 *GQ* and *Sports Illustrated* articles, Ms. Rodrigue was not aware that Mr. Hayes had called Ms. LaCroix immediately after the shooting. *See* Exhibit 6, Rodrigue Depo., at 71, 95.

5. Ms. Rodrigue hoped to speak with Ms. LaCroix before trial to ascertain what Ms. LaCroix's testimony might be, because Ms. Rodrigue recognized that the testimony could be very important in adjudicating Mr. Hayes's claim of self-defense. *See* Exhibit 6, Rodrigue Depo., at 71, 79. This was Ms. Rodrigue's purpose in sending Ms. LaCroix a "DA subpoena." *See id.*

6. Before sending Ms. LaCroix a "DA subpoena" on November 27, 2016, Ms. Rodrigue had never met or spoken with Ms. LaCroix, and she still has not met or spoken with her. *See* Exhibit 6, Rodrigue Depo., at 81.

7. The "DA subpoena" that was sent to Ms. LaCroix was not issued or approved by any court. *See, e.g.*, Exhibit 6, Rodrigue Depo., at 70.

8. The "DA subpoena that was sent to Ms. LaCroix was not a "legal document," and it had no legal effect. *See* Doc. No. 52 at ¶ 324.

9. The "DA subpoena" that was sent to Ms. LaCroix was not enforceable in any court. *See, e.g.*, Exhibit 6, Rodrigue Depo., at 70.

10. Ms. LaCroix discovered the "DA subpoena" stuck in her door when she arrived at her home on the night of November 27, 2016. Ms. LaCroix was not personally served with the "DA subpoena." *See* Exhibit 7, LaCroix Depo., at 48–50.

11. The following day, November 28, 2016, Ms. LaCroix met with a lawyer, Anthony Ibert. During that meeting, Mr. Ibert informed Ms. LaCroix that she did not have to comply with the "DA subpoena" "because the document was fake, basically." *See* Exhibit 7, LaCroix Depo., at 54, 67.

12. Ms. LaCroix never paid any money for Mr. Ibert to represent her. *See* Exhibit 7, LaCroix Depo., at 66.

13. Ms. LaCroix's mother paid Mr. Ibert's $500 flat fee and never requested or received any reimbursement from Ms. LaCroix. *See* Exhibit 7, LaCroix Depo., at 66–67.

14. Ms. LaCroix alleges that she missed work on November 28, 2016, so that she could meet with Mr. Ibert about the "DA subpoena." *See* Exhibit 7, LaCroix Depo., at 85–86. Ms. LaCroix does not contend that she missed work at any other time due to the "DA subpoena."

15. Ms. LaCroix has not produced evidence that could provide even an estimate of the wages she allegedly lost due to missing work on November 28, 2016. *See* Exhibit 7, LaCroix Depo., at 105–107.

16. Ms. LaCroix had no plans to travel or leave the state between November 27, 2016, and November 29, 2016. *See* Exhibit 7, LaCroix Depo., at 86–87.

17. Ms. LaCroix did not appear at the District Attorney's Office on November 29, 2016, as directed by the "DA subpoena." *See* Exhibit 7, LaCroix Depo., at 64.

18. In a November 29, 2016 phone call with Cardell Hayes, Ms. LaCroix described her receipt of the "DA subpoena" as "a good thing" that was "very very good" for Mr. Hayes. *See* Exhibit 9, Audio recording of November 29, 2016 phone call, at 0:22–1:45; *see also* Exhibit 7, LaCroix Depo., at 52–58.

19. On November 29, 2016, Mr. Ibert filed a motion to quash the "DA subpoena" in Orleans Parish Criminal District Court. The motion stated that "the subpoena does not appear on its face to be issued by the clerk of court." *See* Exhibit 10, Motion to Quash filed in *State v. Cardell Hayes* (November 29, 2016).

20. At the beginning of the November 30, 2016 hearing on the motion to quash, Ms. Rodrigue stated: "[T]he State can withdraw the 'DA' subpoena at this time. We don't need the hearing. We just need her served for trial." *See* Exhibit 11, Transcript of November 30, 2016 hearing, at 1.

21. Judge Camille Buras issued a subpoena ordering Ms. LaCroix to appear for the trial of Cardell Hayes. *See* Exhibit 11, Transcript of November 30, 2016 hearing.

22. The trial issued to Ms. LaCroix by Judge Buras was lawfully issued and legally valid. *See* Exhibit 7, LaCroix Depo., at 39–40.

23. Ms. LaCroix testified on Cardell Hayes's behalf at his sentencing hearing. *See* Exhibit 14, Excerpts of Cardell Hayes sentencing, at 30–38.

24. Ms. LaCroix has not alleged that Mr. Pipes or Mr. Martin personally sent any fraudulent "DA subpoena" to her or personally directed that such a document be sent to her. *See*

Doc. No. 52. Ms. LaCroix also has not produced or identified any evidence showing that Mr. Pipes or Mr. Martin took such actions.

          Respectfully submitted,

          */s/ Matthew J. Paul*
          Richard C. Stanley, 8487
          W. Raley Alford, III, 27354
          Matthew J. Paul, 37004
          Patrick M. Bollman, 38674
          STANLEY, REUTER, ROSS, THORNTON
           & ALFORD, LLC
          909 Poydras Street, Suite 2500
          New Orleans, Louisiana 70112
          Telephone: (504) 523-1580
          Facsimile:  (504) 524-0069

          *Counsel for Graymond Martin, David Pipes, and Laura Rodrigue*