UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>    *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**MEMORANDUM IN SUPPORT OF OPDA'S MOTION
FOR SUMMARY JUDGMENT ON RENATA SINGLETON'S
<u>PRESCRIBED CLAIMS THAT DO NOT INVOLVE "DA SUBPOENAS"</u>**

Defendant Jason R. Williams, in his official capacity as Orleans Parish District Attorney ("OPDA"), through undersigned counsel, respectfully submits this memorandum in support of OPDA's motion seeking summary judgment dismissing several of Renata Singleton's claims against OPDA based on prescription. Although OPDA believes that Ms. Singleton's claims lack merit, the present motion concerns prescription only and does not seek a ruling on the merits.

Ms. Singleton asserts First Amendment and abuse-of-process claims against OPDA based on her appearance at the District Attorney's Office, and subsequent arrest, on May 29, 2015. These

1

claims accrued on that day, yet Ms. Singleton did not file suit until October 2017, approximately two-and-a-half years later. Accordingly, these claims are prescribed and must be dismissed.

## BACKGROUND

Ms. Singleton initially asserted § 1983 claims against OPDA, Graymond Martin, David Pipes, and Arthur Mitchell under the First, Fourth, and Fourteenth Amendments, alleging wrongful arrest, compelled speech, and retaliation, along with vague allegations of substantive-due-process violations. Ms. Singleton also asserted Louisiana state-law claims for fraud and abuse of process.

Mr. Singleton's Fourth Amendment claim—her only claim alleging wrongful arrest pursuant to a material-witness warrant—was dismissed by the Court on the Defendants' Rule 12(b)(6) motion. *See* Doc. No. 116 at 31–32. The Court also dismissed Ms. Singleton's fraud claim, concluding that she had not relied on misrepresentations contained in any allegedly unlawful subpoena. *See id.* at 41–42. As a result, Ms. Singleton's only remaining claims against OPDA are § 1983 claims under the First and Fourteenth Amendments and a claim for abuse of process.[1]

Ms. Singleton's First Amendment claim is based on the allegation that she "was arrested at the District Attorney's Office when she refused to speak without the presence of counsel." *See* Doc. No. 67 at 43 (emphasis removed); *see also* Doc. No. 116 at 24 n.106 ("Plaintiff Singleton alleges that prosecutors caused her arrest immediately after she refused to answer their questions during a private meeting."). Ms. Singleton's Fourteenth Amendment claim, as construed by this Court, is limited to the allegation that she received unlawful "subpoenas." *See* Doc. No. 116 at 25–

---

[1] All of Ms. Singleton's claims against the Individual Defendants have now been dismissed, through a combination of Rule 12(b)(6) dismissals, summary judgment, and settlement. *See* Doc. Nos. 116, 200, 313, 315.

26.[2] Finally, Ms. Singleton's abuse-of-process claim is based on her alleged receipt of unlawful "subpoenas," as well the allegation that the Defendants somehow "coopted the material witness statute" and used a material-witness warrant to secure a "private investigative interview[ ]" with her. *See* Doc. No. 52 at ¶ 442; Doc. No. 67 at 51 (alleging that Ms. Singleton was "interrogated by prosecutors" after a material-witness warrant was issued).

Thus, it appears that all of Ms. Singleton's remaining claims are based on two alleged events: (1) her alleged receipt of two unlawful "subpoenas" on April 21, 2015; and (2) her appearance and arrest at the Orleans Parish DA's Office on May 29, 2015. *See* Doc. No. 52 at ¶¶ 195, 208–213. This motion does not address Ms. Singleton's claims based on alleged receipt of unlawful "subpoenas." Rather, this motion addresses Ms. Singleton's other claims: her First Amendment claim for compelled speech and/or retaliation, and her abuse-of-process claim based on alleged abuse of the material-witness statute. As explained further below, the undisputed evidence clearly shows that those claims are prescribed and must be dismissed.

## LEGAL STANDARD

Summary judgment must be granted as to all or part of any claim or defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A).

## DISCUSSION

"Section 1983 claims pending in federal courts in Louisiana are subject to a one year statute of limitations period," which "commences to run from the day injury or damage is sustained."

---

[2] In denying the Defendants' Rule 12(b)(6) motion in part, the Court held that the Plaintiffs' allegations of "manufactured 'subpoenas' . . . . sufficiently shock the conscience such that they allege a constitutional violation" under the Fourteenth Amendment. *See* Doc. No. 116 at 25–26. However, the Court did not find that any other alleged conduct in this case would "shock the conscience" and thereby support a Fourteenth Amendment claim.

