UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>  *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>  *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S FILING, OR, IN THE ALTERNATIVE, TO SEAL CONFIDENTIAL PORTIONS OF THE FILING**

  Defendant Graymond Martin, through undersigned counsel, respectfully submits this memorandum in support of his motion seeking to strike all (or at least the confidential portions) of Plaintiff Tiffany LaCroix's April 12, 2021 supplemental briefing (Doc. No. 369), or, in the alternative, to seal the confidential portions of that filing.

**I.**   **Ms. LaCroix violated the Protective Order by including "Protected Material" in a public filing and failing to take any of the required steps to maintain its confidentiality.**

  The Protective Order entered in this case allows a party to designate a document as "Protected Material" on various grounds, including on the ground that the document contains

1

"information that is confidential or prohibited from disclosure pursuant to statute, rule, or regulation." See Doc. No. 196 at 1. A party who seeks to file a document with the Court that contains "Protected Material" must "take appropriate action to ensure that the document receives proper protection from public disclosure." See id. at 6. The party may redact the document to remove "Protected Material" or submit the document solely for in camera review, where appropriate. See id. If these measures are "inadequate," the party must "seek[ ] permission to file the document under seal by filing a motion for leave to file under seal in accordance with the Local Rules." See id. Any such motion practice "shall ensure that there is an opportunity for the relevant Protected Material's original Designating Party to submit a letter or memorandum to the Court in support of sealing." Id.

On April 12, 2021, Ms. LaCroix violated the Protective Order by filing a supplemental memorandum that both quoted and attached documents that were previously designated as "Protected Material" by Mr. Martin. See Doc. No. 369. Ms. LaCroix claims that she "inadvertently included" a "small portion of information designated confidential under the Protective Order," see Doc. No. 370 at 1, but this is difficult to accept. Ms. LaCroix's briefing quotes extensively from a letter that was designated as confidential, and that she knew was confidential (as acknowledged in her filing). See Doc. No. 369-6. Under the Protective Order (and consistent with common sense), "Protected Material includes information copied or extracted from Protected Material and all copies, excerpts, summaries, and compilations of Protected Material." See Doc. No. 196 at 1. Although Ms. LaCroix's original filing was later substituted with a redacted version, it was publicly accessible until that time. As a sanction for violating the Protective Order, Ms. LaCroix's filing should be stricken (at a minimum, with respect to the confidential portions).

**II.     Ms. LaCroix's filing, or at least the confidential portions of it, should be stricken for abuse of supplemental briefing permitted by the Court.**

Even aside from the violation of the Protective Order, Ms. LaCroix's filing was procedurally improper and should never have been made. Mr. Martin and Defendant Laura Rodrigue previously filed a motion for summary judgment on Ms. LaCroix's claims against them. *See* Doc. No. 327. Ms. LaCroix filed an opposition memorandum that focused almost entirely on the claims against Ms. Rodrigue, devoting less than one page to the claims against Mr. Martin. *See* Doc. No. 333 at 17–18. When the motion was argued on March 11, 2021, the parties informed the Court that Mr. Martin had recently been deposed, and the Court allowed supplemental briefing from the parties to address Mr. Martin's testimony as it relates to the motion. *See* Doc. No. 358. However, Ms. LaCroix went far beyond that limited scope, filing a 19-page brief that also included a new eight-page "counterstatement of uncontested material facts" and 13 exhibits (11 of which were in the Plaintiffs' possession at the time when Ms. LaCroix filed her earlier opposition memorandum). *See* Doc. No. 369. The brief also includes new legal theories of liability (fraud "through an intermediary" and fraud against a "class of persons") that were not raised in the opposition (or in any of the other summary-judgment briefing in this case concerning other Plaintiffs and Defendants). *See id.* at 8–12. Nearly all of the evidence and argument in Ms. LaCroix's supplemental memorandum could, and should, have been presented in her opposition. In short, Ms. LaCroix abused the limited purpose of the supplemental briefing allowed by the Court in an attempt to make up for an inadequate earlier opposition memorandum, and the filing should be stricken in its entirety for that reason.

At a minimum, the Court should strike Exhibit 5 (the confidential letter, discussed further below), along with the portions of Ms. LaCroix's briefing and Mr. Martin's deposition discussing that exhibit. The exhibit was produced to the Plaintiffs in discovery almost one year ago, and there

3

is no reason why it could not have been addressed in Ms. LaCroix's opposition memorandum. Striking this material from Ms. LaCroix's filing would obviate the need to seal any portion of the record while appropriately maintaining the confidentiality of materials that are non-public pursuant to law (as discussed further below).

**III.    If Ms. LaCroix is allowed to include "Protected Material" in her filing, it should be maintained under seal to ensure the confidentiality of pending attorney disciplinary proceedings, as established by rule of the Louisiana Supreme Court and recognized by this Court as an important interest.**

Assuming that Ms. LaCroix is allowed to file a brief that includes "Protected Material" designated by Mr. Martin, that material should be maintained under seal. The material in question is a letter that Mr. Martin wrote to Charles Plattsmier, Chief Disciplinary Counsel of the Louisiana Attorney Disciplinary Board, that concerns an open investigation by the Office of Disciplinary Counsel ("ODC").

