**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>*Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>*Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**OPPOSITION TO PLAINTIFFS' CORRECTED**
**MOTION FOR EXTENSION OF DEADLINES**

Defendant Jason R. Williams, in his official capacity as Orleans Parish District Attorney ("OPDA"), through undersigned counsel, respectfully submits this memorandum in opposition to the Plaintiffs' corrected motion requesting an extension of the submission dates for two summary-judgment motions filed by OPDA on the issue of prescription. *See* Doc. Nos. 366, 368, 376.

The Plaintiffs seek to extend the submission dates for OPDA's two summary-judgment motions by almost three months, for no good reason. Both motions deal exclusively with the issue of prescription, which is separate from the merits of the Plaintiffs' claims. Both motions are brief, and, as the Plaintiffs point out, supported by "minimal" evidence (albeit conclusive evidence). *See*

Doc. No. 376-1 at 3.[1] There is no reason why these motions should be "consolidated at the end of discovery" with other motions addressing the merits of the Plaintiffs' claims, and the Plaintiffs have failed to explain or justify their suggestion that it would be "appropriate[ ] and efficient[ ]" to do so. *See id.* To the contrary, if these motions are promptly granted, as they should be, that will promote efficiency and conservation of resources by preventing continued discovery and litigation with respect to prescribed claims. Moreover, the Plaintiffs do not need additional time, or discovery, to address the threshold issue of whether their claims were timely filed in the first place.

The Scheduling Order provides a deadline for filing non-evidentiary pretrial motions, providing that such motions "shall be filed no later than JULY 13, 2021 to permit a submission date of July 28, 2021." Doc. No. 362 at 1. The Plaintiffs misconstrue this provision as effectively a prohibition on having summary-judgment motions heard or decided before the deadline. But nothing in the Scheduling Order states, implies, or "anticipate[s]," that there will be "a single round of summary judgment briefing, consolidated at the end of discovery." *See* Doc. No. 376-1 at 3. And, contrary to the Plaintiffs' current insistence on having all summary-judgment motions briefed and decided after the close of discovery, Ms. LaCroix previously filed her own motion for summary judgment and set it for submission on January 27, 2021. *See* Doc. No. 326.

The Plaintiffs fault defense counsel for refusing to agree to a "brief extension," *see* Doc. No. 376-1 at 1 n.1, but neither of the alternative extensions sought in their motion (nearly three months, or alternatively, one month) is "brief." The Plaintiffs clearly have substantial resources to devote to this litigation, with 12 lawyers currently enrolled in this action on their behalf (not

[1] The suggestion that OPDA is attempting to "circumvent" page limitations, *see* Doc. No. 376-1 at 3 n.2, has little force, given that the memoranda in support of OPDA's two motions are only 7 pages and 6 pages, respectively. *See* Doc. No. 366-1; Doc. No. 368-2.

including the additional Civil Rights Corps lawyers who have participated in the litigation).[2] The submission dates selected for OPDA's summary-judgment motions provided the Plaintiffs with more than two weeks to prepare responses, which is reasonable under the circumstances. If the Court sees fit to grant any extension of the submission dates, OPDA respectfully suggests that it should be an extension of two weeks or less.

Finally, OPDA must briefly respond to the suggestion that the previously requested and agreed-upon one-month partial stay of discovery (from early February until early March) was merely a pretext to allow time for OPDA to prepare summary-judgment motions. *See* Doc. No. 376-1 at 3. OPDA believes that the Magistrate Judge will confirm that it has worked diligently and in good faith attempting to reach agreement on the Plaintiffs' comprehensive list of non-monetary demands, which the Plaintiffs have characterized as the most important component of any potential settlement. And as to the suggestion that OPDA has unjustifiably refused to provide "highly relevant documents," *see id.*, OPDA simply notes here that the suggestion is both disputed and irrelevant to the issue of the Plaintiffs' requested extension.

[2] The Plaintiffs state that they "dispute the accuracy of" the assertion that eleven lawyers from the Plaintiffs' side attended the deposition of Leon Cannizzaro. *See* Doc. No. 376-1 at 1 n.1. The names of the eleven lawyers from the Plaintiffs' side who attended the deposition are Bina Ahmad (Civil Rights Corps), Laura Arandes (Civil Rights Corps), Katie Chamblee-Ryan (Civil Rights Corps), Monica Chou (Venable), Ryan Downer (Civil Rights Corps), Allison Gotfried (Venable), Molly Kovel (ACLU), Bruce Hamilton (ACLU), Nabihah Maqbool (Civil Rights Corps), Tara Mikkilineni (Civil Rights Corps), and Jeffrey Stein (Civil Rights Corps).

Respectfully submitted,

*/s/ John S. Alford*

John S. Alford, 31594
622 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 605-3810

*Counsel for Jason R. Williams (in his official capacity as Orleans Parish District Attorney)*