UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON, LAZONIA BAHAM, TIFFANY LACROIX, <br><br> *Plaintiffs*, <br><br> v. <br><br> LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish; GRAYMOND MARTIN and LAURA RODRIGUE; in their individual capacities, <br><br> *Defendants*. | Civil Action No. 17-10721 <br><br> Section H <br> Judge Jane Triche Milazzo <br><br> Division 1 <br> Magistrate Judge Janis van Meerveld |

**PLAINTIFFS' MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FILING, OR, IN THE ALTERNATIVE, TO SEAL CONFIDENTIAL PORTIONS OF THE FILING**

Plaintiffs, through undersigned counsel, respectfully submit this memorandum in partial opposition to Defendant Graymond Martin's Motion to Strike Plaintiff's Filing, or, In the Alternative, to Seal Confidential Portions of the Filing ("Mot.") (Dkt. No. 373). For the reasons set forth below, there is no justification to strike the entire memorandum submitted in opposition to Mr. Martin's affirmative motion for summary judgment (Dkt. No. 369). *First*, Plaintiffs addressed the inadvertent filing of information marked confidential quickly after Defendants' counsel brought the issue to the attention of Plaintiffs' counsel, filing a notice of correction within roughly two business hours. Plaintiffs acted diligently and in accord with the Protective Order, and there was no prejudice to Defendant that warrants a sanction ignoring Plaintiffs' arguments and evidence. *Second*, Defendant's suggestion that Plaintiffs' brief should be stricken for being too thorough in responding to Mr. Martin's arguments is baseless. The original motion filed by Defendants Laura Rodrigue, Graymond Martin, and David Pipes ("Individual Defendants")

1

included a total of three sentences on the liability of both Mr. Martin and Mr. Pipes, and was filed well before the deadline for motions for summary judgment. The Court noted the paucity of briefing on both sides at oral argument and specifically requested additional briefing. Defendants cannot file a sparse early motion for summary judgment and then ask the Court to ignore the relevant evidence adduced in discovery after that date, and arguments based on that evidence. The Court must be provided with all relevant evidence from the record and legal arguments in order to make an informed decision. *Third*, although Plaintiffs reserve the right to challenge the confidentiality designation of the materials related to Louisiana Attorney Disciplinary Board ("LADB") investigations, they do not oppose the sealing of the documents they addressed in their Motion to Seal, including (1) Exhibit 5, a letter from Mr. Martin to the LADB (*see* Dkt. No. 369-6); (2) a portion of Exhibit 3, the transcript of Mr. Martin's deposition, discussing that letter (*see* Dkt. No. 369-4 at 12; page 232, lines 2–15 of the transcript); (3) portions of Ms. LaCroix's supplemental memorandum discussing the letter (*see* Dkt. No. 369 at 3, 16–17, 19); and (4) portions of Ms. LaCroix's supplemental counterstatement of uncontested material facts discussing the letter (*see* Dkt. No. 369-1 at 2, 5–7).

Thus, Plaintiffs respectfully request that the Court seal materials related to the LADB letter and consider the entirety of the evidence and argument supporting denial of Defendant Graymond Martin's Motion for Summary Judgment.

### A. There is No Justification For Striking Ms. LaCroix's Supplemental Memorandum or the Confidential Information Discussed Therein

Defendant Martin cites no law in support of his request that this Court strike Ms. LaCroix's supplemental memorandum. Mot. at 2, 3. Such sanction is inappropriate and unjustified.

First, Defendants argue that Plaintiffs' memorandum should be stricken for failure to comply with the Protective Order in this case. Mot. at 2. However, Plaintiffs did comply with the

Order expeditiously and fully. Paragraph 11 of the Protective Order states that, '[i]f a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately and within not more than five (5) calendar days" use "its best efforts to retrieve all unauthorized copies" of such material. Dkt. No. 196 ¶ 11.

Plaintiffs' supplemental memorandum was filed at 10:15 p.m. CT on April 12, 2021. *See* ECF No. 369; Ex. A (CM-ECF notification showing timestamp). Defendants' counsel alerted Plaintiffs' counsel that confidential material had been publicly filed at 9:10 a.m. CT the next day. *See* Ex. B. (email from M. Paul). Plaintiffs' counsel reviewed the filing and quickly filed a Notice of Correction with redacted documents at 11:14 a.m. CT. *See* Ex. C (CM-ECF notification showing timestamp).

