UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENATA SINGLETON; MARC MITCHELL; LAZONIA BAHAM; JANE DOE; TIFFANY LACROIX; FAYONA BAILEY; JOHN ROE; and SILENCE IS VIOLENCE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>LEON CANNIZZARO, in his official capacity as District Attorney of Orleans Parish and in his individual capacity; GRAYMOND MARTIN; DAVID PIPES; IAIN DOVER; JASON NAPOLI; ARTHUR MITCHELL; TIFFANY TUCKER; MICHAEL TRUMMEL; MATTHEW HAMILTON; INGA PETROVICH; LAURA RODRIGUE; SARAH DAWKINS; and JOHN DOE, in their individual capacities,<br><br>    *Defendants*. | Civil Action No. 17-10721<br><br>Section H<br>Judge Jane Triche Milazzo<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO
STRIKE PLAINTIFF'S FILING, OR, IN THE ALTERNATIVE,
TO SEAL CONFIDENTIAL PORTIONS OF THE FILING**

Defendant Graymond Martin, through undersigned counsel, respectfully submits this reply memorandum in support of his motion seeking to strike all (or at least the confidential portions) of Plaintiff Tiffany LaCroix's April 12, 2021 supplemental briefing (Doc. No. 369), or, in the alternative, to seal the confidential portions of that filing.

As explained in Mr. Martin's motion, Ms. LaCroix's lengthy supplemental brief (which includes 13 exhibits) should be stricken because it goes far beyond the limited scope and purpose that appears to have been intended by the Court. Ms. LaCroix argues that her lengthy brief was necessary due to "the paucity of briefing on both sides," and that "Defendants cannot file a sparse

1

early motion for summary judgment and then ask the Court to ignore the relevant evidence adduced in discovery after that date, and arguments based on that evidence." *See* Doc. No. 380 at 2. But this argument is mistaken in both its factual and legal premises.

First, Mr. Martin's original motion for summary judgment was "sparse" because there is simply no evidence (or even any factual allegation in the Plaintiffs' Complaint) showing that Mr. Martin committed any intentional tort against Ms. LaCroix. When the non-moving party has the burden of proof with respect to the claims at issue (as Ms. LaCroix does), the party moving for summary judgment "is not required to present evidence proving the absence of a material fact issue." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). Rather, the moving party may simply "point[ ] out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Mr. Martin carried his summary-judgment burden by pointing out (correctly) that there is no evidence (or even allegation) that he personally sent a "DA subpoena" to Ms. LaCroix, directed that such a document be sent to her, or knew that such a document was being sent to her. *See* Doc. No. 327-1 at 21.

In response, Ms. LaCroix was required to "show that summary judgment in inappropriate" by "set[ting] forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380. Alternatively, she could have "show[n] by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition." *See* FED. R. CIV. P. 56(d). Ms. LaCroix did neither, instead suggesting in her briefing that "[t]here is nothing in the record that establishes what Mr. Martin's participation and/or supervision of the Cardell Hayes case entailed, and thus, a genuine issue of material fact exists as

2

to whether Mr. Martin participated in and/or approved the Fake Subpoena sent to Ms. LaCroix." *See* Doc. No. 333 at 18.

Ms. LaCroix contends that her supplemental brief addresses "additional, highly relevant discovery that bec[ame] available to [her] after the filing" of Mr. Martin's summary-judgment motion (which was filed on January 12, 2021). *See* Doc. No. 380 at 4. However, only two of the 13 exhibits attached to her brief—Exhibits 3 and 4, deposition transcripts for Mr. Martin and Mr. Cannizzaro—became available to the Plaintiffs after the summary-judgment motion was filed. The other 11 exhibits were in the Plaintiffs' possession before Mr. Martin's summary-judgment motion was filed, in most cases for months or even years.[1] There is no reason why this evidence, and arguments based on this evidence, could not have been presented in Ms. LaCroix's opposition memorandum.[2] There is no reason why the new legal theories of liability raised in Ms. LaCroix's supplemental brief (fraud "through an intermediary" and fraud against a "class of persons") could not have been presented in her opposition memorandum, which would have allowed them to be addressed in Mr. Martin's reply brief and at oral argument. And there is no reason why this Court should excuse Ms. LaCroix's unexplained and unjustified failure to file an adequate opposition memorandum within the time allowed by the Court's rules.[3]

---

[1] Specifically, Exhibits 1, 5–8, and 10 were produced by the Defendants in discovery by August 2020 at the latest. Exhibits 2 and 9 are transcripts of depositions taken in 2020. And Exhibits 11–13 are media articles that were published in April 2017.

[2] In particular, the central fact upon which Ms. LaCroix relies—that Mr. Martin directed that a "DA subpoena" template be emailed to OPDA staff—has been known to the Plaintiffs for years. Indeed, a copy of that email is attached to their Second Amended Complaint. *See* Doc. No. 52 at 80–83.

[3] Ms. LaCroix requested and received an extension of the submission date to allow additional time to prepare an opposition. *See* Doc. Nos. 328, 329.

Finally, if the Court determines that Ms. LaCroix's supplemental brief should not be stricken, Mr. Martin respectfully requests leave to file a brief (not to exceed five pages) in response. Because Ms. LaCroix's supplemental brief includes citations to numerous legal authorities that have not previously been addressed in any of the briefing filed in this case, Mr. Martin submits that a short response would assist the Court in resolving the issues raised by his summary-judgment motion.

Respectfully submitted,

 /s/ Matthew J. Paul
Richard C. Stanley, 8487
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069

*Counsel for Graymond Martin*