3

*Gordon v. James*, No. 16-cv-16540, 2017 WL 4311125, at *6 (E.D. La. Sep. 26, 2017) (citing LA. CIV. CODE art. 3492); *see also* Doc. No. 116 at 46 (recognizing that Louisiana's one-year prescriptive period for personal-injury torts applies to the § 1983 claims in this case). "[T]he statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). Similarly, the Louisiana tort of abuse of process is subject to a liberative prescriptive period of one year, which "commences to run from the day injury or damage is sustained." *No Drama, LLC v. Caluda*, 177 So. 3d 747, 752 (La. App. 5th Cir. 2015). If "prescription is evident from the face of the pleadings, . . . the plaintiff bears the burden of showing the action has not prescribed." *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1361 (La. 1992).

**I.     First Amendment claim**

As noted above, Ms. Singleton's First Amendment claim is based on the allegation that, when she appeared at the District Attorney's Office on May 29, 2015, she was arrested because she asserted her right not to speak without counsel present. As an initial matter, this allegation is completely false. When the police came to Ms. Singleton's home on the night of May 28, 2015, to arrest her pursuant to a material-witness warrant issued by Judge Robin Pittman, Ms. Singleton and her friend (who was also a police officer) persuaded the officers not to arrest her that night and to allow her to come to the District Attorney's Office the next morning.[3] When Ms. Singleton appeared at the District Attorney's Office the following day, she was arrested because there was an outstanding warrant for her arrest.[4] Ms. Singleton would have been arrested regardless of any

---

[3] *See, e.g.*, Doc. No. 279-3 at 37–43 (Singleton Depo. at 86–92).

[4] *See, e.g.*, Doc. No. 279-4 at 18 (Mitchell Depo. at 270).

4

conversation that she had with prosecutors, because prosecutors have no authority to prevent the execution of a court-issued warrant.

However, aside from the merits, Ms. Singleton's First Amendment claim must be dismissed because it is prescribed. As noted above, the claim is subject to a one-year prescriptive period. Prescription began to run on May 29, 2015, the day when Ms. Singleton appeared at the District Attorney's Office and was arrested. The claim therefore prescribed on May 29, 2016—almost a year and a half before Ms. Singleton filed suit. There is no reason why the running of prescription could or would have been delayed; if Ms. Singleton had in fact been compelled to speak or arrested for refusing to speak, clearly she would have been aware of it at the time it happened. Moreover, Ms. Singleton testified in her deposition that in June 2015, she believed that something wrong had been done to her and discussed hiring a lawyer. Ms. Singleton testified that when she came home from jail, she felt "so violated," and "like something wasn't right," and that what happened to her was "unfair."[5] Ms. Singleton further testified that on the same day she appeared before Judge Pittman in criminal court (in June 2015), she met with two directors at her workplace and told them that she wanted to get a lawyer.[6] And Ms. Singleton was in fact represented by private counsel in connection with the material-witness proceedings. *See, e.g.*, Doc. No. 52 at ¶ 222.

Because Ms. Singleton's First Amendment claim was filed more than one year after the date when it accrued, it is prescribed and must be dismissed.

---

[5] *See* Exhibit 1, Singleton Depo., at 152–153.

[6] *See* Exhibit 1, Singleton Depo., at 152–153.

5

## II. Abuse of process claim (based on material-witness warrant)

Ms. Singleton also asserts an abuse-of-process claim that is based on alleged "abuse" of the material-witness statute. Like her First Amendment claim, this claim is premised on her appearance at the District Attorney's Office on May 29, 2015. Ms. Singleton contends that prosecutors "coopted the material witness statute" and used it to obtain a "private investigative interview[ ]" with her—rather than to secure her appearance in court, as contemplated by the statute. *See* Doc. No. 67 at 51. These allegations too are completely false. It was *Ms. Singleton* who impeded the proper execution of her material-witness warrant by persuading the police not to arrest her on the night of May 28, 2015. But for her own improper actions, Ms. Singleton would have been arrested that night on the material-witness and brought before Judge Pittman without ever appearing at the District Attorney's Office or speaking with prosecutors.

But again, aside from the merits, this claim must be dismissed because it is prescribed. The tort of abuse of process is subject to a liberative prescriptive period of one year, which "commences to run from the day injury or damage is sustained." *No Drama, LLC v. Caluda*, 177 So. 3d 747, 752 (La. App. 5th Cir. 2015). Prescription began to run on May 29, 2015, the day when Ms. Singleton was allegedly subjected to an improper "private interview," and the claim prescribed almost a year and a half before Ms. Singleton filed suit.

## CONCLUSION

For the reasons set forth above, all of Ms. Singleton's claims against OPDA other than her claims based on alleged receipt of unlawful subpoenas—specifically, her First Amendment claim for compelled speech and/or retaliation and her abuse-of-process claim based on alleged abuse of the material-witness statute—must be dismissed because they are prescribed.

     /s/ John S. Alford
John S. Alford, 31594
622 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 605-3810

*Counsel for Jason R. Williams (in his official capacity as Orleans Parish District Attorney)*

7