The Louisiana Supreme Court has exclusive original jurisdiction over disciplinary proceedings against members of the Louisiana bar. *See* LA. CONST. art. V, § 5(B). Pursuant to that authority, the Louisiana Supreme Court has adopted rules for lawyer disciplinary enforcement. *See* LA. SUPREME COURT RULE XIX. Those rules provide that attorney disciplinary matters are confidential unless and until formal charges are filed. *See id.*, § 16(A) ("Prior to the filing and service of formal charges, the agency must maintain confidentiality of the matter," with certain exceptions.).

This Court has previously noted the "public interest in maintaining the confidentiality of LSBA disciplinary proceedings," explaining that "[s]uch confidentiality encourages candor with, and facilitates investigations by, Disciplinary Counsel." *Williams v. Monsanto Co.*, No. 93-cv-

4

4237, 1994 WL 660419, at *1 (E.D. La. Nov. 21, 1994).[1] Moreover, the same policy of confidentiality is reflected in this Court's own disciplinary rules, which include confidentiality rules that are at least as stringent as those adopted by the Louisiana Supreme Court—requiring all disciplinary proceedings to be conducted under seal. *See* E.D. LA. RULES FOR LAWYER DISCIPLINARY ENFORCEMENT, Rule 10.1 ("All disciplinary proceedings must be conducted under seal, unless the respondent requests a hearing in open court."); *id.*, Rule 10.1.1 ("Complaints of misconduct and other records of disciplinary proceedings may not be made public by the clerk of court, the court or the Lawyer Disciplinary Committee prior to the *en banc* court's issuance of an order and reasons imposing discipline, except upon order of the *en banc* court.").

In *Monsanto*, the defendant sought discovery of documents relating to pending attorney disciplinary proceedings, arguing that "it needs the disciplinary proceeding documents to determine exactly what the plaintiff's counsel told the LSBA and whether there is a discrepancy" with what the plaintiff's counsel had told the Court. *See Monsanto*, 1994 WL 660419, at *1. This Court denied the request altogether, explaining that the possibility that the discovery might lead to relevant information "would not alone be sufficient to overcome the Louisiana Supreme Court's interest in maintaining the confidentiality of disciplinary proceedings." *Id.* In another prior case, this Court held that documents produced in discovery pertaining to non-public ODC complaints and investigations would be subject to a strict protective order: "Only the parties, counsel and their experts may view the documents produced by the LADB or the ODC. No document is to be used outside of this lawsuit or made public for any reason without an order from this or the District Court." *Williams v. Connick*, No. 12-cv-1274, 2014 WL 6698299, at *9 (E.D. La. Nov. 26, 2014).

---

[1] At the time when *Monsanto* was decided, the Louisiana State Bar Association ("LSBA") was responsible for administering the attorney discipline system.

Unlike in *Monsanto*, Mr. Martin has not relied on the confidentiality of disciplinary proceedings to avoid discovery—he voluntarily produced the document at issue, subject to the Protective Order. Mr. Martin asks only that the confidentiality of pending disciplinary investigations be maintained by preventing documents from those proceedings from being filed on the public docket. Such protection is essential to protect the integrity of the attorney disciplinary process and prevent private litigants from abusing, interfering in, or otherwise leveraging it for their advantage in litigation.

Although there is a "presumption in favor of the public's access to judicial records," "litigants sometimes have good reasons to file documents (or portions of them) under seal." *See Bihn Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (quotation omitted). A court weighing a request to file documents under seal should consider and articulate the "interests favoring nondisclosure" and weigh those against "the public's common law right of access." *See id.* Mr. Martin respectfully submits that there are compelling reasons to prevent public disclosure of a narrow, limited class of documents that are made confidential by law for good reason.

The confidential portions of Ms. LaCroix's filing consist of, specifically: (1) Exhibit 5, a letter from Mr. Martin to the Louisiana Attorney Disciplinary Board (see Doc. No. 369-6); (2) a portion of Exhibit 3, the transcript of Mr. Martin's deposition, discussing that letter (see Doc. No. 369-4 at 12; page 232, lines 2–15 of the transcript); (3) portions of Ms. LaCroix's supplemental memorandum discussing the letter (see Doc. No. 369 at 3, 16–17, 19); and (4) portions of Ms. LaCroix's "amended supplemental counterstatement of uncontested material facts" discussing the letter (see Doc. No. 369-1 at 2, 5–7). Pursuant to Louisiana Supreme Court Rule XIX, § 16(A), the documents should be maintained under seal indefinitely, unless formal charges are filed in the underlying ODC matter.

        Respectfully submitted,

        <u>/s/ *Matthew J. Paul*</u>
        Richard C. Stanley, 8487
        W. Raley Alford, III, 27354
        Matthew J. Paul, 37004
        STANLEY, REUTER, ROSS, THORNTON
          & ALFORD, LLC
        909 Poydras Street, Suite 2500
        New Orleans, Louisiana 70112
        Telephone: (504) 523-1580
        Facsimile:  (504) 524-0069

        *Counsel for Graymond Martin*