Plaintiffs thus acted responsibly and quickly to address the issue; indeed, they acted much more quickly than required by the Protective Order in this case. Furthermore, the Protective Order states that, should any Party be unsatisfied with the steps taken, it must engage in a "good faith meet and confer effort to resolve any remaining disputes" prior to seeking any relief from this Court. *Id.* Defendants' counsel did no such thing prior to requesting a serious sanction from this Court. Consistent with the foregoing, and the mutually-agreed upon terms of the Protective Order, no sanction is warranted or appropriate in light of both their actions and Defendants' own failure to comply with the terms of the Protective Order. The Court should deny Defendant Martin's request to strike Ms. LaCroix's filing and the redacted portions.

Second, Defendant Martin suggests that Plaintiffs' Supplemental Memorandum should be stricken as "procedurally improper." Mot. at 3. He argues that, because Plaintiffs devoted less than a page to Mr. Martin in their original opposition, they should be limited to the arguments

raised at that time. *Id.* But Individual Defendants ignore the fact that they devoted an entirety of *three sentences* to Mr. Martin's claims in their affirmative motion. *See* Memo. in Support of Mot. for Summ. J. on T. LaCroix's Claims Against Individual Defs. (Dkt. No. 327-1) at 21. And Defendant Martin misrepresents what this Court's Order directed the Parties to do. It did not, as Defendant represents, direct the parties "to address Mr. Martin's testimony as it relates to the motion." Mot. at 3. Rather, after noting the dearth of briefing on both sides at oral argument, the Court directed the parties to provide "argument as to why LaCroix's claims against Graymond Martin should or should not be dismissed." Dkt. No. 358. Plaintiffs understood this to be an instruction to provide robust briefing on the subject matter, and that is what they provided. Moreover, significant discovery has occurred in this case since the January 23, 2021, filing of Individual Defendants' Motion, necessitating additional discussion in the briefing. *See* Dkt. No. 327. Plaintiffs are compelled to address this additional discovery in the interest of comprehensive advocacy, and Defendants cannot file premature motions for summary judgment and then object when Plaintiffs supplement the record with additional, highly relevant discovery that becomes available to them after the filing.

      **B.**      **Plaintiffs Do Not Object At This Time to the Filing of Certain Information Under Seal for Consideration by the Court in Resolving Defendants' Motion**

Defendant Martin's final request is that the Court should maintain certain exhibits and argument under seal, as originally requested in Plaintiffs' Motion to Seal, Dkt. No. 373. He has provided case law for the proposition that the LADB letter, and the testimony and argument concerning it, should be maintained under seal. Mot. at 4-6. Although Plaintiffs reserve the right to challenge the designation of this testimony as confidential under the Protective Order at a later right, at this time they do not object to the filing of this material under seal.

\* \* \*

There is no justification for Defendant Martin's requests to strike Plaintiffs' supplemental memorandum or portions thereof. Plaintiffs complied with the Protective Order, as well as this Court's Order requesting additional briefing. The Court should grant Defendants' request to seal Exhibit 5, and portions of Exhibit 3, Plaintiffs' Supplemental Memorandum, and Plaintiffs' Supplemental Counterstatement, consider all of the evidence and arguments presented therein, and deny Defendant Martin's motion for summary judgment on Ms. LaCroix's claims against him.

Dated:  April 21, 2021

Respectfully Submitted,

*s/ Laura Gaztambide Arandes*

Katherine Chamblee-Ryan (*pro hac vice*)
Tara Mikkilineni (*pro hac vice*)
Ryan C. Downer (*pro hac vice*)
Laura Gaztambide Arandes (*pro hac vice*)
Jeffrey Stein (*pro hac vice*)
Civil Rights Corps
1601 Connecticut Avenue NW, Suite 800
Washington, D.C. 20009
Tel: (202) 844-4975

Bruce Hamilton
La. Bar No. 33170
ACLU Foundation of Louisiana
1340 Poydras St., Suite 2160
New Orleans, LA 70156
Tel: (504) 522-0628

Sarah S. Brooks (*pro hac vice*)
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel: (310) 229-0408

Mariana Kovel (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (646) 905-8870
mkovel@aclu.org

Allison B. Gotfried (*pro hac vice*)
Venable LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Tel: (212) 370-6227

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that on April 21, 2021, I electronically filed the foregoing Plaintiff's Memorandum in Partial Opposition to Defendant's Motion to Strike Plaintiff's Filing, or, In the Alternative, to Seal Confidential Portions of the Filing using the CM-ECF System, which caused notice to be sent via email to all counsel of record.

                                            *s/ Laura Gaztambide Arandes*
                                            Laura Gaztambide Arandes